UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.G.,

Plaintiff,

v.

KELLOGGSVILLE PUBLIC SCHOOLS, et al.,

Defendants.

Case No. 1:24-cv-833

Hon. Robert J. Jonker

## FED. R. CIV. P. 26(f) JOINT STATUS REPORT

The parties, by and through their counsel pursuant to Fed. R. Civ. P. 26(f), present to this Court the following Joint Discovery Plan.

A Rule 16 Scheduling Conference is scheduled for November 6, 2024, at 3:00 p.m., before the Hon. Judge Robert J. Jonker. Appearing for the parties as counsel will be: Elizabeth K. Abdnour for Plaintiff, Mark T. Ostrowski for Defendant Kelloggsville Public Schools, Travis Comstock for Defendant Kent Intermediate School District ("Kent ISD"), and Ticara D. Hendley and BreAnna J. Listermann for Defendant Michigan Department of Education.

1. <u>Jurisdiction</u>: Jurisdiction is conferred upon this Court by Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.,* Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794; pursuant to 28 U.S.C. § 1331, based upon the federal question raised herein; and pursuant to 28 U.S.C. § 1343. Defendant Kent ISD disputes the Court's jurisdiction over one or more of Plaintiff's federal claims. Defendant Kelloggsville

Public Schools does not contest jurisdiction. Defendant MDE disputes the Court's jurisdiction over one or more of Plaintiff's federal claims.

2. <u>Jury or Non-Jury</u>: This case is to be tried before a jury. Defendant Kelloggsville Public Schools does not believe a jury is appropriate in this case.

3. <u>Judicial Availability</u>: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. <u>Statement of the Case</u>:

**Plaintiff's Statement:** Plaintiff brings claims on behalf of her son, six-year-old G.G., who is diagnosed with multiple disabilities, including Autism Spectrum Disorder ("ASD"), severe cognitive impairment, oral phase dysphagia, idiopathic dysphagia, central nervous system complication, and pediatric feeding disorder. Since G.G. enrolled in Kelloggsville Public Schools ("KPS") in the Fall of the 2022-2023 school year, both KPS and Kent Intermediate School District ("ISD") fundamentally underestimated and failed to meet G.G.'s needs as a learner. Despite his mother L.G.'s persistent, vocal concerns about the inadequacy of G.G.'s accommodations and services and her repeated requests that KPS and Kent ISD update his IEP to include relevant information about his disabilities and related educational needs from his medical team, KPS and Kent ISD failed to provide him with appropriate special education services. These failures resulted in numerous violations of G.G.'s civil rights, including violations of the IDEA, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), Title II of the Americans with Disabilities Act ("ADA"), and the Persons with Disabilities Civil Rights Act ("PDCRA").

2

In November 2023, having unsuccessfully tried to get KPS and Kent ISD to meet her son's educational needs for over a year, L.G. filed a special education due process complaint against KPS, which was later amended to include Kent ISD. L.G.'s complaint alleged that KPS and Kent ISD had failed to provide G.G. with a free and appropriate public education ("FAPE") as required under the IDEA. Although both the IDEA and the Michigan Department of Education ("MDE") clearly articulate that ISDs, like local school districts, are required to provide students with disabilities with a FAPE under the IDEA and are required to provide appropriate supervision to the local school districts to which they provide funding, the special education due process hearing officer improperly dismissed Kent ISD from the due process proceeding. During the due process proceeding, L.G. learned that KPS and Kent ISD had engaged in unlawful predetermination regarding G.G.'s educational placement, meaning that they had made a placement decision for him without her participation and input, which violates the IDEA.

A due process hearing was held in March 2024 against KPS, after which the administrative law judge ("ALJ") issued a decision that failed to hold KPS accountable for the full range of its IDEA violations and failed to award G.G. with sufficient compensatory education hours to allow him to reclaim the education he had lost through KPS's failures. Thus, on behalf of G.G., Plaintiff now seeks a reversal of the ALJ's orders; sufficient compensatory education services to allow G.G. to reclaim the FAPE he was denied by KPS, Kent ISD, and MDE due to its failure to properly train and supervise its due process hearing officers; and other remedies. Plaintiff also seeks remedies for Defendants' discrimination against G.G. as a person with a disability.

**Defendants' Statements:**

A. **Defendant KPS:** Kelloggsville Public Schools denies that it failed to provide FAPE to L.G. It does not believe, however, that there is a legitimate basis to reverse the ALJ's decision in this matter. The remedy provided by the ALJ was appropriate and the decision should be enforced as written. Kelloggsville Public Schools denies that it has engaged in any illegal discrimination or that there is any merit to any of Plaintiff's claims.

