UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.G. o/b/o G.G.,

    Plaintiff/Appellant/Petitioner,        Judge Robert J. Jonker
                                                      Magistrate Sally J. Berens
v                                                                    No. 24-833

KELLOGGSVILLE PUBLIC SCHOOLS and      MOAHR Case No. DP-23-0017
KENT INTERMEDIATE SCHOOL DISTRICT,    MOAHR Case No. DP-24-0005

    Defendants/Appellees/ Respondents,
and

MICHIGAN DEPARTMENT OF EDUCATION,

    Defendant.
_____/

| | |
|---|---|
| ELIZABETH K. ABDNOUR (P78203) | TIMOTHY J. MULLINS (P28021) |
| CORIANN GASTOL (P74904) | TRAVIS M. COMSTOCK (P72025) |
| ABDNOUR WEIKER LLP | GIARMARCO, MULLINS & HORTON, P.C. |
| 500 E. Michigan Ave., Suite 130 | *Attorneys for Defendant, Kent ISD* |
| Lansing, MI 48912 | 101 W. Big Beaver Road, 10th Floor |
| (517) 994-1776 | Troy, MI 48084-5280 |
| liz@education-rights.com | (248) 457-7020 |
| coriann@education-rights.com | tmullins@gmhlaw.com |
| | tcomstock@gmhlaw.com |
| MATTHEW C. MCCANN (P85286) | |
| MOSS & COLELLA, PC | TICARA D. HENDLEY (P81166) |
| 28411 Northwestern Hwy., Suite 1150 | *Attorney for Michigan Dept of Education* |
| Southfield, MI 48034 | P.O. Box 30758 |
| (248) 945-0100 | Lansing, MI 48909-8258 |
| mmccann@mosscolella.com | Hendleyt1@michigan.gov |
| *Attorneys for Plaintiff* | BREANNA J. LISTERMANN (P87549) |
| | *Attorney for Michigan Dept of Education* |
| | 525 W. Ottawa St. |
| | Lansing, MI 48909 |
| | ListermannB@michigan.gov |

**DEFENDANT, KENT INTERMEDIATE SCHOOL DISTRICT'S MOTION
TO DISMISS COUNT I PURSUANT TO FED. R. CIV. P. 12(b)(1)**

**TABLE OF CONTENTS**

STANDARD OF REVIEW ................................................................................................4

PROCEDURAL AND FACTUAL BACKGROUND.............................................................5

Procedural Background.....................................................................................................5

Factual background ..........................................................................................................6

LEGAL ANALYSIS.............................................................................................................7

I.    Plaintiff's IDEA claim is untimely, and the Court lacks subject matter jurisdiction .....7

II.   Plaintiff fails to state a claim for relief under § 504 and the ADA .................................8

CONCLUSION..................................................................................................................12

# INDEX OF AUTHORITIES

*A.J.T. by & through A.T. v. Osseo Area Sch., Indep. Sch. Dist. No. 279*, 96 F.4th 1058 (8th Cir. 2024)..................................................................................................................11

*Amini v. Oberlin Coll.*, 259 F.3d 493502 (6th Cir. 2001)............................................................4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................................4,10

*Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545 (6th Cir. 2007) ...............5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 555 (2007) ....................................................................4,5

*Beth B. v. Van Clay*, 211 F. Supp. 2d 1020 (N.D. Ill. 2001)......................................................12

*Campbell v. Bd. of Educ. of Centerline Sch. Dist.*, 58 F. App'x 162 (6th Cir. 2003)...............11

*Cartwright v. Garner*, 751 F.3d 752 (6th Cir. 2014) ....................................................................4

*Cleveland Heights-Univ. Heights City Sch. Dist. v. Boss By & Through Boss*, 144 F.3d 391 (6th Cir. 1998) .......................................................................................................7,8

*G.C. v. Owensboro Pub. Schs.*, 711 F.3d 623 (6th Cir. 2013).....................................................9

*Jackson v. City of Columbus,* 194 F.3d 737 (6th Cir. 1999).......................................................4

*Johnson on behalf of X.M. v. Mount Pleasant Pub. Sch.*, No. 1:22-CV-12638, 2024 WL 3825196, (E.D. Mich. Aug. 14, 2024) ........................................................................9

