UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.G. o/b/o G.G.,

      Plaintiff/Appellant/Petitioner,      No. 1:24-cv-833

v                            HON. ROBERT J. JONKER

KELLOGGSVILLE PUBLIC SCHOOLS    MAG. SALLY J. BERENS
and KENT INTERMEDIATE SCHOOL
DISTRICT,                     **BRIEF IN SUPPORT OF**
                              **DEFENDANT MICHIGAN**
      Defendants/Appellees/Respondents,  **DEPARTMENT OF EDUCATION'S**
and                        **MOTION TO DISMISS**
                              **PLAINTIFF'S COMPLAINT**
MICHIGAN DEPARTMENT OF
EDUCATION,

      Defendant.

---

Elizabeth K. Abdnour (P78203)
Coriann Gastol (P74904)
ABDNOUR WEIKER LLP
Attorneys for Plaintiff/Appellant/
Petitioner
500 E. Michigan Ave., Suite 130
Lansing, MI 48912
(517) 994-1776
liz@education-rights.com
coriann@education-rights.com

Matthew C. McCann (P85286)
MOSS & COLELLA, PC
Attorney for Plaintiff/Appellant/
Petitioner
28411 Northwestern Hwy., Suite 1150
Southfield, MI 48034
(248) 945-0100
mmccann@mosscolella.com

Mark T. Ostrowski (P49761)
Jessica M. Stark-Flechsig (P80647)
Kyle J. Zielinski (P83962)
KLUCZYNSKI, GIRTZ & VOGELZANG
Attorneys for Defendant/Appellee/
Respondent Kelloggsville Public Schools
3033 Orchard Vista Drive, S.E., Suite 308
Grand Rapids, MI 49546
(616) 559-8649
marko@kgvlaw.com

Timothy J. Mullins (P28021)
Travis Comstock (P72025)
GIARMARCO, MULLINS & HORTON, P.C.
Attorneys for Defendant/Appellee/
Respondent Kent Intermediate School
District
Tenth Floor Columbia Center
101 West Big Beaver Road
Troy, MI 48084
(248) 457-7036

Ticara D. Hendley (P81166)
BreAnna J. Listermann (P87549)
Assistant Attorneys General
Attorneys for Defendant
Michigan Dept of Education
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI  48909
(517) 335-7603
hendleyt1@michigan.gov
ListermannB@michigan.gov

---

**BRIEF IN SUPPORT OF DEFENDANT MICHIGAN DEPARTMENT OF EDUCATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

<u>Page</u>

Table of Contents ................................................................................................. iii

Index of Authorities .............................................................................................. iv

Introduction ........................................................................................................... 1

Statement of Facts ................................................................................................. 3

Standard of review ................................................................................................. 7

Argument ................................................................................................................ 8

I.       Plaintiff failed to state a claim against MDE for which relief can be granted, and this case should be dismissed under Federal Rule of Civil Procedure 12(b)(6). ....................................................................................... 8

      A.      Plaintiff fails to state a claim against MDE for a violation of the IDEA. ............................................................................................. 8

      B.      Plaintiff fails to state a claim against MDE for a violation of the ADA and Rehabilitation Act. ............................................................. 12

II.     Plaintiff's claims are not ripe for judicial review, and this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). ............. 15

III.    Eleventh Amendment immunity bars Plaintiff's PWDCRA and ADA claims against MDE ..................................................................................... 18

Certificate of Compliance ..................................................................................... 21

Certificate of Service ............................................................................................ 22

# INDEX OF AUTHORITIES

Page

## Cases

*Adams v. Sch Bd of Anoka-Hennepin Indep. Sch Dist.*
*No. 11*, No. 02-991, 2002 U.S. Dist. LEXIS 22444 (D. Minn. Nov. 18, 2002) ...... 10

*Anderson v. City of Blue Ash,*
798 F.3d 338 (6th Cir. 2015) ................................................................. 13

*Armengau v. Cline,*
7 F. App'x 336 (6th Cir. 2001) ............................................................... 5

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ...................................................................... 7, 11

*Babcock v. Michigan,*
812 F.3d 531 (6th Cir. 2016) ............................................................ 19, 20

*Bigelow v. Mich. Dep't of Natural Res.,*
970 F.2d 154 (6th Cir. 1992) ................................................................ 15

*Campbell v. Bd. of Educ. of the Centerline Sch. Dist.,*
58 Fed. Appx. 162 (6th Cir. 2003) .................................................... 12, 13, 14

*Canton Bd of Ed v. NB ex rel MB,*
343 F. Supp. 2d 123 (D. Conn, 2004) ....................................................... 11

*Carnwath v. Grasmick,*
115 F Supp 2d 577 (D. Md., 2000) .......................................................... 10

*Carr v. Dep't of Pub Instruction,* No.
17-cv-413, 2018 U.S. Dist. LEXIS 28441 (W.D. Wis. Feb. 22, 2018) ................... 11

*Carten v. Kent State Univ.,*
282 F.3d 391 (6th Cir. 2002) ................................................................ 18

