# EXHIBIT 3

No *Shepard's* Signal™
As of: November 4, 2024 4:09 PM Z

# T.M. v. Mich. Dep't of Educ.

United States District Court for the Western District of Michigan, Southern Division

August 20, 2024, Decided; August 20, 2024, Filed

No. 1:23-cv-762

**Reporter**
2024 U.S. Dist. LEXIS 148521 *

T.M., Plaintiff, v. MICHIGAN DEPARTMENT OF EDUCATION, Defendant.

## Core Terms

ripe, argues

**Counsel:** [*1] For T. M., plaintiff: Jacquelyn N. Kmetz, Barger & Gaines, Irvington, NY; Renee Allison Stromski, Abdnour Weiker, LLP (OH), Columbus, OH; Elizabeth Kamm Abdnour, Abdnour Weiker, LLP (MI), Lansing, MI.

For Michigan Department of Education, defendant: Kathleen Ann Halloran, MI Dept Attorney General (Detroit), Cadillac Place, Detroit, MI; Kelly Anne Carter, MI Dept Attorney General (Health/Education/Family Srvcs), Education & Social Services Division, Lansing, MI.

**Judges:** Honorable Paul L. Maloney, United States District Judge.

**Opinion by:** Paul L. Maloney

## Opinion

### ORDER RESOLVING MOTION TO DISMISS

This matter comes before the court on Defendant Michigan Department of Education's motion to dismiss. (ECF No. 8). Plaintiff, T.M., filed a response in opposition. (ECF No. 11). Defendant filed a reply. (ECF No. 14). The court will grant the motion because this matter is not yet ripe.

### I. Background

This case concerns the adequacy of Michigan Department of Education's due process hearings within the Michigan Office of Administrative Hearings and Rules ("MOAHR"). Plaintiff, T.M., is a young adult with disabilities.[1] T.M. attended the Detroit Public Schools Community District ("District"), and she graduated in June 2022.

Plaintiff's [*2] mother filed a due process hearing request and complaint against the District on April 12, 2021. The Michigan Department of Education referred the complaint to MOAHR. T.M.'s complaint did not receive a decision until January 13, 2022, which was 621 days after her April 2021 filing date. Plaintiff asserts that the Michigan Department of Education ("MDE") failed to properly oversee and train MOAHR staff. Plaintiff pleads that MDE's oversight (1) caused the delay in the issuance of a decision on her complaint and (2) also accounts for the allegedly erroneous decision issued by the Administrative Law Judge ("ALJ"). Before this lawsuit was filed, Plaintiff appealed the ALJ's decision in the United States District Court for the Eastern District of Michigan after the ALJ found that T.M. was not denied a free and appropriate public education. *See T.M. v. Detroit Pub. Schs. Cmty. Dist.*, No. 2:23-cv-10852 (E.D. Mich.).

Defendant MDE moved to dismiss Plaintiff's complaint on several grounds. Defendant moved under Rule 12(b)(6), raised a prudential standing argument, and raised *Eleventh Amendment* Immunity.

### II. Legal Standard

"Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature [*3] adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to

---

[1] The complaint alleges that T.M. has been diagnosed with "Sickle Cell Anemia, ADHD, developmental delays, and speech and language delays." (ECF No. 1 at PID 2).

protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Nat'l Park Hosp. Ass'n v. Dep't of Interior, 538 U.S. 803, 807-08, 123 S. Ct. 2026, 155 L. Ed. 2d 1017 (2003)* (quoting *Abbott Laboratories v. Gardner, 387 U.S. 136, 148-49, 87 S. Ct. 1507, 18 L. Ed. 2d 681 (1967)*). Courts "evaluate (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Nat'l Park Hosp. Ass'n, 538 U.S. at 808*. See also *Syron v. ReliaStar Life Ins. Co., 506 F. App'x 500, 503 (6th Cir. 2012)*; *Warshak v. United States, 532 F.3d 521, 525 (6th Cir. 2008)*). An agency decision "is not ordinarily considered the type of agency action 'ripe' for judicial review . . . until the scope of the controversy has been reduced to more manageable proportions, and its factual components fleshed out, by some concrete action applying the regulation to the claimant's situation in a fashion that harms or threatens to harm him. *Nat'l Park Hosp. Ass'n, 538 U.S. at 808*.

### III. Analysis

The issue before this court is whether this action is ripe for judicial review while the direct appeal process is currently pending in the Eastern District of Michigan. The court concludes that this case is not ripe.

A. Hardship to the Parties

Hardship depends on the examination of the case and each parties' interests. *Ohio Forestry Ass'n, Inc. v. Sierra Club, 523 U.S. 726, 726, 118 S. Ct. 1665, 140 L. Ed. 2d 921 (1998)*. The record reflects that Plaintiff has graduated from school **[*4]** and that there is no ongoing denial of Plaintiff's statutory right to a free and appropriate public education. Defendant does not argue that it faces harm with delay.

