UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.G. o/b/o G.G.,

    Plaintiff/Appellant/Petitioner,

v

KELLOGGSVILLE PUBLIC SCHOOLS
and KENT INTERMEDIATE SCHOOL
DISTRICT,

    Defendants/Appellees/Respondents,

and

MICHIGAN DEPARTMENT OF
EDUCATION,

    Defendant.

No. 1:24-cv-833

HON. ROBERT J. JONKER

MAG. SALLY J. BERENS

**REPLY BRIEF TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

---

Elizabeth K. Abdnour (P78203)
Coriann Gastol (P74904)
ABDNOUR WEIKER LLP
Attorneys for Plaintiff/Appellant/Petitioner
500 E. Michigan Ave., Suite 130
Lansing, MI 48912
(517) 994-1776
liz@education-rights.com
coriann@education-rights.com

Matthew C. McCann (P85286)
MOSS & COLELLA, PC
Attorney for Plaintiff/Appellant/Petitioner
28411 Northwestern Hwy., Suite 1150
Southfield, MI 48034
(248) 945-0100
mmccann@mosscolella.com

Mark T. Ostrowski (P49761)
Jessica M. Stark-Flechsig (P80647)
Kyle J. Zielinski (P83962)
KLUCZYNSKI, GIRTZ & VOGELZANG
Attorneys for Defendant/Appellee/Respondent Kelloggsville Public Schools
3033 Orchard Vista Drive, S.E., Suite 308
Grand Rapids, MI 49546
(616) 559-8649
marko@kgvlaw.com

Timothy J. Mullins (P28021)
Travis Comstock (P72025)
GIARMARCO, MULLINS & HORTON, P.C.
Attorneys for Defendant/Appellee/Respondent Kent Intermediate School District
Tenth Floor Columbia Center
101 West Big Beaver Road
Troy, MI 48084
(248) 457-7036

Ticara D. Hendley (P81166)
BreAnna J. Listermann (P87549)
Assistant Attorneys General
Attorneys for Defendant
Michigan Department of Education
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI  48909
(517) 335-7603
hendleyt1@michigan.gov
ListermannB@michigan.gov

## REPLY BRIEF TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### I.     Plaintiff's Complaint is premature as it is not ripe.

Plaintiff's Complaint does not meet the three factors for ripeness and should be dismissed. *Grace Cmty. Church v Lenox Twp.*, 544 F.3d 609, 615 (6th Cir. 2008) (providing that the three factors for ripeness are: (1) the likelihood of the alleged harm; (2) the sufficiency of the factual record to produce a fair adjudication of the merits; and (3) the resulting hardship to the parties if judicial relief is denied).

Here, the facts alleged in the Complaint belies Plaintiff's assertion that she meets the elements to satisfy the ripeness inquiry.  First, Plaintiff claims that the alleged harm has already occurred because MDE's purported failure to train and oversee ALJs resulted in Plaintiff's due process claim against KISD being improperly dismissed.  (Response Brief, ECF No. 21, PageID.608-609.)  This alleged harm and the remedy Plaintiff seeks should be addressed through the requisite adjudication of the appeal process of the ALJ decision.  Second, the factual record is not sufficiently developed as Plaintiff's claims against MDE rests on whether the

ALJ properly determined that KPS and/or KISD denied her a FAPE. But no such determination has been made because this dispute is pending before this court in this case.

Third, and finally, Plaintiff would not sustain any hardship if judicial relief is denied because Plaintiff's systemic claim rests upon the adequacy of MDE's administration and oversight of ALJs. There has been no adjudication regarding whether the ALJ's opinion was wrongfully decided as to the claims made against KPS and KISD and thus, the appeal of the due process decision must be finalized before any claim can be asserted against MDE. Simply put, until the appeal is adjudicated, Plaintiff's claims against MDE are not ripe for judicial review.

In her response, Plaintiff argues that she is not required to prove that the underlying conduct of KPS or KISD resulted in a denial of FAPE to G.G. at the pleading stage for an action involving systemic claims against MDE, a SEA. (Response Brief, ECF No. 21, PageID.606-607.) Contrary to Plaintiff's contentions otherwise, the *T.M. v Michigan Department of Education* case is directly on point. No. 1:23-cv-762 2024 U.S. Dist. LEXIS 148521 (W.D. Mich. Aug. 20, 2024) (attached as MTD Exhibit 3). Like *T.M.*, Plaintiff must follow the appeal process afforded to her by the IDEA by first appealing her ALJ decision to the district court. *Id*. at *6-7. Only after the unsuccessful adjudication of the appeal can a claim be levied against MDE. The fact that the *T.M.* Plaintiffs were proceeding in separate courts does not change this conclusion. A decision is still required on the appeal before claims against MDE are ripe.

