UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.G. o/b/o G.G.,

    Plaintiff/Appellant/Petitioner,        Judge Robert J. Jonker
                                                  Magistrate Sally J. Berens
v                                                            No. 24-833

KELLOGGSVILLE PUBLIC SCHOOLS and    MOAHR Case No. DP-23-0017
KENT INTERMEDIATE SCHOOL DISTRICT,    MOAHR Case No. DP-24-0005

    Defendants/Appellees/ Respondents,
and                                                    **DEFENDANT, KENT ISD'S REPLY TO**
                                                    **PLAINTIFF'S RESPONSE TO MOTION**
MICHIGAN DEPARTMENT OF EDUCATION,    **TO DISMISS PURSUANT TO FED. R. CIV. P.**
                                                    **12(b)(1) and (6)**

    Defendant.
_____/

| | |
|---|---|
| ELIZABETH K. ABDNOUR (P78203) | TIMOTHY J. MULLINS (P28021) |
| CORIANN GASTOL (P74904) | TRAVIS M. COMSTOCK (P72025) |
| ABDNOUR WEIKER LLP | GIARMARCO, MULLINS & HORTON, P.C. |
| *Attorneys for Plaintiff* | *Attorneys for Defendant, Kent ISD* |
| 325 E. Grand River Ave., Suite 250 | 101 W. Big Beaver Road, 10th Floor |
| East Lansing, MI 48823 | Troy, MI 48084-5280 |
| (517) 994-1776 | (248) 457-7020 |
| liz@education-rights.com | tmullins@gmhlaw.com |
| coriann@education-rights.com | tcomstock@gmhlaw.com |
| | |
| MATTHEW C. MCCANN (P85286) | TICARA D. HENDLEY (P81166) |
| MOSS & COLELLA, PC | *Attorney for Defendant, MDE* |
| *Attorney for Plaintiff* | P.O. Box 30758 |
| 28411 Northwestern Hwy., Suite 1150 | Lansing, MI 48909-8258 |
| Southfield, MI 48034 | Hendleyt1@michigan.gov |
| (248) 945-0100 | |
| mmccann@mosscolella.com | BREANNA J. LISTERMANN (P87549) |
| | *Attorney for Defendant, MDE* |
| MARK OSTROWSKI (P49761) | 525 W. Ottawa St. |
| KLUCZYNSKI GIRTZ VOGELZANG | Lansing, MI 48909 |
| *Attorney for Defendant, Kelloggsville Public Schools* | ListermannB@michigan.gov |
| 3033 Orchard Vista Dr. SE, Ste. 308 | |
| Grand Rapids, MI 49546-7077 | |
| (616) 559-8649 | |
| marko@kgvlaw.com | |

## TABLE OF CONTENTS

LEGAL ANALYSIS ................................................................................................... 2

I.    Plaintiff's IDEA claim is untimely, § 1415(i)(2)(B) remains a jurisdictional bar, and equitable tolling is inapplicable ............................................................... 2

II.    Plaintiff's allegations under § 504 and the ADA are purely speculative and therefore do not plausibly state claims for relief ............................................ 9

CONCLUSION ........................................................................................................ 13

# INDEX OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................... 1,10,11,12

*Bowles v Russell*, 551 U.S. 205 (2007) .............................................................................. 1,5,6

*Children's Ctr. For Developmental Enrichment v. Machle*, No. 2:08-CV-817,
2009 WL 585817 (S.D. Ohio Mar. 6, 2009), *aff'd*, 612 F.3d 518 (6th Cir. 2010) ..................... 7

*Cleveland Heights–University Heights City School Dist. V. Boss by & Through Boss*,
144 F.3d 391 (6th Cir.1998) ...................................................................................................... 7

*Deal v. Hamilton Bd. of Educ.*, 392 F.3d 840 (6th Cir. 2004) .................................................. 10

*E. M. v. Lewisville Indep. Sch. Dist.*, No. 4:15-CV-00564,
2017 WL 77452 (E.D. Tex. Jan. 9, 2017) ............................................................................... 3,6

*G.C. v. Owensboro Pub. Schs.*, 711 F.3d 623 (6th Cir. 2013) ..................................................... 9

