UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.G. obo G.G.,

Plaintiff,

v.

KELLOGGSVILLE PUBLIC
SCHOOLS, et al.,

Defendant.

Case No. 1:24-cv-833

Hon. Robert J. Jonker

### STIPULATED PROTECTIVE AND ESI ORDER

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the following Protective Order is issued to govern certain disclosures in this case:

1. **Scope**. All materials produced or adduced during discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of the Western District of Michigan and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories:

    a. information prohibited from disclosure by statute, prior judicial decree, or contract;

      b. research, technical, commercial, or other proprietary information that the party has maintained as confidential;

      c. medical or counseling information concerning any individual;

      d. nonpublic personal identity information. such as social security numbers, taxpayer ID numbers, driver's license numbers, full dates of birth, etc.;

      e. nonpublic financial information or records, such as financial transaction information, account numbers or account balances, income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; and

information or documents that are available to the public and social media information, regardless of the social media user's account privacy settings, may not be designated as Confidential Information.

3. **Designation**.

      a. <u>Procedure</u>.  A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, the term "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time that the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to document does not mean that the document has any status or protection by statute or

otherwise except to the extent and for the purposes of this Order. Any copies made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

b. <u>Inadvertent Failure to Designate</u>.  An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to subsequently so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order at Paragraph 4, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information.

c. <u>Inspection of Materials Prior to Production.</u>  If documents, materials, or other information are made subject to inspection prior to their production, no marking of those materials need be made by the producing party at the time of that inspection.  For purposes of such an inspection, all materials made available for the inspection shall be considered Confidential Information and subject to this

3

    Order at the time of the inspection. Thereafter, if any materials subject to that inspection are produced and the producing party wishes those materials to be considered Confidential Information under this Order, the producing party shall so designate them in accordance with the procedures set forth in this Order.

  d. <u>Certification by Counsel or Party</u>. The designation of materials as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this Order. By designating information as Confidential pursuant to this Order, counsel submits to the jurisdiction and authority of this Court concerning such designations and enforcement of this Order.

4. **Depositions**. Deposition testimony is protected by this Order only if two distinct actions are taken with respect to that testimony. First, deposition testimony must be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. Deposition testimony so designated shall be treated as Confidential Information protected by this Order until 30 (30) days after delivery of the transcript by the court reporter to any party or the witness. Second, within thirty (30) days of the delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying by page and line number the specific portions of the transcript that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court. Likewise,

testimony cannot be subsequently designated as Confidential Information unless it was specifically so designated on the record during or immediately upon completion of the subject deposition.

5. **Protection of Confidential Material**.

    a. General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, which includes any appeal thereof.

    b. Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9) below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information: (1) Counsel for the parties and employees of counsel who have responsibility for the action; (2) individual parties and officers, directors, employees, agents or representatives of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed; (3) the Court and its personnel; (4) court reporters and recorders engaged for depositions and/or hearings; (5) those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents but only after such persons have completed the certification contained in Attachment A ("Acknowledgment of Understanding and

Agreement to Be Bound by Protective Order"); (6) consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order"); (7) during their depositions, or in preparation for their trial or deposition testimony, third-party fact witnesses in this action to whom disclosure is reasonably necessary but only after such persons have completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order"). Third-party fact witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; (8) the author or recipient of the document in the regular course of business (not including a person who received the document in the course of litigation); and (9) other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed upon or ordered.

c. <u>Control of Documents</u>. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons

6

    acknowledging their obligations under this Order for a period of three (3) years after the termination of the case.

6. **Filing of Confidential Information**. This Order does not, standing alone, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 10.6. Specifically, a party wishing to use Confidential Information (or the contents thereof) in a pleading or other paper filed with the Court must first take reasonable efforts to redact that Confidential Information from public visibility and file the redacted pleading or other filing as the party would any other court submission according to the applicable rules and procedures. Only if a pleading or other paper containing Confidential Information cannot be reasonably redacted may a party seek to file that submission in its entirety under seal by filing an *ex parte* motion with the Court pursuant to Local Rule 10.6.

7. **No Greater Protection of Specific Documents**. Except on grounds of privilege not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for and obtains a court order providing such special protection.

8. **Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

    a. <u>Meet and Confer</u>. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation

was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days unless the parties agree to a longer timeframe.

b. <u>Judicial Intervention.</u> A party who elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent certification that affirms that the movant has complied with the meet- and-confer requirements of this Order. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

9. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order shall limit the Court's authority to make orders concerning the disclosure of documents produced in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party who asserts the need for confidentiality shall be responsible for notifying the parties and the Court of any extraordinary protections they deem are required.  The parties agree that redactions of identifying information such as name, address, social security number, dates of birth shall be presumptively acceptable to allow filing.

