## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is effective as of this 2nd day of December, 2025, and entered into by and between (among):

"PLAINTIFF":   ▬▬▬▬▬▬▬▬ (hereinafter "L.G.") on behalf of ▬▬▬▬▬▬▬▬ (hereinafter "G.G.," a minor).

"SCHOOL DISTRICT DEFENDANTS":   Kelloggsville Public Schools (or "KPS").

### RECITALS

1. Plaintiff L. G. is the mother of G.G., who is a disabled minor. Plaintiff enrolled G.G. at Kelloggsville Public Schools in September of 2022. Plaintiff was dissatisfied with the pre-school special education provided to G.G. and filed a due process complaint with the Michigan Department of Education. An evidentiary hearing was held from March 20, 2024 through March 22, 2024 via zoom before Administrative Law Judge Lindsay Wilson with the Michigan Office of Administrative Hearings and Rules. Post hearing briefs were submitted to Judge Wilson and a Decision and Order was entered on May 15, 2024.

2. Plaintiff then filed a federal lawsuit captioned L.G. o/b/o G.G. v. Kelloggsville Public Schools, et al., in the U.S. District Court for the Western District of Michigan, alleging the following claims against KPS, Kent County Intermediate School District, and the Michigan Department of Education: 1) an appeal of the special education due process hearing decision under the Individuals with Disabilities in Education Act; and 2) disability discrimination under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and Michigan's Persons with Disabilities Act ("the Lawsuit"). The Court assigned case number 1:24-cv-833 and the Honorable Robert J. Jonker to the matter. Judge Jonker dismissed the claims against the Michigan Department of Education with prejudice but the claims against Kelloggsville Public Schools and Kent Intermediate School District remain pending.

3. Plaintiff and Kelloggsville Public Schools have reached an agreement to resolve the dispute between them in accordance with the terms set forth below. Kelloggsville Public Schools denies any wrongdoing and contends the resolution of this matter should not be deemed an admission of fault. There is no agreement between Plaintiff and Kent Intermediate School District and this release has no impact on the claims between them which remain pending before the U.S. District Court for the Western District of Michigan, or any appeal Plaintiff may choose to pursue against the Michigan Department of Education.

4. The parties to this Settlement Agreement and General Release desire to enter into this Agreement in order to provide for a certain payment to Plaintiff in **FULL SETTLEMENT AND DISCHARGE OF ANY AND ALL CLAIMS MADE OR WHICH COULD HAVE BEEN MADE AGAINST DEFENDANT, KELLOGGSVILLE PUBLIC**

**SCHOOLS AND/OR ANY OF ITS, CURRENT OR FORMER BOARD MEMBERS, ADMINISTRATORS, TEACHERS, EMPLOYEES, AND SCHOOL INSURANCE POOL,** arising out of, or related to, the events described in Recitals 1 and 2 above, and more fully described in the Complaint. The Complaints and any Amended Complaints filed in the Lawsuit are incorporated herein by reference. This Agreement is upon the terms and conditions set forth below along with those set forth in the Term Sheet dated September 25, 2025, attached as Exhibit A.

## AGREEMENT

5. Kelloggsville Public Schools agrees to provide a total payment of Sixty-Five Thousand Dollars ($65,000.00) to Plaintiff and her attorneys, Abdnour Weiker, LLP, to be allocated as follows: a) $43,333.33 for compensatory education services due to alleged educational need and physical, medical, and/or behavioral health services due to alleged physical and emotional distress, and b) $21,666.67 for attorney's fees. This is the only amount to be paid pursuant to this Agreement and includes any and all liability, costs, expenses and/or attorney fees. The parties acknowledge that this settlement being made on behalf of a minor requires court approval and agree to cooperate in obtaining approval with plaintiff's counsel to file a motion seeking same. The settlement check shall be issued within 30 days of court approval, will be made out to "Abdnour Weiker LLP," and will be delivered to Plaintiff's Attorney at 262 S. 3rd Street, Columbus, Ohio 43215 by certified mail with tracking, and tracking information shall be provided to Elizabeth Abdnour via email at liz@education-rights.com.

6. In exchange for the payment described above, Plaintiff agrees to completely release and forever discharge Kelloggsville Public Schools, and any person or entity associated with them, from all past, present or future claims, demands, obligations, actions, causes of action, rights, damages, costs, loss of services, expenses and compensation of any nature whatsoever, whether based on tort, contract or any other theory of recovery, which the Plaintiff now has, may have, or which may hereafter accrue or otherwise be acquired, on account of, or in any way arising out of, or related to the incidents described in Recitals 1 and 2 above and any Complaints or Amended Complaints filed in the Lawsuit, including, without limitation, any and all known or unknown claims for bodily, emotional, psychological, educational, and personal injuries to Plaintiff or G.G., or any future claim brought by representatives or heirs of Plaintiff or G.G.

