UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **L.G. obo G.G.,**<br><br>        Plaintiff,<br><br>v.<br><br>**KELLOGGSVILLE PUBLIC SCHOOLS, et al.,**<br><br>        Defendants. | Case No.: 1:24-cv-833<br><br>Hon. Robert J. Jonker<br><br>**PLAINTIFF'S REPLY TO DEFENDANT KENT ISD'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| Elizabeth K. Abdnour (P78203)<br>Coriann Gastol (P74904)<br>Jacquelyn Kmetz (P83575)<br>ABDNOUR WEIKER LLP<br>325 E. Grand River Ave., Ste. 250<br>East Lansing, MI 48823<br>(517) 994-1776<br>liz@education-rights.com<br>coriann@education-rights.com<br>jacquelyn@education-rights.com<br><br>*Attorneys for Plaintiff* | Timothy J. Mullins (P28021)<br>Travis M. Comstock (P72025)<br>GIARMARCO, MULLINS, & HORTON, P.C.<br>Tenth Floor Columbia Center<br>101 West Big Beaver Rd.<br>Troy, MI 48084-5280<br>(248) 457-7036<br>tmullins@gmhlaw.com<br>tcomstock@gmhlaw.com<br><br>*Attorneys for Defendant Kent ISD* |

**PLAINTIFF'S REPLY TO DEFENDANT KENT ISD'S
RESPONSE TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

**COUNTER-STATEMENT OF FACTS**

Plaintiff L.G. acknowledges that the ALJ dismissed Defendant Kent Intermediate School District (Kent ISD) from the underlying due process proceeding. Compl., ECF No. 1, PageID.26 at ¶ 176. Plaintiff disagrees with that dismissal and timely filed this appeal, detailing her dispute with the Administrative Law Judge ("ALJ")'s decision. *Id.* at PageID.1-61. Relatedly, Plaintiff filed a Motion for Summary Judgement regarding why the ALJ's decision was contrary to law and seeking to remand this case for a due process hearing on the merits. Plaintiff's Mot. for Summary

Judgment, ECF No. 62, PageID.2969-2970; Plaintiff's Brief in Support of Mot. for Summary Judgment, ECF No. 62-1, PageID.2971-2984.

### ARGUMENT

**A. Kent ISD should not have been dismissed from the due process proceeding.**

Defendant Kent ISD's reliance on *Y.A. by Alzandani v. Hamtramck Pub. Sch.*, 137 F.4th 862 (6th Cir. 2025) and *D.L., et al v. Michigan Department of Education*, Case No. 1:22-cv-00838 (W.D. Mich., Sept. 24, 2025) (ECF No. 62-4) to argue that Kent ISD is not responsible for G.G.'s receipt of FAPE is misplaced. Def. Resp. to Plaintiff's Mot. for Summary Judgment, ECF No. 64, PageID.2997-3000. As Defendant Kent ISD acknowledges, both of these cases looked specifically at the Michigan Department of Education ("MDE")'s culpability as the state educational agency ("SEA") in a student's receipt of FAPE. *Id.* As quoted by Defendant Kent ISD, "What 'doom[ed]' the plaintiffs' claims against MDE in *Y.A.* was that it was the local school district that allegedly denied certain educational services or benefits and thus 'they [did] not have a claim *against the State*.'" *Id.* at PageID.2998 (citing *Y.A.*, 137 F.4th at 870) (emphasis added). What Defendant Kent ISD fails to quote, or otherwise reference, in its reliance on *Y.A.* is the Court's extensive reasoning regarding the federal government's inability to abrogate a State's sovereign immunity as central to their decision that MDE could not be held liable for the local school district's failures under IDEA. *See Y.A.*, 137 F.4th at 867-869. Therefore, it is notable and distinguishable here that Defendant Kent ISD is a local educational agency ("LEA"), *not* an SEA, and therefore directly responsible for the provision of FAPE even if it does have some overlapping supervisory responsibilities in addition to the specific services, activities, and benefits it provides.

