UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.G. o/b/o G.G.,

    Plaintiff/Appellant/Petitioner,

v

KELLOGGSVILLE PUBLIC SCHOOLS and
KENT INTERMEDIATE SCHOOL DISTRICT,

    Defendants/Appellees/ Respondents,

_____/

Judge Robert J. Jonker
Magistrate Sally J. Berens
No. 24-833

MOAHR Case No. DP-23-0017
MOAHR Case No. DP-24-0005

ELIZABETH K. ABDNOUR (P78203)
CORIANN GASTOL (P74904)
JACQUELYN KMETZ (P83575)
ABDNOUR WEIKER LLP
*Attorneys for Plaintiff*
325 E. Grand River Ave., Suite 250
East Lansing, MI 48823
(517) 994-1776
liz@education-rights.com
coriann@education-rights.com
jacquelyn@education-rights.com

TIMOTHY J. MULLINS (P28021)
TRAVIS M. COMSTOCK (P72025)
GIARMARCO, MULLINS & HORTON, P.C.
*Attorneys for Defendant, Kent ISD*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
tcomstock@gmhlaw.com

**DEFENDANT, KENT INTERMEDIATE SCHOOL DISTRICT'S REPLY TO
PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT
PURSUANT TO FED. R. CIV. P. 56**

**TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................................................1

LEGAL ANALYSIS......................................................................................................................1

I.  Plaintiff failed to timely file this action and no equitable reason excuse the late filing ..............................................................................................................1

    A.  The ALJ clearly gave notice to Plaintiff that there were two separate Complaints ..........................................................................................................1

    B.  A claims-processing rule is mandatory, absent a basis for tolling .....................3

    C.  There is no basis to apply either "equitable estoppel" or "equitable tolling" here ..........................................................................................................4

II. The ISD was not responsible for developing an IEP for G.G. and implementing FAPE......................................................................................................6

III. Plaintiff fails to state a claim for relief under § 504 and the ADA .................................9

CONCLUSION................................................................................................................12

# INDEX OF AUTHORITIES

**Cases**

*A.J.T. v. Osseo Area Sch., Indep. Sch. Dist. No. 279*, 605 U.S. 335 (2025) ............................. 11

*Carten v. Kent State Univ.*, 78 F. App'x 499 (6th Cir. 2003) ..................................................... 11

*Cheatom v. Quicken Loans*, 587 F. App'x 276 (6th Cir. 2014) ..................................................... 5

*CSX Transp., Inc. v. Meserole St. Recycling*, 618 F. Supp. 2d 753 (W.D. Mich. 2009) ............ 3

*Dequan A., next friend of J.L. v. Whitmer*, No. 23-CV-12675, 2025 WL 2647573
(E.D. Mich. Sept. 15, 2025) ......................................................................................................... 11

*Eberhart v. United States*, 546 U.S. 12 (2005) ......................................................................... 3,4

*Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541 (2019) ................................................................. 4

*G.E. v. Williamson Cnty. Bd. of Educ.*, 731 F. Supp. 3d 954 (M.D. Tenn. 2024) ..................... 11

*Henke v. E. Landing Pub. Schs.*, No. 1:25-CV-680, 2025 WL 3652906
(W.D. Mich. Dec. 17, 2025) ..................................................................................................... 3,8,9

*Holden v. Miller-Smith*, 28 F. Supp. 3d 729 (W.D. Mich. 2014) ................................................. 5

*Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89 (1990) ................................................................ 5,6

*J.T. by A.T. v. Chesapeake City Sch. Bd.*, No. 2:22-CV-347, 2023 WL 11891777
(E.D. Va. Mar. 17, 2023) ............................................................................................................... 6

*K.I. v. Durham Pub. Schs. Bd. of Educ.*, 54 F.4th 779 (4th Cir. 2022) ........................................ 4

*Laboratory Charter Sch. v. A.L.L.*, No. CV 24-5039, 2025 WL 1667361
(E.D. Pa. June 12, 2025) ................................................................................................................ 6

*Lawrence v. Florida,* 549 U.S. 327 (2007) ................................................................................... 5

*Manrique v. United States*, 581 U.S. 116 (2017) ......................................................................... 4

