UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.G. o/b/o G.G.
Plaintiff,

v.

KELLOGGSVILLE PUBLIC SCHOOLS, et al.,

Defendant.

Case No. 1:24-cv-833

Hon. Robert J. Jonker

## FED. R. CIV. P. 26(f) AMENDED JOINT STATUS REPORT

The parties, by and through their counsel pursuant to Fed. R. Civ. P. 26(f), present to this Court the following Amended Joint Status Report. On January 21, 2025, the Parties filed an initial Joint Status Report. ECF No. 25. On January 29, 2025, the Court entered a First Case Management Order. ECF No. 28.

On January 28, 2025, the Court issued an Order dismissing Defendant Michigan Department of Education pursuant to its Motion to Dismiss. ECF No. 26. On September 25, 2025, the remaining parties met for a voluntary facilitative mediation session. ECF No. 57. During that session, Plaintiff resolved claims against Defendant Kelloggsville Public Schools (KPS). *Id.* The Court initially ordered closing documents be filed by October 29, 2025. ECF No. 58. Per the parties' stipulation, the Court issued an initial order extending the deadline to file dismissal papers to December 12, 2025. ECF No. 59. Pursuant to a second stipulation by the parties requesting an additional extension to file the dismissal paperwork, the Court issued a second order extending the time to file dismissal papers to January 16, 2026. ECF No. 67. On December 23, 2025, Plaintiff

and Defendant KPS filed a proposed stipulation and order approving settlement agreement. ECF No. 68.

A Second Rule 16 Scheduling Conference is scheduled for January 12, 2026 at 2:00 p.m. before the Hon. Judge Robert J. Jonker. Appearing for the parties as counsel will be: Elizabeth K. Abdnour for Plaintiff and Travis Comstock for Defendant Kent Intermediate School District.

1. <u>Jurisdiction</u>: No change from prior orders.

2. <u>Jury or Non-Jury</u>: No change from Joint Status Report. ECF No. 25.

3. <u>Judicial Availability</u>: No change from Joint Status Report. ECF No. 25.

4. <u>Statement of the Case</u>:

**Plaintiff's Statement:** Plaintiff brings claims on behalf of her son, six-year-old G.G., who is diagnosed with multiple disabilities, including Autism Spectrum Disorder ("ASD"), severe cognitive impairment, oral phase dysphagia, idiopathic dysphagia, central nervous system complication, and pediatric feeding disorder. Since G.G. enrolled in Kelloggsville Public Schools ("KPS") in the Fall of the 2022-2023 school year, Kent Intermediate School District ("ISD") fundamentally underestimated and failed to meet G.G.'s needs as a learner. Kent ISD is considered a local educational agency and KPS is within its constituent districts, thereby making it responsible for G.G.'s receipt of FAPE. Despite G.G.'s mother L.G.'s persistent, vocal concerns about the inadequacy of G.G.'s accommodations and services and her repeated requests that G.G.'s IEP be updated to include relevant information about his disabilities and related educational needs from his medical team, Kent ISD failed to provide him with appropriate special education services. These failures resulted in numerous violations of G.G.'s civil rights, including violations of the IDEA, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), Title II of the Americans

with Disabilities Act ("ADA"), and the Persons with Disabilities Civil Rights Act ("PDCRA").

In November 2023, having unsuccessfully tried to get KPS and Kent ISD to meet her son's educational needs for over a year, L.G. filed a special education due process complaint against KPS, which was later amended to include Kent ISD. As relevant to this matter, L.G.'s complaint alleged that Kent ISD had failed to provide G.G. with a free and appropriate public education ("FAPE") as required under the IDEA. Although both the IDEA and the Michigan Department of Education ("MDE") clearly articulate that ISDs, like local school districts, are required to provide students with disabilities with a FAPE under the IDEA and are required to provide appropriate supervision to the local school districts to which they provide funding, the special education due process hearing officer improperly dismissed Kent ISD from the due process proceeding. During the due process proceeding, L.G. learned that KPS and Kent ISD had engaged in unlawful predetermination regarding G.G.'s educational placement, meaning that they had made a placement decision for him without her participation and input, which violates the IDEA.