B. **Defendant Kent ISD:** Kent ISD disputes that it had any obligation with respect to determining the appropriate placement for the Student for the 2023-24 school year. Kelloggsville Public Schools ("KPS") is the Student's district of residence and has the initial obligation of child find and determining the appropriate placement for the Student through the IDEA evaluation process and an Individualized Education Plan ("IEP") team meeting. KPS determined that its local programming provided FAPE to the Student. The ISD was not, as is required by the Cooperative Agreement between it and its local educational agencies such as KPS, invited to the IEP meeting at which this offer of FAPE was made to the Plaintiffs. The Plaintiffs' admitted this fact during the prior due process proceedings. The Kent ISD disputes the allegation of predetermination since it was not present at nor participated in the IEP meeting at which KPS made an offer of FAPE to the Student. The ALJ therefore properly dismissed the Plaintiffs' separately filed due process complaint against the ISD. Nor did the ISD discriminate against the Student because of or solely because of a disability. The Plaintiffs' claims against the ISD must therefore be dismissed.

4

    C. **Defendant MDE:** Plaintiff alleges that MDE violated the Individuals with Disabilities Act (IDEA), § 504 of the Rehabilitation Act (Rehabilitation Act), the Americans with Disabilities Act (ADA), and the Michigan Persons with Disabilities Civil Rights Act (PWDCRA). However, through conclusory statements, lists of statutes, and unfounded allegations, it is apparent that Plaintiff filed this action because she is dissatisfied with a due process decision by the Administrative Law Judge (ALJ) at the Michigan Office of Administrative Hearings (MOAHR) to dismiss her due process complaint against the Kent Intermediate School District (KISD) and to deny a majority of the counts listed in her due process complaint. The administrative hearing process provides Plaintiff with a remedy: an appeal of the due process decision from MOAHR to the federal court. Plaintiff's dissatisfaction with the decision in the administrative process does not give rise to a suit against MDE – which is clear because Plaintiff's Complaint is devoid of any allegations sufficient to prove Plaintiff's claims against MDE. The Complaint should be dismissed because Plaintiff has failed to state a claim under the IDEA, the Rehabilitation Act, and the ADA, or for money damages under the IDEA, or injunctive or declaratory relief. This matter should also be dismissed because the case is not ripe. Further, MDE is protected by Eleventh Amendment immunity from Plaintiff's PWDCRA and ADA claims.

5. Joinder of Parties and Amendment of Pleadings: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by January 13, 2025.

6. Disclosures and Exchanges: Plaintiff and Defendants Kent ISD and MDE recommend that discovery is stayed until decisions on motions to dismiss have been decided. Should the

5

Court order that discovery begin immediately, the parties recommend the following schedule:

a. Fed.R.Civ.P. 26(a)(1) initial disclosures: <u>December 20, 2024</u>.

b. Fed.R.Civ.P. 26(a)(2) expert disclosures:

   Plaintiff's expert disclosures: <u>April 4, 2025</u>.

   Defendant's expert disclosures: <u>May 2, 2025</u>.

   Rebuttal expert disclosures: <u>May 23, 2025</u>.

c. Fed.R.Civ.P. 26(a)(3) pretrial disclosures: <u>To be determined once trial has been scheduled</u>.

d. The parties have agreed to make available the following documents without the need of a formal request for production:

   i. **Plaintiff:** initial disclosures pursuant to FRCP 26.

   ii. **Defendant KPS:** Kelloggsville Public Schools does not anticipate providing any additional materials beyond those presented in the due process hearing outside the formal discovery process.

   iii. **Defendant Kent ISD:** initial disclosures pursuant to FRCP 26.

   iv. **Defendant MDE:** MDE plans to file a motion to dismiss as its first responsive pleading and so, would request that discovery be stayed until dispositive motions have been decided. If the Court rules otherwise, MDE agrees to produce a certified copy of the administrative record associated with this matter and initial disclosures pursuant to FRCP 26.

7. <u>Discovery</u>: Plaintiff and Defendants Kent ISD and MDE recommend that discovery is stayed until decisions on motions to dismiss have been decided. Should the Court order that discovery begin immediately, the parties recommend the following discovery plan: The parties believe that discovery proceedings may be completed by <u>August 31, 2025</u>.

Subjects of discovery: The parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, including, but not limited to, the facts identified in the Complaint; Plaintiff's educational experience at KPS and Kent ISD and Plaintiff's damages; Defendants' policies and practices with respect to ensuring compliance with the IDEA, the ADA, Section 504, and/or PWDCRA; Defendants' affirmative and other defenses; and all other relevant subject areas as necessary.

Initial disclosures: <u>December 20, 2024</u>.

Deposition deadline: <u>July 31, 2025</u>.

Written discovery deadline: <u>August 31, 2025</u>.