*Knox Cnty., TN v. M.Q.*, 62 F.4th 978 (6th Cir. 2023) ................................................................9

*L.C. v. United States*, 83 F4th 534 (6th Cir. 2023) ....................................................................4

*L.G. o/b/o G.G. v. Kent Intermediate School District*, Docket No. 24-001329, Case No. DP-24-0005 .....................................................................................................................1

*Li v. Revere Loc. Sch. Dist.*, No. 21-3422, 2023 WL 3302062 (6th Cir. May 8, 2023) ........9,11

*Mahaffey ex rel. Mahaffey v. Aldrich*, 236 F. Supp. 2d 779 (E.D. Mich. 2002).........................8

*Maynard v. D.C.*, 579 F. Supp. 2d 137 (D.D.C. 2008)................................................................2

*Monahan v. State of Nebraska*, 687 F.2d 1164 (8th Cir.1982)..................................................11

*Northport Pub. Sch. V. Woods*, No. 1:11-CV-982, 2013 WL 435962
(W.D. Mich. Feb. 4, 2013).................................................................................................2,7

*Peterson v. City of Grand Rapids*, 182 F. Supp. 3d 750 (W.D. Mich. 2016) ............................1

*R.K. ex rel. J.K. v. Bd. Of Educ. Of Scott Cnty., Ky.*, No. 5:09-CV-344-JMH,
2014 WL 4277482 (E.D. Ky. Aug. 28, 2014)........................................................................1

*S.S. v. E. Ky. Univ.*, 532 F.3d 445 (6th Cir. 2008) ..................................................................8,9

*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002)....................................................................4

*U.S. ex rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968 (W.D. Mich. 2003 ..........................4

**Statutes**

20 U.S.C. § 1415(i)(2) ................................................................................................................12

20 U.S.C. § 1415(i)(2)(A), (B) ..........................................................................................2,3,6,7

29 U.S.C. § 794(a) ........................................................................................................................8

42 U.S.C. § 12132........................................................................................................................9

**State Regulation**

Mich. Admin. Code R. 340.1724f(7)...........................................................................................2

**Rules**

Fed. R. Civ. P. 12(b)(1)..........................................................................................................2,3,4

Fed. R. Civ. P. 12(b)(6)............................................................................................................2,4

**DEFENDANT, KENT INTERMEDIATE SCHOOL DISTRICT'S MOTION
TO DISMISS COUNT I PURSUANT TO FED. R. CIV. P. 12(b)(1)**

Defendant, Kent Intermediate School District ("the ISD"), moves to dismiss Plaintiff L.G.'s complaint appealing a decision in favor of the ISD in the Individuals with Disabilities Education Act "(IDEA") due process complaint and her claims under the Americans with Disabilities Act and Section 504 of Rehabilitation Act, and in support states as follows:

1. Plaintiff filed a due process complaint against Defendant/Appellee/Respondent Kelloggsville Public Schools ("KPS") on November 20, 2023. (ECF No. 1, PageID.3, ¶ 3 (*In re L.G. o/b/o G.G. v. Kelloggsville Public Schools*, Docket No. 23-034010, Case No. DP-23-0117); PageID.23, ¶ 166). (Exhibit 1, Decision and Order, Docket No. 23-034010, Case No. DP-23-0117).[1]

2. Plaintiff then filed a first amended due process complaint on January 11, 2024 adding the ISD. (ECF No. 1, PageID. 24, ¶ 169).

3. Critically, the ALJ bifurcated the first amended complaint and "assigned a **separate docket number**, Docket No. 24-001329" (emphasis added) to Plaintiff's allegations that the ISD violated the IDEA. (Exhibit 1, p. 2).

4. The ISD filed a motion to dismiss Plaintiff's **separately** docketed complaint on January 22, 2024. (ECF No. 1, PageID.25, ¶ 170). (Exhibit 2, *L.G. o/b/o G.G. v. Kent Intermediate School District*, Docket No. 24-001329, Case No. DP-24-0005).[2]

---

[1] Plaintiff extensively cites the Decision and Order in her Appeal of Right/Complaint. (See, e.g., ECF No. 1, PageID.30). However, she fails to attach that Decision and Order, which is central to her appeal here. A court properly considers documents attached to a defendant's motion to dismiss under Rule 12(b)(1) that factually attacks the Court's subject matter jurisdiction. *Peterson v. City of Grand Rapids*, 182 F. Supp. 3d 750, 753 (W.D. Mich. 2016) ("When reviewing a factual attack, 'a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts.'") (citation omitted).