*Corey H. by Shirley P. v. Board of Educ.,*
995 F. Supp. 900 (N.D. Ill. 1998) ........................................................... 9

*D.R. v. Michigan Department of Education,*
No. 16-13694, 2017 WL 4348818, (E.D. Mich. Sept. 29, 2017) ....................... 9, 11

*Doe v. Arizona Dep't of Educ.,*
111 F.3d 678 (9th Cir. 1997) ............................................................... 9

*Donald v Sybra, Inc,*
667 F.3d 757 (6th Cir. 2012) ............................................................. 15

*Gohl v. Livonia Pub. Schs.,*
134 F. Supp. 3d 1066 (E.D. Mich. 2015) ........................................... 12

*Grace Cmty. Church v. Lenox Twp.,*
544 F.3d 609 (6th Cir. 2008) ............................................................. 15

*Insomnia, Inc. v. City of Memphis,*
278 F. App'x 609 (6th Cir. 2008) ....................................................... 15

*J.M. v. Tenn Dep't of Ed.,*
358 F. Supp. 3d 736 (M.D. Tenn. 2018) .............................................. 9

*K.D. ex rel. J.D. v. Starr,*
55 F. Supp. 3d 782 (D. Md. 2014) ..................................................... 13

*Kalliope R. v. N.Y. State Dep't of Educ.,*
827 F. Supp. 2d 130 (E.D.N.Y. 2010) ................................................. 9

*Ky. Press Ass'n, Inc. v. Ky.,*
454 F.3d 505 (6th Cir. 2006) ............................................................. 15

*Lawson v. Shelby Cnty., Tenn.,*
211 F.3d 331 (6th Cir. 2000) ............................................................. 18

*Lynch v. Leis,*
382 F.3d 642 (6th Cir. 2004) ............................................................... 6

*Michigan Southern RR Co. v. Branch & St Joseph Counties Rail Users Ass'n Inc,*
287 F.3d 568 (6th Cir. 2002) ............................................................... 8

*Moir v. Greater Cleveland Reg'l Transit Auth,*
895 F.2d 266 (6th Cir. 1990) ............................................................... 8

*Monahan v. Nebraska,*
687 F.2d 1164 (8th Cir. 1982) ........................................................... 12

*Nichols v. Muskingum College,*
318 F.3d 674 (6th Cir. 2003) ............................................................... 8

*Pennhurst State School & Hosp v. Halderman*,
   465 U.S. 89 (1984) ................................................................. 18

*Rodic v. Thistledown Racing Club, Inc.*,
   615 F.2d 736 (6th Cir. 1980) ........................................... 6, 8

*Rumburg v. Sec'y of the Army*,
   No. 10-11670, 2011 WL 1595067 (E.D. Mich. Apr. 27, 2011) ............................. 12

*S.S. v. E. Ky. Univ.*,
   532 F. 3d 445 (6th Cir 2008) ........................................... 12

*Sellers ex rel. Sellers v. School Board of Manassas, Virginia*,
   141 F.3d 524 (4th Cir.1998) ............................................ 12

*Seminole Tribe of Florida v. Florida*,
   517 U.S. 44 (1996) .......................................................... 18

*T.M. v. Mich. Dep't of Educ.*,
   No. 1:23-cv-762 2024 U.S. Dist. LEXIS 148521 (W.D. Mich. Aug. 20, 2024) ...... 17

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) .......................................................... 5

*Traverse Bay Area Intermediate School Dist. v. MDE*,
   2007 WL 2219352 (W.D.M.I. 2007) ............................. 9

*United States v. Georgia*,
   546 U.S. 151 (2006). ......................................................... 19

*Zdrowski v. Rieck*,
   119 F. Supp. 3d 643 (E.D. Mich. 2015) ....................... 12

## Statutes

20 U.S.C. § 1401(26) ............................................................... 3

20 U.S.C. § 1401(29) ............................................................... 3

20 U.S.C. § 1401(9) ................................................................. 3

20 U.S.C. § 1412 ...................................................................... 4

20 U.S.C. § 1412(a)(1) ............................................................ 3

20 U.S.C. § 1412(a)(2) ............................................................ 3

20 U.S.C. § 1412(a)(4) ............................................................... 3

20 U.S.C. § 1413 ....................................................................... 4

20 U.S.C. § 1415 .................................................................... 4, 5

20 U.S.C. § 1416 .................................................................... 4, 9

Mich. Compl. L. § 381.1, *et seq* ............................................. 4

**Rules**

Administrative Code Rule 340.1724f ......................................... 4

Federal Rule Civil Procedure 12(b)(1) ............................... 1, 7, 8

Federal Rule Civil Procedure 12(b)(6) .......................... 1, 5, 7, 11

Mich. Admin. Code R. 340.1724f(2) ......................................... 4

Mich. Admin. Code R. 340.1724f(6) ......................................... 4

Mich. Admin. Code R. 340.1724f(7) ......................................... 4

## INTRODUCTION

Plaintiff L.G. (Plaintiff), on behalf of minor G.G., brings this suit against the Michigan Department of Education (MDE), Kelloggsville Public Schools (KPS), and Kent Intermediate School District (KISD). Plaintiff alleges that MDE violated the Individuals with Disabilities Act (IDEA), § 504 of the Rehabilitation Act (Rehabilitation Act), the Americans with Disabilities Act (ADA), and the Michigan Persons with Disabilities Civil Rights Act (PWDCRA).