Plaintiff argues that "there will be harm to the disabled community, as their cases will be unable to be properly analyzed and discrimination will continue to occur." (ECF No. 11 at PID 167). But the entire disabled community is not privy to this suit. The court rejects this argument.

Plaintiff argues that she will continue to experience substantial hardship because of her diminished reading, writing, and math skills, which she attributes to Defendant's failings. Plaintiff does not allege that she intends to retake her high school classes. In her complaint, Plaintiff seeks money damages, a declaratory judgment, and a permanent injunction directing Defendant to "implement appropriate policies, procedures, training, and protocols to remedy the failures alleged herein with respect to Plaintiff." (ECF No. 1 at PID 22-23). None of these remedies would immediately reverse Plaintiff's diminished reading, writing, and math skills.

Plaintiff relies on *Doster v. Kendall, 615 F. Supp. 3d 741(S.D. Ohio 2022)*, where a district court denied a defendant's motion to dismiss and rejected the **[*5]** defendant's ripeness argument. A group of active duty and active reservist Airmen sought an injunction against the Air Force to enjoin the mandatory Covid-19 vaccine policy. *Id. at 744*. The Airmen alleged constitutional violations of their right to free exercise of religion. *Id. at 745*. As it rejected the defendant's ripeness argument, the court explained that the record was "sufficiently developed" because of the "numerous declarations and evidence in support of their positions, and multiple additional filings regarding the status of each Plaintiff's religious accommodation request." *Id. at 747-48*.

This matter can be easily distinguished from *Doster*. The cases are factually distinct and do not raise similar claims. The Airmen plaintiffs in *Doster* were also facing "serious repercussions" by refusing to get the Covid-19 vaccine including potential "adverse administrative actions, non-judicial punishment, administrative demotions, admirative discharges, and courts-martial." *Id. at 747*. *Doster* contemplated the imminent threats associated with denying the vaccine. In contrast, Plaintiff's alleged harm, if true, has already been done. The remedy she seeks will not be burdened by waiting for the Eastern District to resolve the direct appeal.

B. Fit **[*6]** For Review

The inquiry here asks whether further factual development would "significantly advance [the court's] ability to deal with the legal issues presented." *Duke Power Co. v. Carolina Env't Study Group, Inc., 438 U.S. 59, 82, 98 S. Ct. 2620, 57 L. Ed. 2d 595 (1978)*. Defendant argues that the Eastern District's review of the ALJ's decision on whether Plaintiff was provided a free and appropriate public education constitutes an outstanding issue that makes this case unripe. Defendant argues that this court and the Eastern District Court could issue conflicting opinions: the Eastern District Court could uphold the ALJ's determination and this court could issue a remedy to Plaintiff regarding that same process. For her part, Plaintiff argues that her

appeal in the Eastern District is not material to this case because Plaintiff's complaint alleges systemic issues relating to the ALJ's knowledge and ability as well as the timeliness of her original appeal process.

In the court's judgment, this matter is not yet ripe. The key concern here is that this court and the Eastern District could issue conflicting rulings. If Plaintiff were to succeed in this action, it would necessarily undermine the procedural process, which is still ongoing. There is substantial overlap between Plaintiff's direct **[*7]** appeal in the Eastern District and this case as both suits arise out of the same set of facts and circumstances. Plaintiff's systemic claim regarding the adequacy of the ALJ's knowledge and training rests on what she views as an inadequate opinion from the ALJ. The adequacy of the ALJ's opinion is squarely before the Eastern District. Adjudicating a collateral matter in this court could have negative implications beyond the scope of this case.

Additionally, the Eastern District's review of the ALJ decision will have at least some probative value relating to one of Plaintiff's claims. Plaintiff alleges that the ALJ did not apply the correct standard. (ECF No. 1 at PID 9). If the Eastern District agrees with the ALJ's decision, then it makes it less likely that Plaintiff's claim in this action will be viable. This is precisely the sort of factual development that would ensure Plaintiff's present claims are ripe for review. Like the first factor, this factor favors a finding that this matter is not ripe.

### IV. Conclusion

The court has reviewed the record and determined that Plaintiff's claims are not yet ripe because the direct appeal process in the Eastern District of Michigan is still pending. **[*8]** Therefore, the court lacks jurisdiction to address Defendant's other arguments. The court will dismiss the case.

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss (ECF No. 8) is **GRANTED**.

Judgement to follow.

**IT IS SO ORDERED**.

Date: August 20, 2024

/s/ Paul L. Maloney

Paul L. Maloney

United States District Judge

### **JUDGMENT**

In accordance with the memorandum opinion and order entered on this date (ECF No. 16), and pursuant to *Fed. R. Civ. P. 58*, **JUDGMENT** hereby enters.

**THIS ACTION IS TERMINATED**.

**IT IS SO ORDERED**.

Date: August 20, 2024

/s/ Paul L. Maloney

Paul L. Maloney

United States District Judge

---

**End of Document**