3

Furthermore, Plaintiff's reliance on *Nichols v. Wayne Cnty.*, 822 F. App'x 445 (2020), is misplaced. *Nichols* is factually distinct, addressing a civil forfeiture issue and nothing related to special education. Moreover, Plaintiff's comparison to a proceeding against a municipality and individual employees is distinct from this case, where the KPS and KISD are distinct entities from MDE, and the claims against MDE are entirely reliant on Plaintiff having a valid claim against KPS and KISD.

Here, Plaintiff's sole allegation relevant to MDE is that MDE, as the SEA, failed to properly train and supervise its due process hearing officers. (Complaint, PageID.3, ¶ 7.) But this allegation fails to show how Plaintiff suffered any harm because of MDE's actions or inactions. In fact, the ALJ determined that Plaintiff was denied a FAPE when KPS failed to obtain a speech generating device for G.G. and ordered an appropriate remedy. There is also no indication that KPS' purported failure to provide her a FAPE is in any way tied to MDE's alleged failure to oversee and train ALJs. Consequently, Plaintiff must succeed in her appeal against KPS and/or KISD to then proceed against MDE.

Accordingly, Plaintiff's claims against MDE should be dismissed as unripe.

## II.    Plaintiff's IDEA claim fails.

Plaintiff asserts that MDE acknowledges the well-recognized ability of Plaintiffs to sue state education agencies based on systemic failures to carry out their supervisory obligations under the IDEA. (Response Brief, ECF No. 21, PageID.595.) However, the IDEA is silent on any cause of action that an individual

may bring against the SEA as it relates to the enumerated supervisory responsibilities. Nor has there been a definitive ruling within the Sixth Circuit on this issue. However, several other districts have established that an SEA may only be a proper Defendant in a lawsuit that challenges a systemic violation of the IDEA where that systemic failure leads to a denial of FAPE. (Brief in Support of Motion to Dismiss, ECF No. 15, PageID.433.)

Here, the Complaint and Plaintiff's Response to MDE's Motion to Dismiss does not allege that a denial of FAPE or any other violation of the IDEA was caused by, or otherwise attributable to MDE. There is no systemic failure that is pled. As a SEA, MDE has only general supervisory and monitoring responsibilities under the IDEA. See, 20 U.S.C. § 1416. MDE has met its supervisory and managing responsibilities regarding a student's right to a hearing by creating and managing the due process hearing system for special education cases. Plaintiff's actions show that MDE's process is working – Plaintiff filed a due process Complaint, Plaintiff had a hearing with an ALJ at MOAHR regarding her Complaint, and a decision was issued. Plaintiff must now appeal that decision to federal court and await a decision before asserting any claim against MDE. Plaintiff's conclusory statements are not enough to state a claim under the IDEA and the Complaint should be dismissed.

### III.    Plaintiff's ADA and Rehabilitation Act claims fail.

Under the Rehabilitation Act, Plaintiff must allege facts showing that the alleged wrongful conduct was solely based on disabilities. Under the ADA, Plaintiff

5

must also allege that MDE acted in bad faith or with gross misjudgment to prove that MDE's failure to provide a child with FAPE was discriminatory. *See Campbell v. Bd. of Educ. of Centerline Sch. Dist.*, 58 F. App'x 162, 167 (6th Cir. 2003).

Here, Plaintiff's Complaint contains no allegations to support a claim that MDE acted in bad faith or exercised gross misjudgment. Plaintiff merely disagrees with the ALJ's decision in the due process proceeding, which is insufficient to state a claim under the Rehabilitation Act or the ADA.

Further, the caselaw cited by Plaintiff provides no support for her position that she has adequately pled that MDE acted in bad faith or gross misjudgment by purportedly failing to train and oversee ALJs. In *D.R. v Michigan Department of Education*, No. 16-13694, 2017 WL 4348818, *9 (E.D. Mich. Sept. 29, 2017), the plaintiff challenged MDE's professional judgment in oversight and the allocation of necessary resources to a local school district. The *D.R.* court found that whether that alleged judgment rose to the level of gross misjudgment, to qualify as discriminatory, is a question of fact that needs to be developed and brought before a trier of fact to determine. *Id.* Likewise, the Plaintiff in *A.B. v Michigan Department of Education*, 570 F. Supp. 3d 531, 539 (W.D. Mich. 2021), alleged similar facts analyzed in *D.R.*, i.e. MDE failed to provide proper oversight and financial assistance (to a school district) in resolving his alleged denial of FAPE. Recognizing the similar fact pattern as *D.R.*, the *A.B.* court rendered an identical finding that the determination of whether MDE's actions amounted to gross misjudgment to qualify as discriminatory is a question of fact for the trier of fact to

determine. *A.B.*, 570 F. Supp. 3d 531 at 539. However, the facts and circumstances presented here are wholly distinct from *D.R.* and *A.B.* In this case, Plaintiff disagrees with the ALJ's decision and alleges that MDE failed to train and supervise its hearing officers—not oversight of a school district. The purported failure to train ALJs alone cannot amount to discrimination necessary to sustain a viable claim. Accordingly, Plaintiff's Rehabilitation Act and ADA claims fail and should be dismissed.