*Holden v. Miller-Smith*, 28 F. Supp. 3d 729 (W.D. Mich. 2014) ........................................... 7,8

*Holland v. Florida*, 560 U.S. 631 (2010) ................................................................................... 7

*Horen v. Bd. of Educ. of City of Toledo Pub. Sch. Dist.*, No. 3:12CV00187,
2012 WL 3808902 (N.D. Ohio Aug. 8, 2012) ............................................................................ 6

*Tennial v. REI Nation, LLC (In re Tennial),* 978 F.3d 1022 (6th Cir. 2020) ............................. 6

*KHM by & through Hicks-Mix v. Clarksdale Mun. Sch. Dist.*, No. 4:22-CV-182-DMB-JMV,
2024 WL 409401 (N.D. Miss. Feb. 2, 2024) ............................................................................... 6

*Knox Cnty., TN v. M.Q.*, 62 F.4th 978 (6th Cir. 2023) ............................................................... 9

*Li v. Revere Loc. Sch. Dist.*, No. 21-3422, 2023 WL 3302062 (6th Cir. May 8, 2023) ....... 9,11

*Loper v. Cleveland Metro. Sch. Dist.*, No. 1:16CV1384,
2017 WL 745741 (N.D. Ohio Feb. 6, 2017 ................................................................................. 6

*Maynard v. D.C.*, 579 F. Supp. 2d 137 (D.D.C. 2008) ............................................................ 5,7

*McQueen v. Colorado Springs School District No. 11*, 488 F.3d 868 (10th Cir. 2007) .......... 3,4

*N.L. ex rel Mrs. C. v. Knox County Schools*, 315 F.3d 688 (6th Cir. 2003) ............................. 10

*Nat'l Ecological Found. v. Alexander*, 496 F.3d 466 (6th Cir. 2007) ......................................... 6

*Ruhl v. Ohio Health Dep't*, 725 F. App'x 324 (6th Cir. 2018) ................................................. 7,8

*S.S. v. E. Ky. Univ.*, 532 F.3d 445 (6th Cir. 2008) ........................................................................ 9

*T.M. v Michigan Department of Education*, Case No. 1:23-cv-762
(W.D. Mich. Aug. 20, 2024) ...................................................................................................... 2,3,4

*Wall Township Board of Education,* 534 F. Supp. 2d 487 (D.N.J. 2008) .................................... 5

**Statutes and Codes**

20 U.S.C. § 1414(d)(5)(B)(iv) .................................................................................................... 10

20 U.S.C. § 1415 ..................................................................................................................... 1,6,7

20 U.S.C. § 1415(f)(3)(C) ............................................................................................................. 7

20 U.S.C. § 1415(i)(2)(A) ............................................................................................................. 2

20 U.S.C. § 1415(i)(2)(B) ............................................................................................. 2,4,5,6,7,8,13

28 U.S.C. § 2107 ........................................................................................................................... 5

34 C.F.R. § 303.440 ...................................................................................................................... 7

Americans with Disabilities Act ........................................................................................ 1,9,10,11,12

Ohio Rev. Code § 3323.05 ............................................................................................................ 6

Rehabilitation Act § 504 ..................................................................................................... 1,9,10,11,12

**Regulation**

Mich. Admin. Code, R 380.1724f(4) ............................................................................................ 6

**DEFENDANT KENT INTERMEDIATE SCHOOL DISTRICT'S REPLY TO PLAINTIFF'S RESPONSE TO THE ISD'S MOTION TO DISMISS**

Plaintiff's objection to the dismissal of the ISD lacks merit. First, while the Plaintiff may believe that separately docketed due process complaints resulting in separate decision is "of little significance[,]" it is the central reason why her claims against the ISD are untimely and jurisdictionally barred. And the *Bowles v. Russell* decision actually confirms this when it held that statutorily set deadlines are jurisdictional. The Sixth Circuit's decisions post-*Russell* further confirm this holding. And the Plaintiff fails to recognize the decisions in this Circuit post-*Russell* holding that equitable tolling does not apply to 20 U.S.C. § 1415's 90-day jurisdictional bar.