11. **Electronically Stored Information.**

   A. <u>**Preservation of ESI.**</u>

   With respect to preservation of ESI, the parties agree as follows:

   1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to backup and archive data. This does not apply to the duty to implement a "litigation hold" and ensure the preservation of relevant documents once the party reasonably anticipates litigation.

   2. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

      a. Deleted, slack, fragmented, latent or other data only accessible by forensics.
      b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.
      c. Online access data such as temporary internet files, history, cache, cookies, etc.
      d. Data in metadata fields that are frequently updated automatically, such as last-opened dates.
      e. Back-up data that is substantially duplicative of data that is more accessible elsewhere.
      f. Server, system, or network logs.
      g. vii. Data remaining from systems no longer in use that is unintelligible on the systems in use.
      h. Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices provided that a copy of all such electronic data is saved in an accessible format elsewhere (such as on a server, laptop, desktop computer, or cloud storage).

9

B. **ESI Discovery Procedure and Format.**

1. On-site inspection of electronic media. Such an inspection shall not be permitted absent a court order or by agreement of the parties.

2. Custodians and search methodology. Following service of discovery requests, the responding party shall identify its own custodians most likely to have discoverable ESI in their possession, custody, or control, and identify third-party data sources, if any, likely to contain discoverable ESI. Thereafter the parties shall meet and confer regarding the use of reasonable search terms and date ranges or an appropriate computer- or technology-aided methodology for each custodian, before any such ESI search effort is undertaken.1 The parties shall continue to cooperate in modifying and/or eliminating custodians, third-party data sources, and search terms or computer- or technology-aided methodology as is appropriate to ensure the scope of discovery does not exceed the limits of Federal Rule of Civil Procedure 26. In determining the appropriate custodians, search terms, and third-party data sources, the parties reserve all rights to raise objections to discovery from any sources or custodians, or the use of search terms, based on relevance, privilege, proportionality, burden, and expense.

3. Non-responsive, privileged, or private documents. The fact that any document has been identified in agreed-upon search term filters shall not prevent any party from withholding such document from production on the grounds that the document is not responsive, that it is protected from disclosure by applicable privilege or immunity, that it is governed by FERPA or another applicable privacy law or regulation, that it contains commercially sensitive or proprietary non-responsive information, or that the Protective Order allows the document to be withheld.

10

4. <u>Format</u>. The parties agree that ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats may include, but are not limited to, native, TIFF (with a companion text file), and searchable PDF. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database and drawing files, should be produced in native format. Each document image file shall be named with a unique bates number as set forth in Section II.7 below (e.g. the unique Bates Number of the page of the document in question, followed by its file extension). When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, including metadata and, where applicable, the revision history. In the event redactions are applied, the files will be produced as redacted PDFs.

5. <u>De-duplication</u>. A producing party shall take reasonable steps to de-duplicate ESI horizontally and/or globally to reduce unnecessary production and associated expense.

6. <u>Metadata fields</u>. The parties will confer and agree on the production of metadata fields.

7. <u>Naming conventions</u>. The parties agree to Bates label each document with an alpha prefix with an 8-digit number (e.g., MDE_00000001). To the extent applicable, parties should also include a field indicating the custodian from which the document was collected.

8. <u>Color Copies</u>.  Generally, productions need not be in color, unless good cause is shown.

9. <u>No Obligation to Convert Third Party Productions</u>. The parties agree that any document production received from a third party, if any, shall be produced in the format

in which it was received, except that if a third party fails to include Bates numbers on its production, the receiving party shall affix the documents with a common-sense naming convention consistent with Section II(7) and advise all parties of having done so.

C. **Miscellaneous Discovery Issues.**

1. Proportionality required. The proportionality standard set forth in Fed. R. Civ. P. 26(b)(2)(C) must be applied when formulating discovery requests. To further the application of the proportionality standard, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

2. Objections. The parties reserve the right to raise any objections permissible under the Federal Rules of Civil Procedure, including any and all objections relating to relevance, proportionality, burden, and expense.

3. Previously produced documents. The parties agree that any documents which were produced prior to the issuance of this Order will be re-produced to comply with this Order. Documents produced in connection with Initial Disclosures should be produced again, if necessary, to comply with this Order.

4. Privilege logs. The parties agree that any party asserting a privilege will produce a privilege log within thirty days of production of the documents upon which the privilege is asserted.

5. Service by electronic means. All parties consent to service of discovery responses, including any document production, by electronic means. *See* Fed. R. Civ. P. 5(b)(2)(E)-(F).

6. Costs and expenses. The parties reserve their rights to seek and collect all costs and

expenses associated with ESI as is appropriate and to the extent permitted by the Federal Rules of Civil Procedure.