7. The parties hereby agree that Plaintiff releases Kelloggsville Public Schools and the school district's past or current employees, Board Members, Administrators, and/or Self Insured Insurance Pool ("the KPS Defendants") from any and all claims existing or potential, any liability or other legal or equitable relief, arising out of, or related to, any event, occurrence, facts and/or circumstances taking place prior to the date of execution of this Agreement.

8. It is expressly understood and agreed that this Agreement applies to all claims made in the Lawsuit against Kelloggsville Public Schools and/or any of its

employees, board members or agents, along with any other claim which Plaintiff or G.G. may have, or had, based on any occurrence, event or fact which precedes the date of this Agreement which could have been brought against Kelloggsville Public Schools or anyone associated with it. Plaintiff hereby agrees and acknowledges the claims released herein are not limited to matters which are known as of the date hereof.

9. Plaintiff agrees to dismiss with prejudice and without costs or attorney fees to any party the claims made in the Lawsuit against Kelloggsville Public Schools. Plaintiff agrees that this settlement extinguishes and forever prevents resurrection of the claims set forth in those actions, or any other claim arising out of, or related to, the facts alleged in the Lawsuits, against the KPS Defendants. Plaintiffs agree that the KPS Defendants or their insurer shall be entitled to immediate dismissal and payment of their legal expenses including actual attorney fees in the event any attempt is made to re-file those or related claims.

10. Plaintiff acknowledges and agrees that this Agreement is a general release. Plaintiff expressly waives and assumes the risk of any and all claims for damages which exist as of this date, but for which she does not know or expect to exist, whether through ignorance, oversight, error, negligence or otherwise. The parties acknowledge they have accepted the terms specified herein as a complete compromise of matters involving disputed issues of law and fact. It is understood and agreed by the parties that this settlement is a compromise of disputed claims and that the terms and conditions hereof are not to be construed as an admission of any liability on the part of Kelloggsville Public Schools or any of its board members, administrators, and/or employees.

11. By entering into this Agreement, Plaintiff acknowledges and represents that she has relied upon the advice of her attorney, Elizabeth Abdnour, who is the attorney of her own choice, concerning the legal consequences of this Agreement, that the terms of this Agreement have been completely read and explained to her by her attorney, and that the terms and conditions of this Agreement are fully understood and voluntarily accepted by her.

12. Plaintiff represents and warrants that she has the sole right and exclusive authority to execute this Agreement.

13. This Agreement shall be construed and interpreted in accordance with the laws of the State of Michigan.

14. This Agreement along with the term sheet attached as Exhibit A contain the entire agreement between Plaintiffs and Kelloggsville Public Schools with regard to the matters set forth in it, and it shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each. The parties acknowledge that there are no other understandings or agreements, verbal or otherwise, in relation to this Agreement between the parties except as herein expressly stated.

15. This Agreement cannot be changed or terminated orally and except as otherwise specifically provided herein, no change, modification, addition, or amendment shall be valid unless in writing signed by or on behalf of all parties hereto.

16. This Agreement may be executed non-simultaneously and in counterparts and shall be effective as of December 2, 2025.

17. If any provision of this Agreement or its application to a given set of circumstances is deemed, in whole or in part, to be invalid or unenforceable, then to the extent possible, consistent with the intent of this Agreement, such provisions shall be interpreted to avoid their prohibitive effect and to apply to those circumstances where its application is permissible. In all respects, this Agreement shall be construed as if such provision had not been made a part hereof and the remainder of this Agreement shall remain in full force and effect.

18. Plaintiff warrants and represents that G.G. is not a recipient of Medicare benefits, is not a Medicare beneficiary and has no reasonable expectation of becoming a Medicare beneficiary within 30 months of this settlement. Plaintiff agrees to execute a Medicare affidavit to be provided by Defendant confirming G.G.'s status as a Medicare beneficiary.

19. Plaintiff agrees to provide any information necessary to comply with the Medicare/Medicaid reporting requirements. Plaintiff agrees that it is her responsibility and not that of Defendant or the Self Insured Insurance Pool to pay for any and all, past, present, and/or future medical expenses arising out of or related to the incident described in Recitals 1 and 2. Plaintiff agrees that it is her responsibility to protect Medicare and/or Medicaid's interest regarding any payments previously made, or which might be made in the future, by those entities on their behalf arising out of or related to any injury or illness arguably connected with the claims made in the Lawsuit.