As noted in Plaintiff's Motion for Summary Judgment, MDE has stated its position that ISDs are considered LEAs in Michigan, as Plaintiff argued in her response to Defendant's Motion

2

to Dismiss during the due process proceedings. Plaintiff's Brief in Support of Mot. for Summary Judgment, ECF No. 62-1 at PageID.2975.

The IDEA is clear that its provisions apply to ISDs:

> **Applicability of this part to State and local agencies.**
>
> (a) *States.* This part applies to each State that receives payments under Part B of the Act, as defined in § 300.4.
>
> (b) *Public agencies within the State.* The provisions of this part—
>
>> (1) Apply to all political subdivisions of the State that are involved in the education of children with disabilities, including:
>>
>>> (i)     The State educational agency (SEA).
>>>
>>> (ii) Local educational agencies (LEAs), educational service agencies (ESAs), and public charter schools that are not otherwise included as LEAs or ESAs and are not a school of an LEA or ESA.
>>>
>>> (iii) Other State agencies and schools (such as Departments of Mental Health and Welfare and State schools for children with deafness or children with blindness).
>>>
>>> (iv) State and local juvenile and adult correctional facilities; and
>>
>> (2) Are binding on each public agency in the State that provides special education and related services to children with disabilities, regardless of whether that agency is receiving funds under Part B of the Act.

*Id.* at PageID.2976 (citing 34 C.F.R. § 300.2 (emphasis in original)).

Michigan has promulgated several legal provisions that "exceed the federal basic floor of meaningful, educational opportunity." *Id.* at PageID.2978. Pursuant to 34 C.F.R. § 300.705(a), 815, Michigan Administrative Rules for Special Education ("MARSE") Part 7 requires that each ISD in Michigan submit a plan ("ISD Plan") for special education, which must be approved by the

3

district's superintendent, which corresponds to the assurances that each LEA must provide to receive federal funding. *Id.* (citing MARSE R. 340.1831). The same part prescribes that:

> (1) The department shall establish monitoring procedures, criteria, and evaluation activities to ensure that minimum standards are being achieved by all public agencies.
>
> (2) Each intermediate school district shall implement monitoring procedures and evaluation methods developed by the department to ensure that the standards and criteria established are being achieved by the intermediate school district, their constituent local school districts, and their public school academies.

*Id.* (citing MARSE R. 340.1839). Through these additional obligations concerning monitoring and evaluation procedures, the State of Michigan demonstrates that it views the ISD, in this case Defendant Kent ISD, as an integral part of ensuring that state educational standards are met and thus ensuring that the requirements of IDEA are met. *Id.*

IDEA, state law, the corresponding implementing regulations, and practice have created a system where an ISD, such as Defendant Kent ISD, is responsible for ensuring a FAPE. Among an ISD's responsibilities are "investigating complaints made about the special education program and services provided by constituent districts" and "maintaining a record of all students who are eligible for special education programs and services within the boundaries of one of its constituent districts." Def. Kent ISD's Mot. to Dismiss, ECF No. 46-1, PageID.2507 (citing M.C.L. 380.1711). ISDs are also responsible for maintaining a "record of…the special education programs or services in which the student with a disability is participating…," M.C.L. 380.1711(1)(f), "[h]ave the authority to place in appropriate special education programs or services a student with a disability for whom a constituent district is required to provide special education programs or services…," M.C.L. 380.1711(1)(g), and operating "the special education programs or services or contract for

4

the delivery of special education programs or services by local school district boards, in accordance with section 1702, as if a local school district under section 1751," M.C.L. 380.1711(1)(i).

In addition to the testimony cited in the Complaint, MDE has issued guidance demonstrating its position that ISDs are LEAs in Michigan:

> MDE provides IDEA Part B subgrants to each eligible Intermediate School District (ISDs). <u>IDEA Part B Local Education Agency (LEA) eligibility requirements apply to ISDs or Education Service Agencies as the LEA (subrecipient) receiving the IDEA Part B grant and responsible for ensuring that the requirements of this part are met.</u> A condition of eligibility for an IDEA Part B subgrant, is that in providing for the education of children with disabilities within its jurisdiction, the ISD must have in effect policies, procedures, and programs that are consistent with the State policies and procedures established as required in IDEA §1412(a).