*Robertson v. Simpson*, 624 F.3d 781 (6th Cir. 2010) ................................................................... 4

*Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156 (5th Cir. 2011) ........ 11

*Taylor v. Palmer*, 623 F. App'x 783 (6th Cir. 2015) ................................................................... 5

*United States v. Mitchell*, No. 19-6040, 2020 WL 5525791 (6th Cir. Apr. 15, 2020) ...............4

**Statutes**

20 U.S.C. § 1414(b) ...............................................................................................................7

20 U.S.C. § 1415(f)(3)(C) .......................................................................................................5

20 U.S.C. § 1415(i)(2)(A) ...................................................................................................3,12

MCL 380.1702(1) ...................................................................................................................7

MCL 380.1702(3) ...................................................................................................................8

MCL 380.1711(1)(g) ...............................................................................................................7

MCL 380.1751(1) ...................................................................................................................7

## INTRODUCTION

Plaintiff's reason for not timely filing her civil complaint – her attorney's interpretations of what is a final decision in a separately docketed due process complaint – does not alter the fact that the 90-day deadline must be applied absent a basis for tolling. Conceding the trend that the deadline is a claim-processing rule, if it is missed, courts are still duty bound to apply it. And there is no basis to toll that deadline because of "garden variety neglect" such as Plaintiff's counsel misinterpreting the dismissal of Defendant. Kent Intermediate School District ("the ISD"), in a separately docketed due process complaint. Thus, Plaintiff's action here must be dismissed.

Even if the Court determines that tolling is available, the ISD is not the "LEA" responsible for providing special education programs and services to G.G. That "LEA" is Kelloggsville Public Schools ("KPS") under Michigan law because it is undisputed that G.G. resided in KPS's district at the relevant time. With respect to the ADA and § 504 claims, Plaintiff fails to demonstrate that she made a request **to the ISD** for any "accommodation". She, and others at the due processing hearing, confirmed the ISD was not notified of her preference for the Pine Grove program and did not attend the March 2023 IEP meeting at which she made that preference known to KPS. The failure to make any request is fatal to those claims, as is the lack of any proof of deliberate indifference given the ISD's undisputed lack of knowledge. Thus, the IDEA claim, along with the ADA and § 504 claims, must be dismissed.

## LEGAL ANALYSIS

I.  **Plaintiff failed to timely file this action and no equitable reason excuse the late filing.**

   A.  *The ALJ clearly gave notice to Plaintiff that there were two separate complaints.*

Plaintiff continues to downplay the clear fact that the ALJ below separated her two due process complaints into distinct complaints (i.e., pleadings) against the ISD on one hand and KPS on the other. (ECF No. 61, PageID.2809-12). Plaintiff did not initially file her due process

1

complaint against the ISD. When she decided **a month and half later** to file a complaint against the ISD, the ALJ separately docketed that complaint. (Id., Page.ID.2809-10). The myriads of pleadings, orders, and the decision dismissing the ISD clearly show that the Plaintiff was on notice of and acquiesced to the separation of her claims against the ISD. (Id., PageID.2810-12). This included multiple direct statements by the ALJ that Plaintiff's allegations against KPS were in a separate complaint. (ECF No. 46-1, PageID.2494; PageID.2358, n. 2).

Plaintiff cannot dispute that she did not contest the ALJ's separation of her distinct claims into two due process complaints. Plaintiff did not seek to move to consolidate the two distinct complaints based on the newly advanced argument that the facts were the same or "involved overlapping and joint action" supposedly taken by KPS and the ISD. (ECF No. 66, PageID.3011-12). In fact, her counsel below directly acknowledged the separate case and docket numbers on multiple occasions. (See., e.g., ECF No. 42-1, PageID.2064-65; ECF No. 46-1, PageID.2425).

Plaintiff's allegations against KPS did not in fact overlap with her solitary allegation against the ISD. That solitary allegation was that the ISD supposedly colluded with KPS to deny placement at Pine Grove. But the record is clear that Kim Fountaine, KPS's special education director, did not specifically ask about G.G. when calling to get general information about Pine Grove's student population. It is also undisputed that she did not disclose G.G. specifically during the generalized information gathering. (ECF No. 30-1, PageID.862, Trans., p. 841). Fountaine also admitted that, in her opinion, Pine Grove was not appropriate for G.G. and therefore did not initiate the mandatory needs review request to trigger the ISD's involvement in G.G.'s IEP. (Id., Trans., p. 839-40). Thus, there is no overlapping facts or any joint action given the solitary allegation against the ISD, and the ALJ properly separated the claims.

Returning to the timeliness issue, it does not hinge on whether "Plaintiff's claims against

2

Defendant KISD proceeded[.]" (ECF No. 66, PageID.3012). There is no dispute that her claims did not proceed because the ALJ dismissed the ISD because it had not contracted with KPS to be the entity that directly provided FAPE to G.G. (ECF No. 46-1, PageID.2367) ("[T]here is nothing to establish that Respondent ISD contracted with [KPS] to assume any responsibility for the provision" of FAPE to G.G.). And it is absurd for Plaintiff to argue that "there would only have been one due process hearing" given that the ALJ assigned separate case and docket numbers to the two complaints. (ECF No. 66, PageID.3012). It is pure speculation that if the ISD was not dismissed, there would have been a consolidation for purposes of the hearings. "Speculation, unsupported by facts in the record, is insufficient to create a genuine issue of material fact and falls short of what is required to survive summary judgment." *CSX Transp., Inc. v. Meserole St. Recycling*, 618 F. Supp. 2d 753, 775 (W.D. Mich. 2009) (citation omitted).

### B.  *A claims-processing rule is mandatory, absent a basis for tolling.*

Plaintiff does not dispute the ISD's argument that if 20 U.S.C. § 1415(i)(2)(A) is a claims-processing rule, as recently held in *Henke v. E. Landing Pub. Schs.*, No. 1:25-CV-680, 2025 WL 3652906 (W.D. Mich. Dec. 17, 2025), then binding precedent requires its application to bar the untimely claims here absent a basis to toll the time limit.

The Supreme Court has repeatedly held that if a claims-processing rule is properly raised, then it must be applied. In *Eberhart v. United States*, 546 U.S. 12 (2005), the Court analyzed bankruptcy court and criminal evidence Rules providing for a time limit on certain actions. *Id*., at 15-16. It held that even though those Rules were "non-jurisdictional claim-processing rules," *id*., at 16, they contained time limits that "district courts must observe . . . when properly invoked," unless the untimeliness is not challenged. *Id.*, at 17-18. Thus, when the untimeliness of an action is raised, "claim-processing rules thus **assure relief** to a party properly raising them." *Id*., at 19

3

(emphasis added). The Supreme Court later confirmed that "[i]f a party "properly raises" a claim-processing rule "they are 'unalterable.'" *Manrique v. United States*, 581 U.S. 116, 121 (2017).

The Supreme Court recently reiterated and confirmed its holdings in *Eberhart* and *Manrique*. "A claim-processing rule may be 'mandatory' in the sense that a court **must enforce the rule** if a party 'properly raise[s]' it." *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 548–49 (2019). (citation omitted; emphasis added). The Sixth Circuit relied on *Manrique* to hold that if a party "timely raises a defendant's failure to file a timely notice of appeal, 'the court's **duty is to dismiss** the appeal is **mandatory**." *United States v. Mitchell*, No. 19-6040, 2020 WL 5525791, at *1 (6th Cir. Apr. 15, 2020). See also *K.I. v. Durham Pub. Schs. Bd. of Educ.*, 54 F.4th 779, 791–92 (4th Cir. 2022) ("The [Supreme] Court [in *Fort Bend*] explained that a claims-processing rule could be 'mandatory' in the sense that a court must enforce the rule if properly raised."). Just as in *Eberhart, Manrique*, *Fort Bend*, and *Mitchell*, the ISD has timely raised the Plaintiff's failure to file this civil action within 90-days of the ALJ's decision issued on February 7, 2024. (ECF No. 46-1, PageID.2358). Thus, this Court's duty to dismiss the civil action "is mandatory" and "unalterable."

### C. There is no basis to apply either "equitable estoppel" or "equitable tolling" here.

While the Plaintiff's failure to timely file her civil action is grounds to dismiss it, courts have stated that "equitable arguments" may apply to overcome the mandatory and unalterable rule of dismissal. *K.I.*, 54 F.4th at 793. "The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (citation omitted). But "the doctrine of equitable tolling is used sparingly by federal courts." *Id*. (citation omitted). Relief under this doctrine is only available if Plaintiff meets her

4

burden to show that "(1) [she] has pursued [her] rights diligently; and (2) some extraordinary circumstance prevented timely filing." *Id.*, at 784 (citation omitted).[1]

Plaintiff's main argument for the application of equitable tolling is that her counsel below relied on his "reasonable interpretation" that he had to wait until the separately docketed due process complaint against KPS was final. This, of course, ignores the ALJ's unambiguous holding that her "Complaint against the Respondent ISD is dismissed with prejudice." (ECF No. 46-1, PageID.2368). But even if Plaintiff's failure to timely file was "caused by [her attorney's] mistaken belief" that he had to wait until a final decision was issued in the separate complaint against KPS, "such a mistake would not be a basis for tolling the statute of limitations." *Taylor v. Palmer*, 623 F. App'x 783, 788 (6th Cir. 2015) (citing, *inter alia*, *Lawrence v. Florida,* 549 U.S. 327, 336 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling.")). *Cf. Holden v. Miller-Smith*, 28 F. Supp. 3d 729, 738 (W.D. Mich. 2014) ("[T]he Court holds that equitable tolling of the IDEA's statute of limitations [in 20 U.S.C. § 1415(f)(3)(C)] is not available to Plaintiffs.")

Even if her attorney's misinterpretation is overlooked, equitable tolling is limited to situations to "where the claimant has actively pursued his judicial remedies **by filing a defective pleading** during the statutory period, or where the complainant has been **induced or tricked** by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) (emphases added; footnotes omitted). Plaintiff does not argue either

---

[1] Plaintiff has abandoned her reliance on equitable estoppel. (*Compare* ECF No. 20, PageID.579-80 (asserting equitable estoppel) *with* ECF 66, PageID3014 (relying only on equitable tolling), but then curiously cites to her prior argument that relied on equitable estoppel. (ECF No. 66, PageID.3015). Her opposition here fails to provide any argument that the ISD "took affirmative steps to prevent the plaintiff from suing in time, 'such as by hiding evidence or promising not to plead the statute of limitations.'" *Cheatom v. Quicken Loans*, 587 F. App'x 276, 280 (6th Cir. 2014) (citation omitted). Reliance on her prior argument therefore is without merit.

basis for tolling exists here.

Courts applying *Irwin* have rejected claims that an attorney's misinterpretation of the law can be a basis for tolling. For example, where a charter school asserted that it was confused about the 90-day deadline due to an alleged misdating of a due process decision by an ALJ, a district court rejected that basis for tolling because the school's attorney did not take any steps "to research or confirm the limitations deadline" under his interpretation. *Laboratory Charter Sch. v. A.L.L.*, No. CV 24-5039, 2025 WL 1667361, at *5 (E.D. Pa. June 12, 2025). The court held that the attorney's "mistake sounds in excusable neglect to which equitable tolling does not apply." *Id*. And even if there was confusion, the 90-day period provide ample time for the school "to seek clarification and file an appeal[,]" therefore this was not an extraordinary circumstance. *Id*.

Similarly, Plaintiff's due process attorney erroneously assuming that the facts in the two separate due process complaints overlapped is simply excusable neglect at best to which equitable tolling is inapplicable.² And his lack of diligence to determine if his interpretation was correct is not an extraordinary circumstance. nor did her attorney seek to timely file a civil action here to see if it was "a defective pleading" (i.e., would purportedly be subject to exhaustion, ECF No. 66, PageID.3015) and thus was "not 'prevented' from asserting [her] rights." *Id*. There is no basis to apply equitable tolling, the claim-processing rule imposing a 90-day deadline must be enforced, and Plaintiff's complaint must be dismissed.

## II.   The ISD was not responsible for developing an IEP for G.G. and implementing FAPE.

Alternatively, the IDEA claim fails because there is no material issue of fact that the ISD

---

² See also *J.T. by A.T. v. Chesapeake City Sch. Bd.*, No. 2:22-CV-347, 2023 WL 11891777, at *4 (E.D. Va. Mar. 17, 2023) ("Simply put, when an attorney's misconduct is, at best, described "as a garden variety claim of excusable neglect," *Irwin v. Dep't of Vets. Aff.*, 498 U.S. 89, 96 (1990), equitable tolling of a filing deadline is not justified[.]") (other citation omitted).

did not and was not responsible for providing special education services directly to G.G. Plaintiff erroneously argues that the ISD was directly responsible for providing services to G.G. (ECF No. 66, PageID.3008; PageID.3016). But this is incorrect.

Under the IDEA, it is KPS – not the ISD – that is the LEA that "provid[es] for the education of children with disabilities within **its jurisdiction**." 20 U.S.C. § 1414(b) (emphasis added). Plaintiff admits that G.G. was enrolled at KPS for the 2022-23 school year. (ECF No. 66, PageID.3008). Under Michigan law, KPS was the LEA responsible for identifying, evaluating, and developing an IEP to provide G.G. under Michigan law. Mich. Comp. Laws 380.1751(1) ("The **board of a local school district** shall provide special education programs and services designed to meet the individual needs of **each student with a disability in its district** . . .) (emphasis added).[3] Plaintiff's citations to IDEA or Michigan regulations about the supervisory obligations of the ISD are therefore inapposite to the clear language of the IDEA and Michigan law placing the burden on KPS to provide an IEP to G.G. and implement a FAPE.

Whether the ISD could ever be considered an LEA that has direct responsibility for providing FAPE to a particular student is not the issue. It is certainly *possible* that the ISD might be required to take on that responsibility. However, that rare scenario only comes into existence if, for example, KPS had notified the Michigan Department of Education ("MDE") that it was unable or unwilling to provide FAPE to special education students, including G.G., residing in its district. Mich. Comp. Laws 380.1702(1). And the ISD only is required to directly provide services

---

[3] Contrary to Plaintiff's citation to Mich. Comp. Law 380.1711(1)(g) (ECF No. 66, PageID.3019) (miscited at (f)), that subsection confirms that while the ISD has the authority to place a disabled student "in appropriate programs or services", the plain language makes it clear that it was KPS that was "required to provide special education programs and services under 1751." Having the authority to do something is not equivalent to being responsible for directly providing FAPE unless, under 380.1711(1)(g), the ISD had taken that step to place G.G. into a different program or service (via the Cooperative Agreement) than the one KPS offered.

if MDE "determines that a local school district **is not** providing special education programs or services" as required, KPS failed to show it is in compliance, and **only then** would MDE "direct the intermediate school district" to provide the programs and services. Mich. Comp. Laws 380.1702(3) (emphasis added). The other way the ISD could have responsibility for directly providing FAPE to G.G. would be by agreeing via its Cooperative Agreement with KPS to place G.G. at Pine Grove. Since Plaintiff does not and cannot dispute that neither exception to the general rule that KPS is responsible for providing a FAPE to G.G. occurred, the statutory precondition to the ISD being directly responsible for G.G. as a general matter is clearly not met. Thus, there is no material issue of fact that the "LEA" responsible for providing FAPE to G.G. in 2022-23 and the offer of a FAPE for 2023-24 was KPS – and not the ISD.

Plaintiff's reliance on *Henke v. E. Landing Pub. Schs.*, No. 1:25-CV-680, 2025 WL 3652906 (W.D. Mich. Dec. 17, 2025), is also misplaced. In that case, an intermediate school district's ("Ingham ISD") employee directly provided occupational therapy services to the plaintiff-student. *Id.*, at *1 ("P.H.'s occupational therapist, Stacey Turke, worked for [Ingham] ISD . . . ."). It was this fact that was dispositive for purposes of Ingham ISD's motion to dismiss. "Because [Ingham] ISD **was in some respect responsible** for providing P.H. with a free appropriate public education, [Ingham] ISD's alleged shortcomings in providing that education are reviewable by this Court." *Id.*, at *5 (emphasis added). It was the plaintiff's allegation in that case "that an [Ingham] ISD employee directly participated in P.H.'s education" that kept Ingham ISD in that civil action. *Id*. But Plaintiff cannot dispute that the record here is devoid of any evidence that the ISD "was in some respect responsible" or "directly participated" in any service or program for G.G. Thus, *Henke* is not applicable to the facts of this case.[4]

---

[4] Notably, Chief Judge Harbou expressly differentiated *Henke* from this case, and declined to opine

8

In sum, there is no material issue of fact that the ISD was not directly responsible for providing a FAPE to G.G. either under the IDEA or Michigan law. Rather, KPS as G.G.'s district of residence had that obligation and, as admitted, provided him with an IEP in 2022-23 and made an offer of a FAPE to him for the 2023-24 (albeit one Plaintiff disagreed with). Since the ISD did not, as in *Henke*, provide any services directly to G.G. and was not invited to the IEP meeting or made any recommendation as to placement, it was not the LEA responsible for a FAPE. The ISD was properly dismissed below, and Plaintiff's IDEA claim should be dismissed for this alternate reason.

**III.    Plaintiff fails to state a claim for relief under § 504 and the ADA**

Plaintiff argues that she demonstrated a *prima facie* for failure to accommodate liability. (ECF No. 66, PageID.3020).[5] She contends that she communicated her preference for G.G. to attend the ISD's Pine Grove program to KPS. (Id., PageID.3021). She then asserts that KPS did not take her preference "seriously". (Id.). She concludes with the continued speculation that the ISD "discussed the appropriateness of placing G.G. **in Pine Grove**[.]" (Id.). Her preference notwithstanding, Plaintiff never made a request for this "accommodation" (assuming such an accommodation can be made under the ADA and § 504 for a student with an IEP) to the ISD. That failure is fatal to her claims under the ADA and § 504. Alternatively, the ISD cannot be found to have been deliberately indifferent.

Plaintiff relies only on her allegations and fails to discuss or dispute the testimony in the underlying due process complaint. The testimony at the hearing was clear that ISD did not receive

---

on the question before this Court – "whether intermediate school districts, **solely by virtue of their supervisory functions**, are proper parties to actions challenging the treatment of a single student." *Id*., at *5 (citing ECF No. 47; emphasis added).

[5] Plaintiff's response waives any reliance on the intentional discrimination theory. (Id.).

9

a request for an "accommodation", i.e., placement at Pine Grove:

1. Paul Dymowski testified that he did not have any specific knowledge about G.G. (ECF No. 30-1, PageID.825, Trans., p. 692) or even spoke with Plaintiff. (Id., PageID.831, Trans., p. 714).

2. Dymowski testified that KPS never initiated the **required** needs review process through the proper channels. (ECF No. 30-1, PageID.823, Trans., p. 681).

3. Kim Fountaine confirmed in her testimony that KPS did not initiate a needs review with the ISD prior to the IEP meeting. (ECF No. 30-1, PageID.862, Trans., p. 839-40).

4. Fountaine also testified that her later conversation with the then Pine Grove's principal was not about the G.G. specifically but only about **generic** information as to whether his "skillset" would be typical of other students in the program. (Id., PageID.863, Trans., p. 841; 842 (calling about placement consideration for "any other student that we would consider")).

5. Fountaine specifically testified that "[i]t was **not disclosed**" in her conversation "**who** I was talking about." (Id., p. 841) (emphases added).

6. Plaintiff testified that her former counsel "tried" to invite the ISD, but he didn't talk directly to anyone at the ISD or Pine Grove. (ECF 61-3, PageID.2924).

7. And, lastly, Plaintiff admits that the ISD did not attend the IEP Team placement meeting convened by KPS. (ECF No. 1, PageID.28, ¶ 195; ECF No. 61-3, PageID.2928-29; PageID.2930 (the ISD did not have representative at the IEP meeting)).

There is no material dispute from the undisputed facts above that Plaintiff never made **a direct request** to the ISD to accommodate G.G. by placing him at Pine Grove. It is well-established that the ISD is not liable under either the ADA or § 504 "if the plaintiff did not request accommodation

10

or otherwise alert the covered entity to the need for accommodation." *G.E. v. Williamson Cnty. Bd. of Educ.*, 731 F. Supp. 3d 954, 992 (M.D. Tenn. 2024) (citations omitted). Because the record here undisputedly shows that Plaintiff never presented a request for placement at Pine Grove **to the ISD**, she fails to meet her burden of showing a *prima facie* case. *Carten v. Kent State Univ.*, 78 F. App'x 499, 501 (6th Cir. 2003) (summary judgment granted because plaintiff did not request an accommodation); *Dequan A., next friend of J.L. v. Whitmer*, No. 23-CV-12675, 2025 WL 2647573, at *5 (E.D. Mich. Sept. 15, 2025).

Even if Plaintiff had made an actual request for an accommodation to the ISD, she cannot show that the ISD acted with deliberate indifference, *A.J.T. v. Osseo Area Sch., Indep. Sch. Dist. No. 279*, 605 U.S. 335, 345 (2025) (quotation omitted), which the Fifth Circuit has described the standard as a "high bar[.]" *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 167 (5th Cir. 2011) (citation omitted). As discussed above, the record is clear that prior to the May 2023 IEP meeting, the ISD lacked any knowledge that Plaintiff asked KPS to consider Pine Grove as a placement option for G.G. This is because KPS admittedly did not initiate the needs review process with the ISD. The record is equally clear that neither Plaintiff nor her attorney made a request to the ISD or contacted the ISD to invite it to the IEP meeting. Lacking any knowledge of Plaintiff's preference for Pine Grove, that KPS was considering placing G.G. in its own program during the May 2023 IEP meeting, or that Plaintiff requested Pine Grove, the ISD cannot have failed to respond in a clearly unreasonable manner because it was not at that meeting. *A.J.T.*, 605 U.S. at 345 (quotation omitted). That is, the ISD cannot have disregarded any likelihood that G.G.'s federal rights would be violated. Thus, Plaintiff's ADA and § 504 claims fail for this additional reason.

## CONCLUSION

Plaintiff's civil action is untimely under 20 U.S.C. § 1415(i)(2)(A) because she filed it over three months after the expiration of the 90-day deadline. Even as a claim-processing rule, the 90-day deadline is "unalterable" and must be applied absent an equitable reason to toll it. Plaintiff's attorney's misunderstanding of the significance of the two separately docketed due process complaints is a "garden variety" type of neglect that does not warrant tolling. Thus, the Plaintiff's entire civil action must be dismissed.

Alternatively, the IDEA claim fails because it was KPS – not the ISD – that had the statutory duty under the IDEA and Michigan law to provide special education programs and services to G.G. It is undisputed that KPS did not ask the ISD to take over all special education services. It is also undisputed that KPS did not initiate the required needs review under the ISD's Cooperative Agreement to provide notice to the ISD of Plaintiff's preferred placement. In addition, the ADA and § 504 claims fail because Plaintiff admits (and the record confirms) that she never made a direct request for an accommodation to the ISD. Since the ISD lacked any knowledge of her request, it cannot have acted with deliberate indifference.

The Court should therefore grant the ISD's motion for summary judgment and dismiss Plaintiff's complaint with prejudice.

/s/ TRAVIS COMSTOCK
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant, Kent ISD

DATED: December 29, 2025

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this brief complies with the type-volume limitations of L.Civ. R. 7.2(b)(ii). The motion and brief were prepared in Microsoft Word 365, using a Times New Roman 12 pt. font. Microsoft Word 365 has a function that calculates the number of words in a document. According to that function, there are 3,995 words in this reply brief.

/s/ TRAVIS COMSTOCK
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant, Kent ISD

DATED: December 29, 2025

## CERTIFICATE OF ELECTRONIC SERVICE

TRAVIS M. COMSTOCK states that on December 29, 2025, he did serve a copy of **Defendant Kent Intermediate School District's Reply to Plaintiff's Response to Motion for Summary Judgment** on Plaintiff via the United States District Court electronic transmission system (CM/ECF).

/s/ TRAVIS COMSTOCK
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendant, Kent ISD
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7036
tcomstock@gmhlaw.com
P72025