A due process hearing was held in March 2024 against KPS, after which the administrative law judge ("ALJ") issued a final order regarding G.G.'s FAPE. Thus, on behalf of G.G., Plaintiff now seeks a reversal of the ALJ's order dismissing Kent ISD from the due process proceeding; an order remanding the case to the ALJ for a due process hearing against Kent ISD; and other remedies. Plaintiff also seeks remedies for Defendant Kent ISD's discrimination against G.G. as a person with a disability.

**Defendant Kent ISD's Statement**: Kent ISD was not G.G.'s local school district of resident. Plaintiff admits that G.G. resided within the geographic boundaries of

Kelloggsville Public School's. Plaintiff further admits that KPS provided an IEP to G.G. for the 2022-23 school year. Because KPS is the district of residence and is charged under Michigan law with providing G.G. with necessary special education programs and services to which he is entitled under the IDEA, it is KPS – not Kent ISD – that is operative LEA. Kent ISD's generalized supervisory duties do not make it the "LEA" for purposes of every disabled student within its geographic boundaries.

The dispositive issue here is that Plaintiff's filed this civil action nearly three months after the ALJ's decision dismissing Kent ISD from the Plaintiff's separately docketed due process complaint against Kent ISD. Plaintiff's reason for not timely filing her civil complaint – her attorney's subjective interpretation of what is a final decision – does not alter the fact that the 90-day deadline must be applied absent a basis for tolling. And there is no basis to toll that deadline because of "garden variety neglect" such as Plaintiff's counsel misinterpreting the dismissal of Kent ISD from the separately docketed due process complaint for which Plaintiff (and her attorney) were given notice of in the myriad of pleadings, orders, and the dismissal decision itself. Thus, Plaintiff's action here must be dismissed.

Even if the Court's determines that tolling excuses the missed deadline, Kent ISD is not the "LEA" responsible for providing special education programs and services to G.G. That "LEA" is Kelloggsville Public Schools under Michigan law because it is undisputed that G.G. resided in KPS's district at the relevant time. With respect to the ADA and § 504 claims, Plaintiff fails to demonstrate that she made a request to Kent ISD for any "accommodation". She, and others at the due processing hearing, confirmed that Kent ISD was not notified of her preference for the Pine Grove program and that Kent ISD did not

4

attend the May 2023 IEP meeting at which she made that preference known to KPS. The failure to make any request is fatal to those claims. As is the lack of any proof of deliberate indifference given Kent ISD's undisputed lack of knowledge. Thus, the IDEA claim along with the ADA and § 504 claims must be dismissed.

5. <u>Joinder of Parties and Amendment of Pleadings</u>: No change from prior orders.

6. <u>Disclosures and Exchanges</u>: No change from prior orders.

7. <u>Discovery</u>: No change from prior orders.

8. <u>Motions</u>: No change from prior orders.

9. <u>Alternative Dispute Resolution</u>: No change from prior orders.

10. <u>Length of Trial:</u> Counsel estimates the trial will last approximately <u>3</u> days total, allocated as follows: <u>2</u> days for Plaintiff's case including rebuttal to Defendant Kent ISD's case and <u>1</u> day for Defendant Kent ISD's case.

11. <u>Prospects of Settlement</u>: The Parties have engaged in informal settlement discussions and voluntary facilitative mediation which have not resulted in settlement.

12. <u>Electronic Document Filing System:</u> No change from Joint Status Report. ECF No. 25.

13. <u>Other</u>: N/A

Respectfully submitted,

*s/ Elizabeth K. Abdnour*
Elizabeth K. Abdnour (P78203)
Megan N. Mitchell (P87312)
ABDNOUR WEIKER LLP
325 E. Grand River Ave., Ste. 250
East Lansing, MI 48823
(517) 994-1776
liz@education-rights.com
megan@education-rights.com
*Attorneys for Plaintiffs*

*/s/ Travis Comstock*
Timothy J. Mullins
Travis Comstock
GIARMARCO, MULLINS & HORTON, PC
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7036
tmullins@gmhlaw.com
tcomstock@gmhlaw.com
*Attorneys for Defendant Kent ISD*