The presumptive limits for interrogatories (Rule 33(a) (25 single part questions)) and depositions (Rule 30(a)(2)(A) (10 depositions per side); Rule 30(d)(1) (one day of seven hours per witness)) should not be modified in this case.

<u>Disclosure or Discovery of Electronically Stored Information</u>: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The parties will discuss a proposed stand-alone stipulated protective order governing the handling of ESI as well as the handling of confidential information that may be produced in this litigation.

Assertion of Claims of Privilege or Work-Product Immunity After Production: The parties agree that claims of privilege or work product will not be waived in the event of any inadvertent disclosure of such information. The parties agree to deal with claims of privilege or work-product immunity in the manner set forth in Fed. R. Civ. P. 26(b)(5). If work product, attorney client, or trial preparation privileges are asserted and a document is withheld in its entirety, a privilege log will be contemporaneously prepared. If a document is redacted for privilege, the redaction shall state on its face the privileged claimed. As needed, the parties agree to develop in good faith a stipulated protective order covering claims of privilege or work-product. Both parties reserve the right to file a motion for protective order should they fail to agree to a stipulated order.

8. Motions: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

- **Plaintiff:** Daubert motions, motions in limine, motion for summary judgment
- **Defendant KPS:** intends to file a motion for summary judgment at the close of discovery seeking dismissal with prejudice of all Plaintiff's claims.
- **Defendant Kent ISD:** necessary and appropriate motions regarding discovery, motions in limine, motion to dismiss and motion for summary judgment.
- **Defendant MDE:** will file a motion to dismiss as its first responsive pleading on the following grounds: (1) Plaintiff has failed to state a claim pursuant to Fed. R.

8

> Civ. P. 12(b)(6) under the IDEA, the Rehabilitation Act, and the ADA, or for money damages under the IDEA, or injunctive or declaratory relief; (2) case is not ripe pursuant to Fed. R. Civ. P. 12(b)(1); and (3) MDE is protected by Eleventh Amendment immunity from Plaintiff's PWDCRA and ADA claims.

The parties anticipate that all dispositive motions will be filed by October 31, 2025.

9. Alternative Dispute Resolution: In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

Indicate what discovery, if any, is needed prior to conducting alternative dispute resolution in order to make alternative dispute resolution most effective. Indicate a preferred time frame for conducting alternative dispute resolution.

- **Plaintiff:** recommends voluntary facilitative mediation after motions for summary judgment are decided.

- **Defendant KPS:** recommends voluntary facilitative mediation after the close of discovery.

- **Defendant Kent ISD:** recommends voluntary facilitative mediation after the close of discovery.

- **Defendant MDE:** recommends voluntary facilitative mediation after the close of discovery.

10. Length of Trial: Counsel estimates the trial will last approximately 10 days total, allocated as follows: 5 days for plaintiff's case including rebuttal to each defendant's case, 2 days for Defendant KPS' case, 1 day for Defendant Kent ISD's case, and 2 days for Defendant MDE's case.

11. Prospects of Settlement: Settlement discussions have not occurred.

12. Electronic Document Filing System: Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se parties* (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must **file** documents electronically but **serve** *pro se* parties with paper documents in the traditional manner.

13. Other: N/A

Respectfully submitted,

*s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour (P78203)
Coriann Gastol (P74904)
ABDNOUR WEIKER LLP
500 E. Michigan Ave., Suite 130
Lansing, MI 48912
(517) 994-1776
liz@education-rights.com
coriann@education-rights.com

Matthew C. McCann (P85286)
MOSS & COLELLA, PC
28411 Northwestern Hwy., Suite 1150
Southfield, MI 48034
(248) 945-0100
mmccann@mosscolella.com

*Attorneys for Plaintiff*

*/s/ Mark T. Ostrowski*
Mark T. Ostrowski (P49761)
Jessica M. Stark (P80647)
Kluczynski, Girtz & Vogelzang
Attorneys for Defendant Kelloggsville PS
3033 Orchard Vista Dr. SE, Suite 308
Grand Rapids, MI 49546
(616) 559-8649
Email: marko@kgvlaw.com

*Attorneys for Defendant KPS*


*/s/ Travis Comstock*
GIARMARCO, MULLINS & HORTON, PC
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7036
tcomstock@gmhlaw.com
P72025

*Attorneys for Defendant Kent ISD*


/s/ *Ticara D. Hendley*
Ticara D. Hendley (P81166)
BreAnna J. Listermann (P87549)
Assistant Attorneys General
Attorneys for Defendant
Michigan Dept of Education
Health, Education & Family Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
hendleyt1@michigan.gov
ListermannB@michigan.gov

*Attorneys for Defendant MDE*