[2] See footnote 1, *supra*.

5.      The ALJ issued a Decision and Order ("ISD Decision") on February 7, 2024 dismissing Plaintiff's complaint against the ISD. (ECF No. 1, PageID.26, ¶ 176).[3]

6.      The ALJ did not consolidate the two separately docketed complaints against different respondents.

7.      An appeal from an adverse due process decision must be filed with 90-days of the date of the decision. 20 USC 1415(i)(2)(B). This is the same deadline under Michigan law. *Northport Pub. Sch. v. Woods*, No. 1:11-CV-982, 2013 WL 435962, at *2 (W.D. Mich. Feb. 4, 2013) (citing Mich. Admin. Code R. 340.1724f(7) (now R. 340.1724(4))).

8.      The deadline for Plaintiff to appeal the February 7, 2024 ISD Decision was May 7, 2024.

9.      Plaintiff filed her appeal with this Court on August 12, 2024, beyond the 90-day deadline to appeal the ISD Decision.

10.     Count I as against the ISD must therefore be dismissed because this Court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). *Northport*, *supra*; *Maynard v. D.C.*, 579 F. Supp. 2d 137, 140 (D.D.C. 2008).

11.     Counts III and IV as against the ISD fail to state a claim upon which this Court can grant relief. Fed. R. Civ. P. 12(b)(6). Plaintiff fails to allege any intentional discrimination and a failure to accommodate theory fails at the *prima facie* stage because the Complaint does not allege that she requested any reasonable accommodation from the ISD. The ISD was never invited to an IEP meeting by KPS to be allowed to consider placement at one of its center based programs. Lacking any input on KPS's decision, the ISD cannot have acted with bad faith or gross

---

[3] Notably, the ISD Decision recognized that "Petitioner's Amended Complaint was also filed against Kelloggsville Public Schools and **assigned a separate docket number**, Docket No. 23-034010.") (emphasis added).

2

misjudgment. Plaintiff's claims under the ADA and § 504 therefore fail and must be dismissed.

WHEREFORE Defendant/Appellee/Respondent Kent ISD requests that the Court dismiss Count I as to it for lack of subject matter jurisdiction.

/s/TRAVIS M. COMSTOCK
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant Kent ISD
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7036
tcomstock@gmhlaw.com
P72025

DATED:  November 1, 2024

### BRIEF IN SUPPORT OF DEFENDANT KENT INTERMEDIATE SCHOOL DISTRICT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)

Defendant/Appellee/Respondent Kent Intermediate School District ("the ISD") moves to dismiss Count I of Plaintiff/Appellant/Petitioner L.G.'s appeal/complaint as against the ISD because she failed to file this appeal/complaint prior to the expiration of the 90-day period set in forth in 20 U.S.C. § 1415(i)(2)(B). Thus, as a factual matter this Court lacks subject matter jurisdiction over Count I to the extent it is asserted against the ISD, and the ISD must be dismissed from that Count. Fed. R. Civ. P. 12(b)(1).

Plaintiff also fails to state a claim for relief under the ADA and § 504. She fails to allege any intentional discrimination. Her allegations complain only of violations by KPS. The ISD was not invited, as per the Cooperative Agreement between the ISD and its constituent school districts, to an IEP meeting at which placement at a program operated by the ISD was considered for the Student. She further fails to allege that she made any request for an accommodation from the ISD with respect to that process. Lastly, she fails to allege any bad faith or gross misjudgment. Having not been invited to consider placement at one of its programs, the ISD cannot have acted with either bad faith or gross misjudgment. Counts III and IV must therefore be dismissed because they

3

fail to state claims for relief as against the ISD.

## STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(1) challenging the factual basis for subject matter jurisdiction, "a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *L.C. v. United States*, 83 F4th 534, 542 (6th Cir. 2023) (citation omitted). "Plaintiff bears the burden of establishing that subject matter jurisdiction exists." *Cartwright v. Garner*, 751 F.3d 752, 760 (6th Cir. 2014) (citation omitted).

When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint or are central to the claims contained therein. See *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir. 2001). Public records and government documents are generally considered "not to be subject to reasonable dispute." *Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999), *overruled in part on other grounds, Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508–14 (2002). Public records and government documents from reliable sources on the Internet qualify under the above rule. *U.S. ex rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

With respect to Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). This facial plausibility standard requires claimants to put forth "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the requisite elements of

their claims. *Twombly*, 550 U.S. at 557. While a complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555) (internal citations omitted).

Court must accept the factual allegations in a complaint as true, *Twombly*, 550 U.S. at 556, but the presumption of truth does not apply to a claimant's legal conclusions, *Ashcroft*, 556 U.S. at 678. Therefore, to survive a motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555) (internal citations and quotations omitted).

## PROCEDURAL AND FACTUAL BACKGROUND

*Procedural Background*

In the administrative proceedings below, Plaintiff filed a due process complaint against Defendant/Appellee/Respondent Kelloggsville Public Schools ("KPS") on November 30, 2023. (ECF No. 1, PageID.23, ¶ 166). This was assigned Docket No. 23-034010 and Case No. DP-23-0117 by the Michigan Office of Administrative Hearings and Rules. (Exhibit 1, p. 1). Plaintiff later filed a first amended due process complaint adding the ISD. (Id., PageID.24, ¶ 169).

However, the ALJ "assigned a **separate docket number**, Docket No. **24-001329**" to Plaintiff's claims against the ISD. (Exhibit 1, p. 2) (emphasis added). (See also Exhibit 2, Decision and Order ("the ISD Decision"), Docket No. 24-001329, Case No. DP-24-0005). The ISD filed a motion to dismiss Plaintiff's claims on January 22, 2024. (ECF No. 1, PageID.24, ¶ 170). Plaintiff admits that the ALJ issued the ISD Decision on February 7, 2024 granting the ISD's motion to dismiss. (Id., PageID.26, ¶ 176; Exhibit 2). In the ISD Decision, the ALJ again pointed out that

5

Plaintiff's claims against KPS were separately docketed. She stated that Plaintiff's "Amended Complaint was also filed against Kelloggsville Public Schools and was **assigned a separate docket number**, Docket No. 23-034010." (Exhibit 2, p. 1, n. 2 (emphasis added)).

The IDEA permits an aggrieved party to file a civil action within 90 days of the date of the decision. 20 U.S.C. § 1415(i)(2)(A), (B). The 90-day time period expired on May 7, 2024. Plaintiff did not file the instant appeal/complaint until August 12, 2024, over three months **after** the expiration of the 90-day period.

*Factual background*

The minor, G.G. ("the Student"), "has a number of disabilities" including Autism Spectrum Disorder, severe cognitive impairment, and other disabilities and physical limitations. (ECF No. 1, PageID.10, ¶¶ 46-51). Plaintiff enrolled the Student at KPS at the start of the 2022-23 school year. (Id., PageID.11, ¶ 62). KPS provided IDEA programs and services to the Student under various IEPs. (Id., PageID.11-21). KPS made an offer of FAPE to the Student for the 2023-24 school year that included placement in its ASD program/classroom. (Id., PageID. 21, ¶¶ 151-53). Plaintiff disagreed with proposed FAPE placement and suggested placement at a program operated by the ISD. (Id., PageID.22, ¶ 157). Plaintiff then elected to withdraw the Student from KPS and "made alternative educational arrangements" for the Student at a non-public school. (Id., PageID.23, ¶ 163).

Plaintiff alleges that KPS made a decision that the ISD's Pine Grove Learning Center was not the appropriate placement for the Student. (Id., PageID.28, ¶¶ 190-92). Plaintiff further contends that "KPS and/or Kent ISD" allegedly predetermined the Student's placement at KPS' ASD program. (Id., PageID.29, ¶ 197; PageID.30, ¶ 201). Plaintiff's Complaint expressly references the Cooperative Agreement (Exhibit 3) between the ISD and its constituent local school

districts such as KPS and asserts it is central to her claims of discrimination and that the ALJ's decision dismissing the ISD was erroneous. (PageID.28, ¶ 196; PageID.31, ¶ 208, PageID.44, ¶¶ 229; PageID.52, ¶ 268.e; PageID.55, ¶ 279.e). The Cooperative Agreement clearly states that placement at programs operated by the ISD or other local school districts requires a determination "by an IEP . . . Team meeting[.]" (Exhibit 3, p 2). It further clearly states that if a local school district such as KPS is considering placing a resident student in a program not operated by KPS, then "the Resident District [KPS] shall invite the potential Operating District [the ISD] to the placement meeting of the IEP . . . Team . . . ." (Id., p. 3). The Plaintiff admits that the ISD was never invited to an IEP Team placement meeting by KPS. (ECF No. 1, PageID.28, ¶ 195).

## LEGAL ANALYSIS

I. **Plaintiff's IDEA claim is untimely, and the Court lacks subject matter jurisdiction.**

There can be no reasonable factual dispute that the Plaintiff failed to timely file a civil action after the dismissal of the Plaintiff's **separately docketed** due process complaint against the ISD. The ALJ bifurcated Plaintiff's first amended due process complaint, that added claims against the ISD, into **separate** docket and case numbers. (Exhibit 1, p. 2). The ALJ then issued a separate decision on Plaintiff's due process complaint against the ISD on February 7, 2024. (Id.; ECF No. 1, PageID.44, ¶ 226).

The IDEA permits an aggrieved party to file a civil action within 90 days of the date of the decision. 20 U.S.C. § 1415(i)(2)(A), (B). See also *Northport Pub. Sch. v. Woods*, No. 1:11-CV-982, 2013 WL 435962, at *2 (W.D. Mich. Feb. 4, 2013). As this Court has previously stated, "if a party does not comply with the applicable deadlines for filing an IDEA appeal, then the district court must dismiss the case for a lack of subject-matter jurisdiction." *Id*., at *4 (citing *Cleveland Heights-Univ. Heights City Sch. Dist. v. Boss By & Through Boss*, 144 F.3d 391, 397 (6th Cir.

7

1998) (holding that plaintiffs cross-appeal from state education agency decision was filed "seventy-eight days after the decision was issued" when the deadline was 45 days, the cross-appeal "was indeed untimely[,]" and therefore the district court lacked jurisdiction over that appeal). The facts in the Complaint, and the ALJ decisions, are clear that the Plaintiff failed to timely appeal the dismissal of her separately docketed due process complaint against the ISD by May 7, 2024, which was the 90th day following the issuance of the decision. This Court therefore lacks jurisdiction over Count I and it must be dismissed as against the ISD. *Boss*, 144 F.3d at 397.

## II. Plaintiff fails to state a claim for relief under § 504 and the ADA

Counts III and IV of Plaintiffs complaints allege disability discrimination claims under Section 504 of the Rehabilitation Act ("§ 504") and the Americans with Disabilities Act ("ADA"). But Plaintiff fails to allege the requisite bad faith or gross misjudgment by the ISD. Her claims therefore fail and must be dismissed as against the ISD.

To establish an ADA or Section 504 claim, Plaintiff must plead plausible facts that give rise to an inference that W.F. was subject to discrimination "by reason" of his disability. *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 453 (6th Cir. 2008). A plaintiff alleging violations of either of the two statutes must first establish a *prima facie* case. That is, they must establish "1) that he is a person with a disability; 2) that he is qualified for the educational opportunity that he seeks despite his disability; and 3) in spite of these qualifications, he has not been given an equal opportunity to secure a similar education as other persons." *Mahaffey ex rel. Mahaffey v. Aldrich*, 236 F. Supp. 2d 779, 790 (E.D. Mich. 2002) (citation, internal quotes, and internal modification omitted).

The standards under the two statutes are similar. For a § 504 claim, a plaintiff must show that the discrimination or exclusion was done "**solely by** reason of his or her disability[.]" *Id*. (quoting 29 U.S.C. § 794(a) (emphasis added)). The ADA requires a showing that the

discrimination is "by reason of [a] disability[.]" 42 U.S.C. § 12132. Outside of § 504's use of the word "solely" and that a defendant must be a federally funded entity, "the reach and requirements of both statutes are precisely the same." *S.S. v. E. Kentucky Univ.*, 532 F.3d 445, 452–53 (6th Cir. 2008) (citation omitted). An additional hurdle for a plaintiff alleging a § 504 or an ADA violation is that they must prove "either bad faith or gross misjudgment." *Li v. Revere Loc. Sch. Dist.*, No. 21-3422, 2023 WL 3302062, at *12 (6th Cir. May 8, 2023) (citing *G.C. v. Owensboro Pub. Schs.*, 711 F.3d 623, 635 (6th Cir. 2013)).

"A plaintiff may allege disability discrimination under two available theories: intentional discrimination and failure to reasonably accommodate." *Knox Cnty., TN v. M.Q.*, 62 F.4th 978, 1000 (6th Cir. 2023). "An intentional discrimination claim lies where the defendant treated someone less favorably on account of his disability; '[p]roof of discriminatory motive is critical." *Id.* (citation omitted). A "failure-to-accommodate" claim requires Plaintiff to meet a *prima facie* case demonstrating "(a) the defendant reasonably could have accommodated his disability but refused to do so; (b) this failure to accommodate impeded the plaintiff's ability to participate in, or benefit from, the subject program; (c) the requested accommodation was reasonable; and (d) the provided accommodation was unreasonable. Moreover, when reviewing this latter 'failure-to-accommodate' disability discrimination claim, courts defer to 'school administrators' educational expertise in reviewing the reasonableness of their selected accommodations.'" *Johnson on behalf of X.M. v. Mount Pleasant Pub. Sch.*, No. 1:22-CV-12638, 2024 WL 3825196, at *21 (E.D. Mich. Aug. 14, 2024) (appeal filed) (citations omitted).

Plaintiff's Complaint does not include any allegations of intentional discrimination. Plaintiff fails to allege any "discriminatory motive" on the part of the ISD. Nor that this discriminatory motive was the but for (ADA) or sole reason (§ 504) for the unfavorable treatment.

The Cooperative Agreement required that KPS invite the ISD to a placement IEP meeting. As Plaintiff admits, KPS did not do that because it offered placement for the Student at its own ASD program and classroom. Lacking the ability to even consider placement at the ISD's program (Pine Grove), there is no plausible factual allegation that could support the ISD having acted intentionally with a discriminatory motive. The reason for the Student not being placed at Pine Grove was because the ISD did not get the opportunity to weigh in on the placement options, not that it chose to not place the Student because of or solely because of their disabilities. The Plaintiff fails to state a claim because there is simply no decision by the ISD that can plausible be alleged to have been made with intentional discriminatory animus regarding placement of the Student.

When considering the failure to accommodate theory, Plaintiff's claim fails at the first element – she does not allege that she requested of the ISD any reasonable accommodation. And on the second element – that the ISD refused an unasked-for reasonable accommodation. She does not allege that she made a request to the ISD to consider placement for the Student outside the Cooperative Agreement's framework and process. In this context, it is also clear that deference is owed to KPS's educators' decision in the first instance that placement in its own ASD program provided FAPE to the Student.

Moreover, Plaintiff's allegations in Counts II and III are conclusory and lack specific factual bases for the "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). The Complaint allegations are nothing more that parroting of the statutory or regulatory language. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

But even if the Plaintiff could make out a *prima facie* case, she fails to allege bad faith or gross misjudgment. The Sixth Circuit reiterated that in the context of § 504 and ADA claims,

"something more than a mere failure to provide the free appropriate education required by [the IDEA] must be shown." *Li v. Revere Loc. Sch. Dist.*, No. 21-3422, 2023 WL 3302062, at *13 (6th Cir. May 8, 2023). Counts II and III essentially claim that the Student was denied access to the ISD Pine Grove program and thus was denied FAPE. But this alleges nothing more than that Plaintiff thinks a different placement should have occurred. This is insufficient to allege bad faith or gross misjudgment.

The Sixth Circuit has approvingly cited *Monahan v. State of Nebraska*, 687 F.2d 1164, 1171 (8th Cir.1982), and its discussion of what is not sufficient to meet this high bar:

> [T]he educational placement of such children is often necessarily an arguable matter. That a court may, after hearing evidence and argument, come to the conclusion . . . that a different placement must be required under [IDEA], is not necessarily the same thing as holding that a handicapped child has been discriminated against solely by reason of his or her handicap.

*Campbell v. Bd. of Educ. of Centerline Sch. Dist.*, 58 F. App'x 162, 167 (6th Cir. 2003). Thus, so long as the ISD "exercised professional judgment, in such a way as not to depart grossly from the accepted standards among educational professionals," (*id*.) then there is no liability under the ADA or § 504. Stated differently more recently by the 8th Circuit, the ISD's "'statutory non-compliance must deviate so substantially from accepted professional judgment, practice, or standards as to demonstrate that [it] acted with wrongful intent.'" *A.J.T. by & through A.T. v. Osseo Area Sch., Indep. Sch. Dist. No. 279*, 96 F.4th 1058, 1061 (8th Cir. 2024) (citation omitted). The *Osseo* decision noted that the bad faith and gross misjudgment standard is a "high bar" that exceeds the deliberate indifference standard in other disability discrimination contexts. *Id*., n. 2.[4]

---

[4] Courts in this Circuit have earlier stated that deliberate indifference (alleged only by Plaintiff with respect to the ADA claim (ECF No. 1, PageID.55, ¶ 281) is a "lesser" standard than bad faith and gross misjudgment that is required under the Sixth Circuit's more recent holding in *Li*. See, e.g., *R.K. ex rel. J.K. v. Bd. of Educ. of Scott Cnty., Ky.*, No. 5:09-CV-344-JMH, 2014 WL 4277482, at *10 (E.D. Ky. Aug. 28, 2014) (also applying this "lesser deliberate indifference standard" because the parties agreed that was appropriate), *aff'd*, 637 F. App'x 922 (6th Cir. 2016).

11

The facts asserted in the Complaint show that the ISD exercised appropriate professional judgment by adhering to the requirements in the Cooperative Agreement by respecting KPS's own professional judgment that placement should be at KPS rather than at Pine Grove. There is no allegation of a gross or substantial deviation from what the Cooperative Agreement provides as the process for involving the ISD in a placement decision outside a local school district. Plaintiff's complaint admits that KPS did not invite the ISD to an IEP meeting to discuss or consider placement options. Having a mere "quarrel" about placement is insufficient for an ADA or § 504 claim where a district, here KPS, believed in good faith that its placement was the best for the Student. *Beth B. v. Van Clay*, 211 F. Supp. 2d 1020, 1035 (N.D. Ill. 2001), aff'd, 282 F.3d 493 (7th Cir. 2002).

Because Plaintiff fails to meet her *prima facie* burden and fails to allege that the Kent ISD, as opposed to possibly KPS, acted with bad faith or gross misjudgment, Counts II and III fail to state a claim and these Counts should be dismissed.

## CONCLUSION

Plaintiff filed this civil action on August 12, 2024, more than three months after her May 7, 2024 deadline under 20 U.S.C. § 1415(i)(2). The Court therefore lacks jurisdiction over Count I as asserted against the ISD. Counts II and III fail to state claims for which this Court can grant relief because the Plaintiff fails to allege intentional discrimination, cannot meet her *prima facie* burden for a failure to accommodate claim, and, even if those two hurdles were overcome, fails to allege bad faith or gross misjudgment with respect to the ISD's lack of any decision as to the Student's placement due to the KPS not inviting the ISD to its placemen IEP meeting. The Court should therefore grant the ISD's motion and dismiss it with prejudice from this action.

/s/TRAVIS M. COMSTOCK
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant, Kent ISD

DATED: November 1, 2024

# CERTIFICATE OF ELECTRONIC SERVICE

TRAVIS M. COMSTOCK states that on November 1, 2024, he did serve a copy of **Defendant, Kent Intermediate School District's Motion to Dismiss Count I Pursuant to Fed. R. Civ. P. 12(b)(1)** via the United States District Court electronic transmission.

/s/TRAVIS M. COMSTOCK
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant, Kent ISD
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7036
tcomstock@gmhlaw.com
P72025