Plaintiff filed this action because she is dissatisfied with a due process decision by the Administrative Law Judge (ALJ) at the Michigan Office of Administrative Hearings (MOAHR) to dismiss her due process complaint against KISD and to deny a majority of the counts listed in her due process complaint against KPS.

The IDEA provides for an appeal of an ALJ's decision to federal court. But, Plaintiff's dissatisfaction with the decision in the administrative process does not give rise to a suit against MDE. Plaintiff's Complaint is also devoid of any allegations sufficient to plead a claim against MDE. The Complaint should be dismissed under Federal Rule Civil Procedure 12(b)(6) because Plaintiff failed to state a claim under the IDEA, the Rehabilitation Act, and the ADA, or for money damages under the IDEA, or for injunctive or declaratory relief. Pursuant to Federal Rule Civil Procedure 12(b)(1), the case should also be dismissed because the case is not ripe. Further, MDE is protected by Eleventh Amendment immunity from Plaintiff's PWDCRA and ADA claims.

1

Accordingly, while Plaintiff is entitled to appeal the ALJ's decision through this action against KPS, all claims against MDE should be dismissed.

## STATEMENT OF FACTS

### MDE's Regulatory Background

Plaintiff's claims are based primarily on requirements found in the IDEA to provide free appropriate public education (FAPE) in the least restrictive environment.  The IDEA provides federal money to assist states in educating children with disabilities.  To qualify for federal assistance, a state education agency (SEA) demonstrates in a federally approved plan that it has policies and procedures in effect assuring that all children with disabilities residing in the state have access to a FAPE in the least restrictive environment tailored to the unique needs of each child by means of an individualized education program (IEP).  *See* 20 U.S.C. §§ 1412(a)(1), (2), (4).  The SEA in Michigan is MDE.

The IDEA defines FAPE to include "special education and related services." 20 U.S.C. § 1401(9).  "Special education" is "specially designed instruction, at no cost to parents, to meet the unique needs of a child with a disability[.]"  20 U.S.C. § 1401(29).  And "related services" are supportive services that "may be required to assist a child with a disability to benefit from special education[.]"  20 U.S.C. § 1401(26).

A local school education agency (LEA) is eligible for assistance under the IDEA on a fiscal-year basis if it submits a plan to the SEA that ensures, first, the LEA has policies, procedures, and programs in effect providing for the education of children with disabilities within its jurisdiction, consistent with the SEA's policies and procedures and, second, assures the funds provided will be properly expended.

3

20 U.S.C. §§ 1412, 1413.  In other words, the SEA manages and provides oversight to the system, and the LEA implements the plan providing the education directly to students.  The SEA has only general supervisory and monitoring responsibilities under the IDEA.  *See* 20 U.S.C. § 1416.  In Michigan, there is an entity between the SEA and the local school districts that are the LEAs – the Intermediate School Districts (ISD).  The ISDs ensure the provision of FAPE, and the local school districts provide it.  *See* Mich. Compl. L. § 381.1, *et seq.*

Under the IDEA, each SEA must also create and maintain procedures to ensure that children with disabilities and their parents have access to procedural safeguards with respect to the provision of FAPE, including the opportunity for any party to present a due process complaint relating to the identification, evaluation, or educational placement of the child, or the provision of FAPE.  20 U.S.C. § 1415.  Michigan implements and maintains the due process requirements of the IDEA through the procedures set forth in Administrative Code Rule 340.1724f.  A due process complaint that is filed with MDE is referred to the administrative hearing system, and the case is decided by an independent hearing officer (ALJ) that is housed at the Michigan Department of Licensing and Regulatory Affairs (LARA).  Decisions of the ALJs are subject to review and appeal in federal court.  Mich. Admin. Code R. 340.1724f(2), (6), and (7).

**G.G.**

G.G. is a six-year-old student diagnosed with multiple disabilities, including autism spectrum disorder, severe cognitive impairment, oral phase dysphagia, idiopathic dysphagia, central nervous system complication, and pediatric feeding disorder. (Complaint, PageID.2, ¶ 1.)

G.G. was enrolled in KPS during the 2022-2023 school year. (*Id.* ¶ 2.) While G.G. was a student there, he had an IEP due to his reported disabilities. (*Id.*) KPS—as the LEA—was responsible for providing a FAPE to G.G. *See* 20 U.S.C. § 1415. Plaintiff, G.G.'s mother, alleges this did not happen. (Complaint, PageID.3, ¶ 3.) As a result of those allegations, on November 30, 2023, Plaintiff filed a due process complaint against KPS and, on December 1, 2023, the complaint was referred to MOAHR. (Complaint, PageID.23, ¶ 166.) On January 11, 2024, Plaintiff filed an amended due process complaint and a Request for Due Process Hearing against KPS and KISD on January 11, 2024. (Complaint, PageID.24, ¶ 169.)

On January 22, 2024, KISD filed a motion to dismiss, which was granted on February 7, 2024, indicating Plaintiff's failure to state a claim. (Complaint, PageID.26, ¶¶ 176-178; Exhibit 1, Decision and Order dated February 7, 2024.) [1]

---

[1] As set forth in the Standard of Review, *infra*, the Court can properly consider the additional exhibits MDE attaches for purposes of this motion because the Complaint expressly references the ALJ decisions, and even quotes from such, and the exhibit forms the basis for the Plaintiff's claims. *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001). The Court may also take judicial notice of other court's records. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a

Specifically, the ALJ notes, the provision of a FAPE is the responsibility of the local school district, and there is nothing to establish that KISD contracted with the local school district to assume any responsibility for the provision of any necessary special education services to this particular student. (*Id*.) [Plaintiff's] due process complaint failed to state a claim against KISD upon which relief can be granted. (*Id*.)

In March 2024, the due process complaint hearing was held against KPS, and on May 15, 2024, the ALJ issued a decision recognizing that KPS denied G.G. a FAPE based on KPS' failure to provide G.G. with a speech generating device before February 2023. (Complaint, PageID.28, 30, ¶¶ 188, 202–203; Exhibit 2, Decision and Order dated May 15, 2024.) The ALJ found that KPS committed procedural violations that did not rise to the level of an IDEA violation and dismissed the remaining claims. (Complaint, PageID.28, 30, ¶¶ 188, 202–203; Exhibit 2, Decision and Order dated May 15, 2024, pp 79–80.) As is Plaintiff's right, she filed an appeal of that decision through the Complaint in the instant case. (See Complaint, PageID.43-45, ¶¶ 225-233.)

Plaintiff's disagreement with the May 15, 2024 decision also led Plaintiff to include MDE as a party to their appeal alleging MDE failed to properly train and supervise its due process hearing officers. (Complaint, PageID.3, ¶ 7.) This action

---

court may take judicial notice"); *Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004) ("as they are court records, this court may take judicial notice of them"); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) ("Federal courts may take judicial notice of proceedings in other courts of record.").

also alleges MDE as the SEA, committed:  (1) violations of IDEA (Complaint, PageID.45-48, at ¶¶ 234-256), (2) violations of Section 504 of the Rehabilitation Act (*id.* at PageID.49-52, ¶¶ 257-268), (3) violations of the ADA (*id.* at PageID.52-55, ¶¶ 269-284), and (4) violations of the Michigan Persons with Disabilities Civil Right Act (*id.* at PageID.56-57, ¶¶ 285-291.)  As described below, all of these claims are subject to dismissal.

## STANDARD OF REVIEW

"To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This "plausibility" review is "a context-specific task" requiring the reviewing court to determine if the plaintiff has not just "alleged," but pleaded facts sufficient to "show[]" an entitlement to relief that is actually plausible, and not merely "conceivable" or "possible."  *Id.* at 679-80.  "[F]acts that are merely consistent with a defendant's liability" are not enough.  *Id.* at 678.  And, in making this assessment, courts are only to consider facts that are truly well pleaded; they are not to take as true "legal conclusions," including when "couched as a factual allegation," nor "mere conclusory statements" or "naked assertions devoid of further factual enhancement."  *Id.* at 678–79.

Rule 12(b)(1) allows dismissal for lack of jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1).  Lack of subject matter jurisdiction may be asserted at any time, either in a pleading or in a motion.  Fed. R. Civ. P. 12(b)(1).  "Where subject

matter jurisdiction is challenged, the plaintiff has the burden of providing jurisdiction in order to survive the motion." *Michigan Southern RR Co. v. Branch & St Joseph Counties Rail Users Ass'n Inc*, 287 F.3d 568, 573 (6th Cir. 2002) (citing *Moir v. Greater Cleveland Reg'l Transit Auth*, 895 F.2d 266, 269 (6th Cir. 1990)). "In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003).

## ARGUMENT

### I.    Plaintiff failed to state a claim against MDE for which relief can be granted, and this case should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

In order to survive a motion to dismiss, the complaint must offer more than "a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Here, Plaintiff failed to do so for the claims under the IDEA, the ADA, and the Rehabilitation Act, and thus failed to state a claim for the relief requested. Thus, Plaintiff's claims fail, and the Complaint should be dismissed.

### A.    Plaintiff fails to state a claim against MDE for a violation of the IDEA.

Count I fails to state a claim on which relief can be granted because Plaintiff's allegations do not meet *Iqbal*'s pleading standard. A SEA has only

8

general supervisory and monitoring responsibilities under the IDEA.  *See* 20 U.S.C. § 1416.  The IDEA is silent as to the causes of action an individual may bring against the SEA as it relates to these supervisory responsibilities.  However, courts have limited suits against the SEA to those where the SEA's action or failures led to the denial of the student's FAPE.  *See D.R. v. Michigan Department of Education*, No. 16-13694, 2017 WL 4348818, *9 (E.D. Mich. Sept. 29, 2017) *J.M. v. Tenn Dep't of Ed.*, 358 F. Supp. 3d 736, 748 (M.D. Tenn. 2018).  For example, a SEA may be a proper defendant in a lawsuit that challenges a systemic violation of the IDEA where that systemic failure leads to a denial of FAPE.  *See e.g.*, *Kalliope R. v. N.Y. State Dep't of Educ.*, 827 F. Supp. 2d 130, 141 n.3 (E.D.N.Y. 2010); *Traverse Bay Area Intermediate School Dist. v. MDE*, 2007 WL 2219352 (W.D.M.I. 2007)*; Corey H. by Shirley P. v. Board of Educ.*, 995 F. Supp. 900, 913 (N.D. Ill. 1998).  A claim is systemic if it "implicates the integrity or reliability of the IDEA dispute resolution procedures" or "requires restructuring the education system itself."  *Doe v. Arizona Dep't of Educ.*, 111 F.3d 678, 682 (9th Cir. 1997).  A claim is not systemic if it "involves only a substantive claim having to do with limited components of a program, and if the administrative process is capable of correcting the problem."  *Id*.  Here, Plaintiff has failed to plead that the actions of MDE were a systemic failure that led to the alleged denial of Plaintiff's FAPE.

The limited allegations provided by Plaintiff indicates that MDE failed to properly train and provide oversight of the hearing officers.  (Complaint, PageID.47-48, ¶¶ 248-255.)  But Plaintiff's assertion fails for two reasons.  Plaintiff alleges that

the ALJ assigned to the case at MOAHR inappropriately analyzed an issue before the court.  (*Id*. at PageID.48, ¶¶ 252–255.)  Effectively, what Plaintiff proffers is that because Plaintiff did not wholly prevail at the administrative hearing, MDE failed to properly train and supervise its ALJs.  In fact, Plaintiff's actions show that MDE's process is working – Plaintiff filed a due process complaint, Plaintiff had a hearing with an ALJ at MOAHR regarding the complaint, and a decision was issued.  Plaintiff did not agree with the ALJ's decision and appealed it here, where the appeal to review the substantive issues and the record is pending.  (*Id*. at PageID.3, ¶ 7.)  Plaintiff's dissatisfaction with the ALJ's analysis already has a remedy – to pursue the appeal, not to file a baseless claim against MDE.  A possible incorrect analysis by one ALJ is not a widespread systemic failure of MDE to implement and follow the IDEA.  Further, Plaintiff does not allege anything regarding the amount of training MDE does, or does not, provide ALJs.  Thus, Plaintiff failed to plead any actual violations of the IDEA regarding the hearing process.

Several courts have dismissed similar claims under the IDEA where the allegations were about an ALJ's knowledge, practice, skill, or training.  *See e.g.*, *Carnwath v. Grasmick*, 115 F Supp 2d 577, 582-83 (D. Md., 2000) (finding that knowledge and competence claims must be dismissed because there is no federal right to a competent or knowledgeable ALJ); *Adams v. Sch Bd of Anoka-Hennepin Indep. Sch Dist. No. 11*, No. 02-991, 2002 U.S. Dist. LEXIS 22444, at *8– 9 (D. Minn. Nov. 18, 2002) (holding that Plaintiff needed to show a systemic problem with

the SEA's dispute resolution system, and that allegations of untrained ALJs was insufficient to support a claim); *D.R. v. Michigan Department of Education*, No. 16-13694, 2017 WL 4348818, *9 (E.D. Mich. Sept. 29, 2017) (finding that allegations relating to a hearing officer did not show that the SEA neglected its duties to ensure that IDEA requirements are met); *Carr v. Dep't of Pub Instruction,* No. 17-cv-413, 2018 U.S. Dist. LEXIS 28441, at *13 (W.D. Wis. Feb. 22, 2018) (dismissing a lawsuit against the SEA for failure to state a claim where Plaintiff alleged that the ALJ was not impartial); *Canton Bd of Ed v. NB ex rel MB,* 343 F. Supp. 2d 123, 128-29 (D. Conn, 2004) (finding that allegations of the SEA's failure to train ALJs was not the result of a systemic failure where the allegations were limited to one ALJ for one student).  Like these other cases, this Court should find that Plaintiff has failed to state a claim under the IDEA by making broad conclusory statements about MDE's training and supervision of the ALJ.

Here, since the ALJ's finding is limited to the specific action or inaction taken by KPS and there are no allegations that MDE separately took some action that denied G.G. a FAPE, MDE cannot be found to have denied Plaintiff a FAPE.  If Plaintiff disagrees with that finding of the ALJ, then the proper course is to pursue the appeal, not to bring a separate suit against MDE.  Thus, Plaintiff's dissatisfaction with the due process decision of the ALJ does not amount to a systemic violation of the IDEA.  Plaintiff's conclusory statements are not sufficient to survive a Rule 12(b)(6) motion.  *Iqbal*, 556 U.S. at 678-79.  Consequently, Count I must be rejected.

**B.      Plaintiff fails to state a claim against MDE for a violation of the ADA and Rehabilitation Act.**

Claims under Title II of the ADA and § 504 are routinely analyzed similarly because they require comparable elements.  *Gohl v. Livonia Pub. Schs.*, 134 F. Supp. 3d 1066, 1074 (E.D. Mich. 2015) (citing *S.S. v. E. Ky. Univ.*, 532 F. 3d 445, 452-453 (6th Cir. 2008)).  To state a valid claim under both statutes, Plaintiffs must show that:  (1) The plaintiff is a 'handicapped person' under the Act; (2) The plaintiff is 'otherwise qualified' for participation in the program; (3) The plaintiff is being excluded from participation in, or being denied the benefits of, or being subjected to discrimination under the program solely by reason of his handicap; and (4) The relevant program or activity is receiving Federal financial assistance.  *Campbell v. Bd. of Educ. of the Centerline Sch. Dist.*, 58 Fed. Appx. 162, 165 (6th Cir. 2003).

Under § 504, Plaintiffs must also allege facts showing that the alleged wrongful conduct was solely based on disabilities.  A mixed motive is insufficient to establish a claim under the Rehabilitation Act.  *Monahan v. Nebraska*, 687 F.2d 1164, 1170 (8th Cir. 1982); *Rumburg v. Sec'y of the Army*, No. 10-11670, 2011 WL 1595067, at *6 (E.D. Mich. Apr. 27, 2011).  In the context of cases involving children who receive benefits pursuant to the IDEA, plaintiffs must show "either bad faith or gross misjudgment" before a violation can be shown.  *Id*. at 1171; *Zdrowski v. Rieck*, 119 F. Supp. 3d 643, 666 (E.D. Mich. 2015).  But allegations of negligence, standing alone, are insufficient.  *Sellers ex rel. Sellers v. School Board of Manassas, Virginia*, 141 F.3d 524, 529 (4th Cir.1998).  Nor is it sufficient to label conduct in a conclusory

12

manner as having been performed in bad faith or with gross misjudgment. *K.D. ex rel. J.D. v. Starr*, 55 F. Supp. 3d 782, 790 (D. Md. 2014) (citations omitted).

Here, Plaintiff broadly alleges that Defendants as a collective "discriminated against G.G." (Complaint, PageID.51–52, ¶ 268, PageID.53–54, ¶ 274.) This language is conclusory; and Plaintiff does not parse out any distinguishable actions (or inactions) that could be attributable to MDE alone. And while Plaintiff alleges that MDE "fail[ed] to properly train and supervise special education due process hearing officers in their obligations under IDEA," the Complaint is devoid of facts that MDE's purported failure to provide proper training and supervision of ALJs is solely because Plaintiff is alleged to be disabled. (*Id.* at PageID.52, ¶ 268(f), PageID.55, ¶ 279(f).) Therefore, Plaintiff failed to plead the requisite discriminatory animus, and this claim fails as a matter of law.

For similar reasons, Plaintiff also fails to state a claim under the ADA. Under Title II, Plaintiff must also allege and that MDE "took action because of [Plaintiff's] disability, *i.e.,* the [p]laintiff must present evidence that animus against the protected group was a significant factor in the position taken [by defendants.]" *Anderson v. City of Blue Ash,* 798 F.3d 338, 357 (6th Cir. 2015) (quotation marks and citations omitted). And to prove that MDE's failure to provide a child with FAPE was discriminatory, Plaintiff must allege that MDE acted in "bad faith or with gross misjudgment." See, *Campbell*, 58 F. App'x at 167.

13

Here, Plaintiff fails to plead MDE's alleged discriminatory animus. The remaining actions Plaintiff claims support discrimination are the responsibility of the LEA—not MDE. (See Complaint, PageID.52, ¶ 268(a)–(e), PageID.54–55, ¶¶ 279(a)-(e).) And there are no allegations that MDE took any of these actions related to G.G. because MDE was not the LEA. MDE became involved with G.G. when the due process complaint process was utilized by Plaintiff; a complaint process that exists to ensure MDE is addressing any issues that may arise from an LEA's compliance, or lack thereof, with the IDEA. Thus—far from discriminating against students with disabilities—MDE has established a review system to address the needs of students with disabilities. And Plaintiff does not provide any allegations that MDE's purported failure to train the ALJs or more closely supervise the ALJs is based on any discriminatory conduct or motive.

Moreover, Plaintiff does not claim that Plaintiff must allege that MDE acted in bad faith or with gross misjudgment to prove that MDE's failure to provide a child with FAPE was discriminatory. *See Campbell v. Bd. of Educ. of Centerline Sch. Dist.*, 58 F. App'x 162, 167 (6th Cir. 2003). However, Plaintiff fails to do so and alleges that MDE denied Plaintiff "the opportunity to participate in or benefit from education services…." and "denied G.G. education services that are as effective in affording equal opportunity to obtain the same result…as that provided other similarly situated nondisabled students." (Complaint, PageID.54-55, ¶ 279.) These statements are vague and allege no bad faith or gross misjudgment. The facts as alleged by Plaintiff show no bad faith or gross misjudgment since Plaintiff is still

offered a remedy:  the opportunity to file the appeal with the federal district court to have the decision of the ALJ reviewed.  Accordingly, the requisite discriminatory animus does not exist, and this claim fails as a matter of law.[2]

## II.   Plaintiff's claims are not ripe for judicial review, and this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

The ripeness doctrine requires that the jurisdiction of the federal courts be limited to actual cases and controversies.  *Bigelow v. Mich. Dep't of Natural Res.*, 970 F.2d 154, 157 (6th Cir. 1992).  The doctrine is "designed 'to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements.'"  *Ky. Press Ass'n, Inc. v. Ky.*, 454 F.3d 505, 509 (6th Cir. 2006) (citation omitted).

Generally, ripeness is analyzed according to three factors:  (1) the likelihood of the alleged harm; (2) the sufficiency of the factual record "to produce a fair adjudication of the merits of the parties' respective claims"; and (3) the resulting "hardship to the parties if judicial relief is denied at this stage in the proceedings."  *Grace Cmty. Church v. Lenox Twp.,* 544 F.3d 609, 615 (6th Cir. 2008) (quoting *Insomnia, Inc. v. City of Memphis*, 278 F. App'x 609, 612 (6th Cir. 2008)).

---

[2] Likewise, Plaintiff's PWDRCA claims fails as a matter of law.  The PWDCRA "substantially mirrors the ADA, and resolution of a plaintiff's ADA claim will generally, though not always, resolve the plaintiff's PWDCRA claim."  *Donald v Sybra, Inc*, 667 F.3d 757, 763 (6th Cir. 2012) (internal citations omitted).

On the facts pled, Plaintiff does not meet any of the factors required to demonstrate ripeness for its claims against MDE.  The case against MDE should be dismissed for lack of ripeness because Plaintiff has not yet completed the administrative process to establish a violation of a FAPE that could in any way be tied to MDE.  It was already determined by the ALJ that Plaintiff was denied a FAPE when KPS failed to obtain a speech generating device for G.G. and the appropriate remedy was issued.  (Exhibit 2, Decision and Order dated May 15, 2024.)  But Plaintiff does not claim that this finding and the associated remedy had anything to do with MDE, or a purported lack of training for the ALJs.  The remaining claims in Plaintiff's due process complaint were dismissed as no further violations of IDEA were found.  (Exhibit 2, Decision and Order dated May 15, 2024.)  Thus, at this point, MDE, as the SEA who has the supervisory role of the education system, cannot be determined to have denied Plaintiff's FAPE on these remaining claims.  In essence, if KPS or KISD did not violate the requirement to provide a FAPE in the remaining claims, it is impossible for MDE to have failed in its obligations under the IDEA.  Put another way, if the ALJ's decision is upheld, Plaintiff cannot claim the ALJs are not sufficiently trained or supervised.  Hence, Plaintiff's remedy is her appeal of the due process decision—i.e., the claims against KPS and KISD in this matter—and that process should be finalized before any claim can be asserted against MDE.  Only if Plaintiff can establish a denial of a FAPE by KPS or KISD, could Plaintiff then plead—let alone establish—a claim against MDE.

16

Applying the ripeness factors, under the first factor, there is no harm to Plaintiff if the case against MDE is dismissed because Plaintiff still has the remedy afforded to her by the IDEA—the appeal process of her ALJ decision.  Second, Plaintiff has failed to plead any facts to allege that she has suffered any harm because of MDE's actions.  As noted above, Plaintiff has failed to plead that there is a systemic failure under the IDEA regarding the hearing process or that the process is somehow discriminatory.  An ALJ has already found that, while G.G. was denied a FAPE, it was limited to KPS' actions in failing to comply with G.G's IEP—an issue bearing no relevance to Plaintiff's claims against MDE based on training and supervising the ALJs.  (*Id*.)  MDE cannot be found to have denied a FAPE to Plaintiff because there was no action nor inaction on the part of MDE related to this denial of a FAPE.  Third, a dismissal will not cause harm to Plaintiff for the reasons already stated.  If Plaintiff succeeds in its claims against KPS and/or KISD, she could then proceed against MDE if the then-established denial of a FAPE could somehow be tied to MDE's action.

Judge Maloney recently dismissed a similar case against MDE, finding that the claims were unripe.  *See T.M. v. Mich. Dep't of Educ.*, No. 1:23-cv-762 2024 U.S. Dist. LEXIS 148521 (W.D. Mich. Aug. 20, 2024) (attached as Exhibit 3).  Like here, in *T.M.*, the plaintiff—a student with an IEP—sued MDE, claiming MDE violated FAPE by failing to properly train and supervise the ALJ who had heard the plaintiff's due process complaint.  *Id*. at *2.  The ALJ had found no denial of FAPE and had an ongoing appeal against the LEA in a case in the Eastern District.  *Id*.

17

Judge Maloney held that, because the direct appeal was still pending, the claims against MDE were not ripe for adjudication. *Id.* at *3. While here, Plaintiff seeks to combine her appeal against KPS and KISD with her claims against MDE, the same analysis from *T.M.* applies. Adjudication of the appeal is necessary before any claim can be levied against MDE.

Accordingly, Plaintiff's claims against MDE should be dismissed as unripe.

## III. Eleventh Amendment immunity bars Plaintiff's PWDCRA and ADA claims against MDE.

The Eleventh Amendment provides states and their agencies immunity from suit by private citizens in federal courts. U.S. Const. amend. XI; *Lawson v. Shelby Cnty., Tenn.*, 211 F.3d 331, 334 (6th Cir. 2000). The Eleventh Amendment bars this Court's jurisdiction over claims against the State of Michigan, or its agencies, whatever the nature of the relief requested unless expressly waived by either Congress or the State. *Pennhurst State School & Hosp v. Halderman*, 465 U.S. 89, 99-101 (1984); *Seminole Tribe of Florida v. Florida,* 517 U.S. 44 (1996*); Carten v. Kent State Univ.*, 282 F.3d 391, 397 (6th Cir. 2002).

Here, MDE has not waived sovereign immunity for any of Plaintiff's state-law claims or Plaintiff's federal claims.

As for Plaintiff's state claim under the PWDCRA, the Supreme Court held that a plaintiff may not pursue a state law claim in federal court against a state agency or department. *Pennhurst*, 465 U.S. at 106. Pennhurst also holds that the doctrine of pendent jurisdiction does not override the Eleventh Amendment. *Id.*

18

Since the State of Michigan and MDE have not waived its Eleventh Amendment immunity here, Plaintiff cannot maintain a cause of action under the PWDCRA (i.e., state law) in federal court.  This Court should dismiss Plaintiff's PWDCRA claims in Count V.

As for the federal ADA claims, the general rule is that Congress abrogated Eleventh Amendment immunity under the ADA, but that abrogation is not unlimited.  *Babcock v. Michigan*, 812 F.3d 531, 534 (6th Cir. 2016).  Rather, courts must determine, on a claim-by-claim basis, (1) which aspects of the state's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress' purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.  *United States v. Georgia*, 546 U.S. 151, 159 (2006).

Under the first prong of *Georgia*, the Plaintiff must identify conduct that violates the ADA.  *Babcock v. Michigan*, 812 F.3d 531, 538 (2016).  Here, Plaintiff failed to do that.  Plaintiff asserts generally that MDE violated the ADA  "… by denying him access to equal educational opportunities afforded to students without disabilities, by excluding him from participation in and denying him the benefits of their services, programs and activities, and by subjecting him to discrimination." (Complaint, Page.ID.56, ¶ 283.)  The only other allegation Plaintiff asserts regarding the ADA claim is that MDE "[f]ail[ed] to properly train and supervise special education due process hearing officers in their obligations under the IDEA.

19

(*Id.* at Page.ID.55, ¶ 134.)  For Plaintiff, it is not that G.G. was denied access to services administered by MDE; rather, Plaintiff disagrees with the decision of the ALJ.  Nowhere in the Complaint does it allege that G.G. was denied services, programs, or activities because of his disability except where Plaintiff makes broad conclusory statements.

For the reasons stated more fully above, Plaintiff has failed to plead sufficient facts necessary to state a claim under Title II of the ADA.  Because Plaintiff has failed to show that Plaintiff was denied access to services, programs, or activities due to disability, and failed to allege the necessary elements of a Title II claim, Plaintiff cannot show that MDE's alleged conduct violated Title II of the ADA under the *Georgia* test.  Accordingly, Plaintiff's claim under Title II of the ADA is barred by the Eleventh Amendment.  *Babcock*, 812 F.3d at 5.

## CONCLUSION AND RELIEF REQUESTED

Plaintiff has failed to state a claim for violations of the IDEA, the ADA, and the Rehabilitation Act. Moreover, Plaintiff's claims are not ripe for judicial review. Finally, MDE is protected by Eleventh Amendment immunity, which bars Plaintiff's PWDCRA and ADA claims against MDE. Accordingly, MDE respectfully request this Court dismiss Plaintiff's Complaint.

Respectfully submitted,

/s/ *Ticara D. Hendley*
Ticara D. Hendley (P81166)
BreAnna J. Listermann (P87549)
Assistant Attorneys General
Attorneys for Defendant MDE
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI  48909
(517) 335-7603

Dated: November 4, 2024

## CERTIFICATE OF COMPLIANCE

Defendant Michigan Department of Education, in compliance with 7.2(b)(i) used 5,112 words in its Brief in Support of its Motion to Dismiss.  Microsoft Word Office 365 is the word processing software used to generate the word count in the above brief.

/s/ *Ticara D. Hendley*
Ticara D. Hendley (P81166)
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2024, I electronically filed the above

document and Defendant's Motion to Dismiss using the ECF System which will

send notification of such to all represented parties.

/s/ *Ticara D. Hendley*
Ticara D. Hendley (P81166)
Assistant Attorney General