**IV.    MDE is immune from Plaintiff's ADA and PWDCRA claims.**

As Plaintiff brings her ADA and PWDCRA claims against the State, MDE, a state agency, the Eleventh Amendment bars her claims unless an exception applies. This also applies for any potential government officials in their official capacity.

As to the federal ADA claim, none of the three exceptions apply. Plaintiff failed to argue otherwise in her response. First, Plaintiff does not dispute that MDE has not waived sovereign immunity for any of Plaintiff's claims. Second, Plaintiff has not named any individuals in their official capacity and should not be permitted to do so. Official capacity suits are for prospective equitable relief based on ongoing violations. Here, the ALJ found that while G.G. was denied a FAPE, it was limited to KPS' failure to provide G.G. with a speech generating device before February 2023 and KPS' failure to comply with G.G.'s IEP. These findings in no way impute liability regarding MDE's actions or inactions as the SEA, nor bear any relevance on Plaintiff's claim that MDE failed to properly train and oversee ALJs. Plaintiff has not demonstrated how the dismissal of KISD from the due process

proceeding caused harm and thus, she is not entitled to injunctive or declaratory relief. (See Brief in Support of Motion to Dismiss, ECF No. 15, PageID.441.) A possible harm that occurred in the past "does nothing to establish a real and immediate threat that" it will occur in the future, as is required for injunctive relief. *Kanuszewski v. Mich. Dep't of Health & Hum. Servs.*, 927 F.3d 396, 406 (6th Cir. 2019) (citation omitted).

Third, Plaintiff has failed to allege that there is congressional abrogation in this matter. *United States v. Georgia*, 546 U.S. 151, 159 (2006). The Complaint simply fails to identify which aspects, if any, of the MDE's alleged conduct violated the ADA. Plaintiff has not included any specific instances where MDE denied access to services and programming or failed to provide a due process hearing. Nor has Plaintiff pointed to any specific deficiencies in MDE's general supervisory system besides conclusory statements that the ALJs should be better trained. Accordingly, the ADA claims fail under the *Georgia* test.

Plaintiff also cannot meet the second or third prong of the *Georgia* test and does not address either prong in their opposition brief. There is no mention of how MDE's conduct could possibly violate the Fourteenth Amendment for the second prong. And Plaintiff's argument that immunity is abrogated for any case involving public education is not supported where public education historically is not a protected due process right that would implicate the Fourteenth Amendment. *See San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973). Finally, caselaw is clear that ADA claims based on equal protection-type discrimination—

like Plaintiff's ADA claims here—will not abrogate immunity. *Popovich v Cuyahoga Cnty. Ct. of Common Pleas*, 276 F.3d 808, 816 (2002) (en banc). Accordingly, Plaintiff's ADA claim is barred by the Eleventh Amendment. *Babcock v. Michigan*, 812 F.3d 531, 538 (2016).

As to the PWCDRA claim, again, Plaintiff does not dispute that MDE has not waived sovereign immunity for the state law claims. The Supreme Court is clear that state law claims brought under pendent jurisdiction are barred by the Eleventh Amendment. *Pennhurst State School & Hosp. v Halderman*, 465 U.S. 89, 121 (1984) (internal citations omitted). There is no stated exception under Federal Rule of Civil Procedure 42(a) that allows for a claim against the state to proceed in federal court for convenience. Plaintiff's argument is inaccurate and fails.

## Conclusion and Relief Requested

Plaintiff has failed to state a claim for violations of the IDEA, the ADA, and the Rehabilitation Act. Moreover, Plaintiff's claims are not ripe for judicial review. Finally, MDE is protected by Eleventh Amendment immunity, which bars Plaintiff's PWDCRA and ADA claims against MDE. Accordingly, MDE respectfully request this Court dismiss all claims asserted against MDE in Plaintiff's Complaint.

Respectfully submitted,

/s/ *Ticara D. Hendley*
Ticara D. Hendley (P81166)
Brianna J. Listermann (P87549)
Assistant Attorneys General
Attorneys for Defendant
Michigan Dept. of Education
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
hendleyt1@michigan.gov
ListermannB@michigan.gov

Dated: December 23, 2024

## CERTIFICATE OF COMPLIANCE

Defendant Michigan Department of Education, in compliance with 7.2(b)(i) used 2,001 words in its Brief in Support of its Motion to Dismiss. Microsoft Word Office 365 is the word processing software used to generate the word count in the above brief.

/s/ *Ticara D. Hendley*
Ticara D. Hendley (P81166)
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2024, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ *Ticara D. Hendley*
Ticara D. Hendley
Assistant Attorney General
Attorney for Defendant
Michigan Dep't of Education
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI  48909