Second, the Plaintiff's engages in pure speculation regarding the amount of information the ISD allegedly had about KPS's FAPE offer. She acknowledges that the ISD was not present at the IEP where that offer was made. But she speculates that a KPS employee stating she had communicated with the ISD amounts to the ISD making any recommendation outside of the IEP setting (at which other IEP team members would have recommendations and input) or even that it unilaterally determined its Pine Grove facility was not an appropriate placement. She further fails to allege that as a result of this one-way communication the ISD did not attend or recommend Pine Grove solely because of G.G.'s disability. Lastly, she speculates that the ISD not attending or recommending Pine Grove, i.e., not making a decision, is somehow indicative of bad faith or gross misjudgment. But *Ashcroft* and its progeny make it clear that threadbare assertions of harm do not permit the plausible inference of liability. Her speculation fails to meet her burden.

Thus, the Plaintiff's IDEA claim is jurisdictionally barred and the ADA and § 504 claims fail to state claims for relief. Counts I, III, and IV must therefore be dismissed as against the ISD.

**LEGAL ANALYSIS**

I.  **Plaintiff's IDEA claim is untimely, § 1415(i)(2)(B) remains a jurisdictional bar, and equitable tolling is inapplicable.**

Plaintiff first concedes that (1) there were **separately docketed** cases at the administrative level and (2) that she did not file this civil action against the ISD until August 12, 2024. 20 U.S.C. § 1415(i)(2)(A), (B). Plaintiff seeks to sidestep the import of the separately docketed cases and the date of her filing this action by claiming it "is of little significance." (ECF No. 20, PageID.577). Plaintiff asserts that she "waited" until the separately docketed due process proceeding against Defendant Kelloggsville Public Schools "KPS") was also completed to then file the instant civil action. (ECF No. 20, PageID.576). She **chose to wait** because of a mistaken belief that separately docketed cases can be unilaterally consolidated by a party for purposes of clear and unambiguous deadlines. This theory is without merit and is unsupported by the cases Plaintiff relies on.

Plaintiff's first case is *T.M. v Michigan Department of Education*, Case No. 1:23-cv-762 (W.D. Mich. Aug. 20, 2024) (**Exhibit 4**, ECF No. 16, *Order Resolving Motion to Dismiss*). The plaintiff in *T.M.* appealed an adverse ruling on a due process complaint by filing a civil action in the Eastern District of Michigan. (Id., PageID.190). While that civil action was pending, the plaintiff filed another lawsuit against the MDE. The Hon. Paul M. Maloney held that the issue of whether the ALJ's decision was proper (in the MIED case) and whether MDE properly trained its ALJs (in the WDMI case) could result in conflicting decisions. (Id., PageID.194). This was because whether the ALJ issued "an inadequate opinion" would be decided in the MIED case when that judge determined if the ALJ's decision was erroneous. A favorable decision from Judge Maloney holding that the MDE's training was inadequate across the board would undermine and short circuit that appeal.

*T.M.* is factually dissimilar and legally distinguishable. First, that decision is factually

dissimilar because there were not separately docketed due process complaints against different respondents. But, most importantly, it is legally inapposite because, unlike Plaintiff here, the plaintiff in *T.M.* did not fail to timely file her civil action against MDE under § 1415 within the 90-day deadline. (Case No. 23-000762, ECF No. 9, PageID.50-51). Judge Maloney was never presented with the same legal issue as is presented here – i.e., an admittedly untimely filed civil action/claim of appeal from a due process adverse decision. Nor did Judge Maloney consider the (mistaken) theory that the deadline in § 1415 does not begin until the second adverse decision is issued from two separately docketed due process complaints against two distinct respondents. Judge Maloney only held that issues presented in the two civil actions/appeals could result in conflicting decisions.

There is no such chance in this matter. A dismissal of the ISD due to Plaintiff failing to timely file a civil action will not raise the possibility of a conflicting decision in a separately docketed due process decision. The Court can determine if KPS failed to properly hold an IEP meeting at which the ISD was invited and permitted to provide a recommendation without undermining the decision as to whether Plaintiff timely filed a civil action against the ISD from a separately docketed due process complaint.

The next case that Plaintiff relies on is *McQueen v. Colorado Springs School District No. 11*, 488 F.3d 868, 874 (10th Cir. 2007). The plaintiff parents and district in that case "agreed to bifurcate the [due process] proceedings." *Id*., at 871. The parties **voluntarily agreed** to address a single legal issue first – whether the district's Extended School Year ("ESY") policy violated the IDEA. *Id*. The ALJ hearing officer ruled in favor of the district as did the state level ALJ reviewing the appeal. Neither administrative decision dealt with whether the ESY policy as applied to the student violated the IDEA. "Rather than continue to an evidentiary hearing" on that factual issue,

3

the parents appealed the state level decision. The district court affirmed the ALJs' decisions. *Id.*, at 872.

On appeal to the Tenth Circuit, the Court held that the parents did not exhaust their administrative remedies because the ALJs "addressed only an abstract question of law[.]" *Id.*, at 873. The *McQueen* panel held that what the parents did amounted to an "'interlocutory appeal'" on the issue of law. To fully exhaust the parents had to return to the administrative level and litigate the issue of whether that law as applied to the student violated the IDEA. *Id.*

*McQueen* is factually and procedurally inapposite. The failure to exhaust ruling in that case dealt with an agreement by the parties to bifurcate the proceeding to address the overriding legal issue first. That was then appropriately appealed on an interlocutory basis and returned to the administrative level to then complete the hearing process. Unlike there, the ALJ here made a judicial decision to separate the Plaintiff's claims against the ISD into a separately docketed complaint. The AJ's decision on this is clear both in her KPS decision and the ISD decision. The parties did not, as in *McQueen*, agree to address one legal issue first.

The ALJ then issued a decision on that separate due process complaint. The Plaintiff concedes she failed to timely appeal that decision. This is not a situation as in *McQueen* where there was an abstract question of law that was determined and then affirmed through an interlocutory appeal. Here the legal issue is clear – the ALJ dismissed the Plaintiff's separate due process complaint against the ISD on February 7, 2024 and Plaintiff did not file a civil action until August 12, 2024, more than three months after the May 7 deadline. Thus, neither *T.M. n*or *McQueen* is on point nor persuasive on the legal issue before this Court.

The Plaintiff's next argument is that the 90-day deadline in § 1415(i)(2)(B) is not jurisdictional. Plaintiff relies on *Bowles v Russell*, 551 U.S. 205 (2007). But that decision does not

hold that § 1415(i)(2)(B) is not jurisdictional. The *Russell* Court held that two deadlines set in 28 U.S.C. § 2107 could not be extended and were not subject to waiver. More specifically, it held that the plaintiff's "failure to file his notice of appeal in accordance with the statute therefore deprived the Court of Appeals of jurisdiction." *Id.*, at 213. Notably, the Court also reemphasized that it "has long held that the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" *Id.* at 209 (citations omitted). The *Russell* Court highlighted the distinction between a "claims-processing rule[ ]" (or court promulgated rules such as the Court's own rules) that is set in a court rule versus a mandatory and jurisdictional time limit set by Congress via statute, as with 20 U.S.C. § 1415(i)(2)(B). *Id.*, at 210-11. The deadlines in § 2107(c) were set by Congress and thus were jurisdictional. Based on the holding of *Russell*, the same applies to § 1415(i)(2)(B).

It is true, as Plaintiff points out, that certain district courts have read *Russell* broadly to hold that because § 1415(i)(2)(B) indicates that states could set a different deadline, then the limit in that subsection is not jurisdictional. See, e.g., *Wall Township Board of Education,* 534 F. Supp. 2d 487 (D.N.J. 2008). That reasoning, however, conflicts with *Russell*'s holding that while a court rule (or administrative rule) may not be jurisdictional, where the deadline is set by statute, as in the ability of states to adopt a different appeal period, then that deadline is jurisdiction. And other district courts post-*Russell* hold that the 90-day time period in § 1415(i)(2)(B) remains a jurisdictional bar. For example, in *Maynard v. D.C.*, 579 F. Supp. 2d 137 (D.D.C. 2008), the Court discussed both *Russell* and *Wall Township*. *Id.* at 141. It rejected the analysis in *Wall Township*, notwithstanding its reading of *Russell* because the D.C. courts "have generally treated the IDEA's limitations period as a jurisdictional bar." *Id*. Other courts addressing late filed civil actions under § 1415(i)(2)(B) similarly hold that *Russell* did not alter the jurisdictional nature of the 90-day deadline. See, e.g., *KHM by & through Hicks-Mix v. Clarksdale Mun. Sch. Dist.*, No. 4:22-CV-

5

182-DMB-JMV, 2024 WL 409401, at *5 n. 17 (N.D. Miss. Feb. 2, 2024); *E. M. v. Lewisville Indep. Sch. Dist.*, No. 4:15-CV-00564, 2017 WL 77452, at *2 (E.D. Tex. Jan. 9, 2017).

More persuasive than out-of-Circuit decisions are decisions in this Circuit post-*Russell* that hold that statutorily set deadlines are jurisdictional, including cases involving § 1415. For example, the Sixth Circuit stated just after the *Russell* decision that, "in *Bowles,* the Court considered the issue of whether the time limit for filing a notice of appeal affected the jurisdiction of the federal courts of appeals. The Court concluded that the time limit for filing a notice of appeal was jurisdictional . . . [because] the time limit for filing a notice of appeal was 'set forth in a statute.'" *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 475 (6th Cir. 2007) (quoting *Russell* at 2364–65). The Sixth Circuit more recently discussed *Russell* when holding that "[r]ule-based deadlines are jurisdictional when they implement an appeal deadline created by Congress." *In re Tennial*, 978 F.3d 1022, 1026 (6th Cir. 2020) (citing *Russell*, at 210). Because § 1415(i)(2)(B) is statute based, and Michigan's administrative **rule** on the issue is based on that statute, Mich. Admin. Code, R 380.1724f(4), the 90-deadline remains a jurisdictional bar under *Alexander* and *In re Tennial*.

Supporting this conclusion is that district courts in this Circuit have held that the 90-day deadline in § 1415(i)(2)(B) remains a jurisdictional bar post-*Russell*. See, e.g., *Loper v. Cleveland Metro. Sch. Dist.*, No. 1:16CV1384, 2017 WL 745741, at *3–4 (N.D. Ohio Feb. 6, 2017), *report and recommendation adopted*, No. 1:16CV1384, 2017 WL 734907 (N.D. Ohio Feb. 24, 2017) ("Plaintiff did not file this appeal within the 90-day time limit established by 20 U.S.C. § 1415 and Ohio Rev. Code § 3323.05. Case law provides that the deadlines imposed by these statutes are not flexible."); *Horen v. Bd. of Educ. of City of Toledo Pub. Sch. Dist.*, No. 3:12CV00187, 2012 WL 3808902, at *2 (N.D. Ohio Aug. 8, 2012) (Ohio's statutory 45-day deadline under § 1415(i)(2)(B)

6

"is a firm deadline that plaintiff missed, and I cannot now grant him a reprieve from its constraints because the appeal was merely a day late."); *Children's Ctr. for Developmental Enrichment v. Machle*, No. 2:08-CV-817, 2009 WL 585817, at *3 (S.D. Ohio Mar. 6, 2009), *aff'd*, 612 F.3d 518 (6th Cir. 2010) (holding that plaintiff's 169 day delay in filing civil action deprived it of jurisdiction). In fact, the court in *Machle* specifically cited *Cleveland Heights–University Heights City School Dist. v. Boss by & Through Boss*, 144 F.3d 391, 396–97 (6th Cir.1998), for its holding even after *Russell*. Thus, in this Circuit, the 90-day appeal deadline in § 1415(i)(2)(B) is jurisdictional under the forgoing binding and persuasive decisions and Plaintiff's Count I against the ISD must be dismissed for lack of jurisdiction.

Plaintiff's last effort to avoid the jurisdictional issue is to invoke the remedy of equitable tolling. However, this Court has previously rejected the application of equitable tolling to the deadlines imposed in the IDEA. In *Holden v. Miller-Smith*, 28 F. Supp. 3d 729 (W.D. Mich. 2014), the Hon. Janet T. Neff held that a due process plaintiff could not invoke equitable tolling to overcome the untimely filing of a complaint under § 1415(f)(3)(C). *Id*. at 735. Judge Neff examined *Holland v. Florida*, 560 U.S. 631 (2010), in her decision. *Id*., at 736-37. She held that "this Court finds wholly unpersuasive Plaintiffs' assertions that Supreme Court precedent 'mandates' equitable tolling of the IDEA limitations period and that this Court is thereby 'bound' to apply equitable tolling." *Id*., at 737. While the *Holden* decision considered a different subsection of § 1415, the holding applies with equal persuasive force to (i)(2)(B). See also *Ruhl v. Ohio Health Dep't*, 725 F. App'x 324, 336 (6th Cir. 2018) (similarly holding that equitable tolling did not apply to complaint filed after the two-year statute of limitations in 34 C.F.R. § 303.440); *Maynard*, 579 F. Supp. 2d at 142–43 (equitable tolling not applicable to 90-day deadline in (i)(2)(B)).

But even if equitable tolling could apply here, the facts demonstrate that Plaintiff is not

7

entitled to tolling. *Holden*, 28 F. Supp. 3d at 738 (listing factors). As Plaintiff concedes, there must be "some extraordinary circumstance[ ]" that prevented her from timely filing her civil action. (ECF No. 20, PageID.580). As such, equitable tolling "is to be narrowly applied" and does "not extend to . . . a garden variety claim of excusable neglect." *Id*. (citations omitted). Courts also "typically extend[ ] equitable relief only sparingly." *Id*. (citation omitted).

Plaintiff's only basis to toll is that she "waited" because she mistakenly thought that the separately docketed complaints were actually "a single due process complaint . . ." (ECF No. 20, PageID.580). But this is belied by the unambiguous statements in the February 7, 2024 decision that the complaint against the ISD was a separately docketed complaint. And this argument ignores the unambiguous captioning of the two decisions. Moreover, contrary to her argument, she was not "prevented" from timely filing a civil action under § 1415(i)(2)(B) appealing the adverse February 7, 2024 decision dismissing the ISD. Plaintiff does not contend that she lacked notice of the filing deadline. She could have filed timely notwithstanding her mistaken legal analysis to preserve her rights to avoid this situation where her analysis was erroneous.

*Holden* rejected the application of tolling where that plaintiff insisted that missing the deadline was due to the actions of another and held that the plaintiff failed to diligently pursue their known rights. See also *Ruhl* 725 Fed. App'x at 336 (plaintiffs' decision to file late was in their control). And to toll the 90-day deadline would prejudice the ISD which has relied on the failure to timely appeal as signifying the end of the Plaintiff's litigation on her IDEA claims against it. As in *Holden*, due to her knowledge of the filing deadline, the knowledge, prejudice and lack of diligence factors weigh in favor of not applying equitable tolling. Thus, even if § 1415(i)(2)(B) is not a jurisdictional bar (it is) **and** equitable tolling applies to the IDEA (it does not), the facts here do not warrant the narrow and sparing use of the doctrine.

II. **Plaintiff's allegations under § 504 and the ADA are purely speculative and therefore do not plausibly state claims for relief.**

Counts III and IV of Plaintiffs complaints allege disability discrimination claims under Section 504 of the Rehabilitation Act ("§ 504") and the Americans with Disabilities Act ("ADA"). Plaintiff is mistaken that the ISD's only argument is as to the lack of plausible allegations of bad faith or gross misjudgment. The ISD first argued that the ADA and § 504 claims fail because the Plaintiff did not allege that the ISD failed to participate in KPS' placement decision (because it was not invited to the IEP meeting) because of or solely by reason of her child's disability. (ECF No. 13, PageID.300-301). The ISD then argued that the requisite plausible allegations of bad faith or gross misjudgment were also lacking. Because of these infirmities her claims therefore fail and must be dismissed as against the ISD.

Plaintiff acknowledges that she must plead plausible facts that give rise to an inference that G.G. was subject to discrimination "solely by reason" of their disability. (ECF No. 20, PageID.581). See also *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 452-543 (6th Cir. 2008). (Outside of § 504's use of the word "solely" and that a defendant must be a federally funded entity, "the reach and requirements of both statutes are precisely the same."). An additional hurdle for a plaintiff alleging a § 504 or an ADA violation is that they must prove "either bad faith or gross misjudgment." *Li v. Revere Loc. Sch. Dist.*, No. 21-3422, 2023 WL 3302062, at *12 (6th Cir. May 8, 2023) (citing *G.C. v. Owensboro Pub. Schs.*, 711 F.3d 623, 635 (6th Cir. 2013)).[1]

Plaintiff's allegations that the ISD "predetermined" the placement of G.G. is pure speculation. (ECF No. 1, PageID.25, ¶ 175.e.). Plaintiff alleges that an employee of KPS contacted the ISD's Pine Grove program. (Id., PageID.28, ¶ 190). She also admits that it was solely this

---

[1] The discussion in *Knox Cnty., TN v. M.Q.*, 62 F.4th 978, 1000 (6th Cir. 2023), regarding bad faith and gross misjudgment are not binding given that that Court declined to rule on the issue. The later decision in *Li* demonstrates that the requirement is still applicable.

9

employee's personal opinion the Pine Grove program did not meet G.G.'s needs. (Id., ¶ 192 ("the reason *she thought*") (emphasis added)). Nowhere does the Plaintiff plausibly allege that a Pine Grove employee reached the same conclusion. Plaintiff speculates that the KPS's employee's decision somehow involved a decision by a Pine Grove employee. (Id., ¶ 197 ("KPS *and/or* Kent ISD unilaterally made the determination" (emphasis added)). It is equally plausible that the KPS employee unilaterally decided Pine Grove did not meet G.G.'s needs based on information she received without any input or recommendation by a Pine Grove employee.

That the ISD made **any** decision in this context is pure speculation and does not meet the pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."). Simply stating that the ISD allegedly "unilaterally" made any placement decision suggests nothing "more than a sheer possibility that [the ISD] has acted unlawfully." *Id*., at 678.[2] Therefore, the ADA and § 504 claims fail at the motion to dismiss stage.

Counts III and IV also fail because the Plaintiff fails to allege that the ISD's lack of any decision (because it was not present at the IEP meeting at which KPS made an offer of FAPE

---

[2] None of Plaintiff's allegation comes close to the factual allegations at issue in other cases discussing pre-determination. See, e.g., *Deal v. Hamilton Bd. of Educ.*, 392 F.3d 840, 857 (6th Cir. 2004) (noting that the "leading case" on predetermination involved "a series of letters written before the IEP meeting" as evidence of the predetermination). Further, nothing in the IDEA precludes a school employee from discussing IEP issues outside the presence of the parent or requires the parent to be at every meeting between school employees (or other placement options employees). See, e.g., *N.L. ex rel Mrs. C. v. Knox County Schools*, 315 F.3d 688, 693-94 (6th Cir. 2003) ("there is no substantive harm caused when school-appointed experts and school officials confer ex parte so as to coordinate the drafting of an assessment report"). Moreover, IEP placement decisions are made the entire IEP team. 20 U.S.C. § 1414(d)(1)(B). A single IEP team member cannot plausibly predetermine when the various other members of an IEP team and Plaintiff have the statutory right to collaborate in the decision-making process. 20 U.S.C. § 1414(d)(5)(B)(iv).

10

within its own program) was due solely to G.G.'s disability. The speculation is that KPS "and/or" the ISD made a determination outside of Plaintiff's involvement. But having discussions outside of the Plaintiff's presence is not prohibited, see *supra* Footnote 2, and nothing in the allegations plausibly alleges that any employee of Pine Grove held the same alleged opinion as the KPS employee. Plaintiff's complaint may not explicitly admit that KPS failed to invite the ISD to the IEP placement meeting (ECF No.20, PageID.585), but her complaint expressly fails to allege that the ISD **received** an invitation and made a decision not to attend **solely because** of G.G.'s disability. This is not just an alleged factual dispute; rather, it is a clear lack of any plausible allegation sufficient under *Ashcroft* to allow the Court to draw a reasonable inference that solely because of G.G's disability the ISD did not attend or make a recommendation regarding placement.

Even if the allegations could overcome the *Ashcroft* standards, the Plaintiff fails to sufficiently allege bad faith or gross misjudgment. The Sixth Circuit reiterated that in the context of § 504 and ADA claims, "something more than a mere failure to provide the free appropriate education required by [the IDEA] must be shown." *Li v. Revere Loc. Sch. Dist.*, No. 21-3422, 2023 WL 3302062, at *13 (6th Cir. May 8, 2023). The Plaintiff admits that the ISD was not at the IEP meeting where KPS made its offer of FAPE to its own program rather than Pine Grove. (ECF No. 1, PageID.19 (not listing the ISD as in attendance at the May 2023 meeting)). Since the ISD undisputedly did not consider the placement decision in the context of an IEP meeting as required by its Cooperative Agreement, it is not plausible that it acted with wrongful intent or gross misjudgment. Again, informal discussions by one IEP team member with a non-district person is not prohibited. The Plaintiff admittedly participated in the IEP meeting with KPS at which placement for purposes of FAPE was discussed. The Plaintiff disagreed with that offer and thought that Pine Grove was more appropriate. But this is insufficient to plausibly allege bad faith or gross

11

misjudgment by the ISD.

Apparently recognizing the lack of bad faith or gross misjudgment allegations against the ISD, the Plaintiff's response turns to deposition testimony in a different case. (ECF No. 20, PageID.584-85). But that testimony is both irrelevant, vague, and hearsay. That an MDE employee thinks "that ISDs have a history of shirking" responsibility does not identify the ISD as having this alleged history in general or specifically in this matter. Nothing in that employee's testimony supports the Plaintiff's contention that the ISD **here** knowingly failed any responsibility. This testimony from a MDE employee cannot support a plausible allegation that the ISD itself in this case failed in any responsibility. It is again pure speculation.

Moreover, contrary to her complaint allegations (ECF No. 1, ¶ 197 ("KPS *and/or* Kent ISD unilaterally made" the placement decision), the Plaintiff now argues that the ISD had the opportunity to weigh in on the placement decision. But her allegation actually asserts it could have been KPS alone that unilaterally determined that Pine Grove was not appropriate for G.G. (Id.) Moreover, merely alleging that a KPS employee had communications with the ISD at Pine Grove does not plausibly allege that the ISD made any determination, much less one based on disability or out of bad faith or gross misjudgment. Speculating that the ISD's employee had all the facts about G.G. through an alleged informal discussion with one IEP team member fails to sufficiently plead a plausible allegation of bad faith or gross misjudgment. It is a threadbare speculative assertion that *Ashcroft* prohibits. Thus, for these reasons, and those in the ISD's motion and brief, the ADA and § 504 claims should be dismissed for the failure to state a claim on which this Court can grant relief.

## CONCLUSION

Plaintiff filed this civil action on August 12, 2024, more than three months after her May

7, 2024 deadline under 20 U.S.C. § 1415(i)(2)(B). The Court therefore lacks jurisdiction over Count I as asserted against the ISD. Counts III and IV fail to state claims for which this Court can grant relief because the Plaintiff fails to plausibly allege that a KPS employee's alleged decision on placement was agreed to by the ISD. And she speculates that the ISD's (in)action with respect to a placement decision was solely because of G.G.'s disability. Lastly, she fails to plausibly allege bad faith or gross misjudgment. The Court should therefore grant the ISD's motion and dismiss it with prejudice from this action.

>Respectfully submitted,
>
>/s/ TRAVIS COMSTOCK
>GIARMARCO, MULLINS & HORTON, PC
>Attorney for Defendant, Kent ISD

DATED:  December 23, 2024

## CERTIFICATE OF COMPLIANCE

TRAVIS COMSTOCK certifies, in accordance with LCivR 7.2(b)(ii) and (iii), that pursuant to the Word Count function in Microsoft Word 365 for Business (Version 2411) that the number of words in this Reply brief total 4,282.

>/s/ TRAVIS COMSTOCK
>GIARMARCO, MULLINS & HORTON, PC
>Attorney for Defendant, Kent ISD

DATED:  December 23, 2024

## CERTIFICATE OF ELECTRONIC SERVICE

TRAVIS COMSTOCK states that on December 23, 2024, he did serve a copy of **Defendant, Kent ISD's Reply to Plaintiff's Response to Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)** via the United States District Court electronic transmission.

>/s/ TRAVIS COMSTOCK
>GIARMARCO, MULLINS & HORTON, PC
>Attorney for Defendant, Kent ISD

        101 W. Big Beaver Road, 10th Floor
        Troy, MI 48084-5280
        (248) 457-7036
        tcomstock@gmhlaw.com
        P72025