**D. <u>Clawback Agreement</u>**.

1. <u>Production not Waiver of Privilege</u>.  The parties acknowledge that, while each party shall make a diligent effort to identify and withhold from production any record or ESI that is subject to the attorney-client privilege, work-product doctrine, or other legal privilege or protection, given the volume and nature of ESI and/or records exchanged, there is a possibility that certain such privileged or protected records or ESI may be inadvertently produced. Accordingly, the parties agree that the production of any record or ESI which, prior to production, was subject to an applicable privilege or protection, shall not constitute waiver of the privilege or protection, either as to the particular record or ESI or generally, provided the producing party complies with the provisions of this Agreed Order.

2. <u>Producing Party</u>. In the event a party inadvertently produced a document(s) that would otherwise be covered by the attorney-client privilege, the work product protection doctrine, or a comparable privilege or protection, that party may, promptly after discovering the inadvertent disclosure, request that the protected document(s) be returned. If the producing party claims that only a portion of the record/ESI was inadvertently produced, the producing party shall provide with the notice of inadvertent production a new copy of the record/ESI with the allegedly privileged portions redacted.

3. <u>Receiving Party</u>. Upon the producing party's notice of mistaken production of a protected document to the receiving party, the receiving party agrees that it shall not

13

use the document for any purposes, except that the receiving party shall have the right to challenge the assertion of privilege or protection against disclosure and request an order denying such assertion. In addition, upon receipt of a notice of inadvertent production from the producing party, the receiving party shall promptly secure the specified record/ESI, any copies of it, and any notes that reproduce, copy, or otherwise disclose the substance of the privileged information. If the receiving party chooses not to contest the assertion of privilege, the receiving party shall promptly return the specified record/ESI to the producing party and any copies of it, and shall destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged information, the receiving party does not waive any right it has to challenge the assertion of privilege, or to request an order denying such privilege. If the receiving party challenges the assertions of protection on any ground, including waiver, it shall do so within thirty (30) days following notice by letter to counsel for the party asserting protection, specifying the basis for the challenge. If, following a meaningful opportunity to meet and confer, the parties do not resolve the challenge the party challenging the claim of protection shall seasonably move to compel production of the disputed document(s).

4. <u>Notification</u>. A receiving party is under a good-faith obligation to notify the producing party of any produced document which appears on its face or considering facts known to the receiving party to be protected. Such notification shall not waive the receiving party's ability to subsequently challenge any assertion of privilege with respect to the identified document.

12. **Obligations upon Conclusion of Litigation**.

a. <u>Order Continues in Force</u>. Unless otherwise agreed upon or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b. <u>Obligations upon Conclusion of Litigation</u>. Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the producing party may make demand upon the receiving party for return or destruction of all materials considered Confidential Information under this Order, including "copies" and electronic copies as defined above. No party shall have any obligation to return or destroy Confidential Information if such a demand is not timely made. Where the demand for return or destruction is timely made, the subject documents shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) to the extent retention is required by other laws, rules or regulations, including the Michigan Rules of Professional Conduct. The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Confidential Information or Confidential Information contained in deposition transcripts or drafts or final expert reports.

c. <u>Retention of Work Product and One Set of Filed Documents</u>. Notwithstanding the above requirements to return or destroy documents, counsel may retain:

15

    (1) attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her own work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or otherwise violate this Order.

  d. <u>Deletion of Documents Filed under Seal from Electronic Case Filing (ECF) System</u>. Filings under seal shall be deleted from the ECF system only upon order of the Court.

13. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

14. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

15. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED.**

/s/ Robert J. Jonker
**ROBERT J. JONKER**
**United States District Judge**

DATED:     September 9 , 2025

**IT IS SO STIPULATED:**

On behalf of our clients, we stipulate to entry of the above order.

DATED:     September 4, 2025     Respectfully submitted,

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour (P78203)
Abdnour Weiker LLP
325 E. Grand River Ave., Ste. 250
East Lansing, MI 48823
P: (517) 994-1776
F: (614) 417-5081
liz@education-rights.com

*Attorneys for Plaintiff*

*/s/ Mark T. Ostrowski with permission*
Mark T. Ostrowski (P49761)
Kluczynski Girtz & Vogelzang
3033 Orchard Vista Drive, S.E., Suite 308
Grand Rapids, MI 49546
Direct: (616) 559-8649
marko@kgvlaw.com

*Attorneys for Defendant Kelloggsville Public Schools*

*/s/ Travis Comstock with permission*
Travis Comstock (P72025)
Giarmarco, Mullins & Horton, P.C.
Tenth Floor Columbia Center

17

101 West Big Beaver Road
Troy, Michigan  48084-5280
Phone: (248) 457-7036
Fax: (248) 404 6311
Email: tcomstock@gmhlaw.com

*Attorneys for Defendant Kent ISD*

ATTACHMENT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that they have read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof and agrees to be bound by those terms.  The undersigned submits to the jurisdictions of the United States District Court for the Western District of Michigan in matters relating to the aforementioned and attached Protective Order and understands that the terms of the Order obligate them to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above- captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.  The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name (printed): _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____

Signature: _____