20. Plaintiff agrees that if there are any outstanding debts, obligations, liens, or claims upon her for reimbursement for benefits, services, accommodations, medical treatment, and the like, arising out of or related to the claims made against Defendant, including, but not limited to, Medicare/Medicaid liens, they will be responsible to satisfy them. Plaintiff affirms there are no Medicare/Medicaid claims or liens outstanding for any medical services or treatment provided for any conditions, physical or emotional related to this matter. Plaintiff agrees to indemnify and hold Defendant and the Self Insured Insurance Pool harmless from any claims, liens, or lawsuits brought on their behalf or through them, by their creditors or heirs at law, Medicare, Medicaid, insurer, or other health care providers regarding any services or products provided which are related to any harm or injury arising out of, or related to, the claims made against Defendant. This indemnification and hold harmless agreement shall include costs, expenses, reasonable and actual attorney's fees, and expert witness fees.

21. The parties acknowledge this Agreement is supported by good and valuable consideration and the terms contained in this Agreement are meaningful.

22. Plaintiff represents that she had a complete opportunity to consult with members of her family, legal counsel of her selection, tax advisors, as well as health care providers and/or other medical personnel from whom they may receive services relative to the advisability of entering into this Agreement. After undertaking such consultations, or having had adequate opportunity to do so, Plaintiff knowingly, voluntarily, and independently concludes that it is in her G.G.'s best interest to accept the terms and benefits set forth in this Agreement.

23. The parties agree the terms of settlement and the contents of this Agreement are and shall remain confidential with the exception that the parties may notify accountants, attorneys, staff members with a need to know in order to carry out school business, immediate family members, and persons with need to know for any supplemental proceeding to finalize the terms of this Agreement. This Confidentiality provision is mutual. Notwithstanding the foregoing, the parties may make the following disclosures: (1) disclosures mandated by legislative, judicial, and/or administrative order, rule, or regulation; (2) disclosures to any taxing authority for the purpose of submitting the respective party's tax information to that tax authority; (3) disclosures required by governmental regulatory bodies with the legal right to review the books and records of a party; and (4) any other disclosure which is mandated by applicable law, regulation, rule, or order. Further, nothing in this document shall limit the truthful testimony of either party.

24. The parties also agree to refrain from disparaging one another or anyone associated with them for any topic related to the allegations made in the lawsuit, including without limitation, any Kelloggsville Public School's teachers, administrators and/or staff, Plaintiff, and G.G. Disparaging conduct prohibited includes, without limitation, insulting, demeaning, profane language or gestures, and defamatory statements.

25. Plaintiff understands and agrees that she is solely responsible for payment of any taxes which might be owed as a result of receipt of the settlement proceeds.

26. All parties agree to cooperate fully to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

27. All parties to this Agreement have participated in the drafting and preparation of this Agreement and acknowledge that it shall not be construed more strongly against nor more favorably for the benefit of any party over another.

[Signatures Begin on Next Page]

Dated: 12/5/25

STATE OF MICHIGAN  )
                   ) ss.
COUNTY OF KENT     )

On the 5th day of December, 2025, the above person, ▮▮▮▮▮▮▮▮▮▮ personally appeared before me and made oath that she has read and signed the foregoing Settlement Agreement and General Release as her own free act and deed.

GABRIEL SAVERCOOL
Notary Public - State of Michigan
County of Kent
My Commission Expires Jun 13, 2032
Acting in the County of Kent

Notary Public
Kent County, Michigan
My Commission Expires:
Acting in the County of Kent

Dated: 12/05/25

Kelloggsville Public Schools
By its Superintendent, James Alston

STATE OF MICHIGAN  )
                   ) ss.
COUNTY OF KENT     )

On the 22 day of December, 2025, the above person, James Alston, personally appeared before me and made oath that he has read and signed the foregoing Settlement Agreement and General Release as his own free act and deed.

MEGAN LEROUX
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF ALLEGAN
My Commission Expires Feb. 4, 2032
Acting in the County of Kent

Notary Public
Kent County, Michigan
My Commission Expires: February 4, 2032
Acting in the County of Kent

APPROVED AS TO FORM ONLY:

By: _____
Elizabeth Abdnour (P78203)
Attorney for Plaintiffs

Dated: 12/23 , 2025

By: _____
Mark T. Ostrowski (P49761)
Attorney for Defendants

Dated: 12/19 , 2025