MICH. DEP'T OF EDUC., MICHIGAN DEPARTMENT OF EDUCATION (MDE) AND INTERMEDIATE SCHOOL DISTRICT (ISD) GENERAL SUPERVISION RESPONSIBILITIES at 2 (Mar. 2003), https://training.catamaran.partners/wp-content/uploads/2025/04/Michigan-Department-ofEducation-MDE-and-Intermediate-School-District-ISD-General-Supervision-Roles.pdf (emphasis added).

Contrary to Defendant's claim that *Y.A.* and *D.L.* create a "general rule" regarding a "supervisory educational agency," those two cases create only a rule that the state cannot be held liable for an LEA's denial of FAPE to students. *See Y.A.*, 137 F.4th at 870 ("It is precisely because school districts are not merely arms of the State, but truly independent entities, that they may not invoke the State's immunity as a bar to suit."); *see D.L., et al v. Michigan Department of Education*, ECF No. 61-4, PageID.2967 ("This Court finds that neither the IDEA, nor Section 504 of the RA, nor Title II of the ADA renders a state educational agency vicariously liable for the actions of a local educational agency."). Therefore, as noted above and as further detailed in Plaintiff's Motion for Summary Judgment, Defendant Kent ISD is an LEA that can, and must, be held accountable

5

for its denial of FAPE to G.G. For these reasons, Plaintiff is entitled to summary judgment as a matter of law. There is no genuine issue of material fact for which a jury could find that, under the legal framework, Defendants did not have a legal obligation to ensure G.G. received FAPE and Plaintiff is entitled to present her case on its merits to a due process hearing.

> **B. The Hearing Officer's decision to dismiss Kent ISD improperly denied Plaintiff of her right to a decision on her due process complaint under the IDEA.**

While Defendant Kent ISD is correct that a decision for summary disposition is a decision on the merits (Def. Resp. to Plaintiff's Mot. for Summary Judgment, ECF No. 64, PageID.3002), Plaintiff is appealing that decision as an error of law. Compl., ECF No. 1, PageID.1-61. As also Defendant Kent ISD acknowledges, a "decision on a due process complaint is required to be made '*on substantive grounds*' regarding whether there was a denial of FAPE." *Id.* (citing 20 U.S.C. § 1415(f)(1)(E) (emphasis added). Here, due to the ALJ's incorrect decision dismissing Defendant Kent ISD as a defendant in the due process proceedings, there was never a *substantive* decision on whether Defendant Kent ISD denied G.G. FAPE. Plaintiff was not permitted the opportunity to present direct witnesses, cross examine witnesses, or present exhibits regarding Defendant Kent ISD's failure to provide FAPE to G.G. Thus, because Plaintiff was denied this opportunity and a decision on her actual due process complaint, the appropriate remedy is to remand this matter for a due process hearing against Defendant Kent ISD.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, Plaintiff requests that this Court deny Defendant Kent ISD's Motion for Summary Judgment.

| | |
|---|---|
| Dated: December 23, 2025 | Respectfully submitted,<br>ABDNOUR WEIKER LLP<br><br>*/s/ Elizabeth K. Abdnour*<br>Elizabeth K. Abdnour (P78203)<br>Coriann Gastol (P74904)<br>Jacquelyn Kmetz (P83575)<br>325 E. Grand River Ave., Ste. 250<br>East Lansing, MI 48823<br>(517) 994-1776<br>liz@education-rights.com<br>coriann@education-rights.com<br>jacquelyn@education-rights.com<br><br>*Attorneys for Plaintiff* |

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this Brief complies with the limits set forth in LCivR 7.2(b)(i). Further, based on the Word Count function of Microsoft Word for Mac word processing software, applied to include all include headings, footnotes, citations and quotations, but not to include the case caption, cover sheets, any table of contents, any table of authorities, the signature block, attachments, exhibits, and affidavits, I certify that this Brief contains 1598 words.

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2025, I filed this document by use of this Court's ECF system, which will serve copies to the Clerk of Courts and all counsel of record.

*/s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour